**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BAIS BRUCHA INC. and RABBI MORDECHAI SEKULA, | Civil Action No. 21-3239 (ZNQ) (RLS) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND REPORT AND RECOMMENDATION** |
| TOWNSHIP OF TOMS RIVER, NEW JERSEY and TOWNSHIP OF TOMS RIVER ZONING BOARD OF ADJUSTMENT, | |
| Defendants. | |

SINGH, United States Magistrate Judge.

THIS MATTER comes before the Court upon the August 5, 2022 Motion by Plaintiffs Bais Brucha Inc. ("Bais Brucha") and Rabbi Mordechai Sekula ("Rabbi Sekula") (collectively, "Plaintiffs") seeking leave to file a First Amended Complaint ("FAC") pursuant to Rule 15 of the Federal Rules of Civil Procedure (the "Motion"). (Dkt. No. 43). Specifically, Plaintiffs seek leave to amend the Complaint to include allegations concerning recent changes to the zoning code by Defendants Township of Toms River, New Jersey (the "Township") and Township of Toms River Zoning Board of Adjustment (the "Board") (collectively, "Defendants"). (*See generally* Dkt. No. 43-4). Defendants oppose the Motion, (Dkt. No. 49), to which Plaintiffs have replied, (Dkt. No. 52). The Court considers the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below, Plaintiffs' Motion for Leave to Amend is GRANTED IN PART as it pertains to Plaintiffs' proposed Counts I through VI. As applied to Count VII, the Court respectfully recommends that Plaintiffs' claim arising

under the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-12.5, (the "NJLAD") be DISMISSED.

## I.     BACKGROUND AND PROCEDURAL HISTORY

By way of background, this action arises out of Plaintiffs' allegations that Defendants prohibited Plaintiffs from constructing a synagogue on their property located at 1191 and 1181 Hickory Street in Toms River, New Jersey (the "Subject Property") by enacting discriminatory land use regulations in violation of Plaintiffs' civil rights under the Free Exercise and Equal Protection Clauses of the United States Constitution, 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc *et seq.*, ("RLUIPA"), and the NJLAD. (*See generally* Dkt. No. 1).

Plaintiffs purchased the Subject Property, located in the Township's Rural Residential ("RR") zoning district, in December of 2017 for the purpose of constructing a small synagogue, or *shul*, for Orthodox Jews. (Dkt. No. 1 at ¶¶ 2, 54). Plaintiffs allege that Defendants—in response to a rising Orthodox Jewish population in Toms River—engaged in an orchestrated campaign to prevent the growth of the Orthodox Jewish community by passing targeted and discriminatory zoning regulations to prevent synagogue construction. (Dkt. No. 1 at ¶ 3). Additionally, Plaintiffs claim the Township maintains a significant hostility toward Orthodox Jews which underlies Defendants' discriminatory actions. (Dkt. No. 1 at ¶¶ 5-6, 98-149).

On August 26, 2020, Bais Brucha applied with the Township for a zoning permit to construct a *shul* on a vacant lot adjacent to the Subject Property. (Dkt. No. 1 at ¶ 80). On September 24, 2020, the zoning application was denied as "Use not permitted in RR Zone." (*Id.* at ¶ 88). The Zoning Board of Appeals later affirmed the denial, which was a final decision without additional avenues of administrative appeal within Toms River. (Dkt. No. 1 at ¶¶ 89-94). On

September 17, 2020, the United States Department of Justice ("DOJ") completed its investigation of the Township's zoning and land use practices under RLUIPA and authorized the filing of a complaint in federal district court against the Township alleging discriminatory zoning laws against houses of worship. (Dkt. No. 1 at ¶ 150). On February 23, 2021, Plaintiffs filed the initial complaint in this civil action. (*See* Dkt. No. 1). The DOJ filed its complaint against the Township on March 10, 2021. (Dkt. No. 43-4 at ¶¶ 152-53).

On March 11, 2021, the DOJ and the Township entered into a Consent Order which required the Township to amend its land use regulations to comply with RLUIPA. (Dkt. No. 49-1 at pp. 38-65; Dkt. No. 43-4 at ¶¶ 154-59). On July 13, 2021, the Township enacted Ordinance 4700-21, which amended various zoning regulations. (Dkt. No. 43-5; Dkt. No. 43-4 at ¶ 160). Plaintiffs allege that the Township's amended zoning regulations violate the Consent Order and continue to discriminate against houses of worship and the Orthodox Jewish population. (Dkt. No. 43-4 at ¶¶ 161-96).

On April 8, 2022, Plaintiffs filed a motion to amend, seeking leave to amend the Complaint to add new allegations related to the DOJ Complaint, Consent Order, Ordinance 4700-21, and additional discrimination against houses of worship by the Township. (Dkt. No. 27). On April 19, 2022, the DOJ notified Defendants that the amended regulations failed to comply with the Consent Order. (Dkt. No. 43-4 at ¶¶ 198-99). On May 5, 2022, based on representations by the Township that they would amend the regulations to address the DOJ's concerns, the Court administratively terminated Plaintiffs' motion for leave to amend. (Dkt. No. 36).

On July 13, 2022, the Township passed Ordinance 4752-22, amending regulations concerning parking places for places of worship, off-tract parking for nonresidential uses, and ground signs. (Dkt. No. 43-6; Dkt. No. 43-4 at ¶¶ 201-02). Plaintiffs allege that Ordinance 4752-

22 did not change the parking requirements for places of worship, but rather changed the parking requirements for other nonreligious land uses to make the requirements on those other uses as burdensome as the requirements are for places of worship. (Dkt. No. 43-4 at ¶¶ 203-06). Plaintiffs further allege that the Township's amended regulations continue to discriminate against places of worship. (Dkt. No. 43-4 at ¶¶ 207-13).

On August 5, 2022, Plaintiffs filed the instant Motion, seeking leave to amend the Complaint to include allegations concerning the Township's recent zoning amendments. (Dkt. No. 43-1 at p. 7). Plaintiffs do not seek leave to amend any claims stated in the initial Complaint and the proposed amendments include only factual allegations that occurred after the filing of the initial Complaint on February 23, 2021. (*See generally* Dkt. No. 43-4).

Defendants oppose Plaintiffs' Motion. (Dkt. No. 49). Defendants argue that Plaintiffs' proposed amendments are futile "because the ordinance they seek to challenge has yet to be applied to their particular property because they have never applied under either amended ordinance." (Dkt. No. 49 at pp. 21-34). Defendants further argue that Plaintiffs' proposed amendments are barred under RLUIPA's "Safe Harbor" provision. (Dkt. No. 49 at pp. 34-36). As to Plaintiffs' NJLAD claim, Defendants allege a lack of subject matter jurisdiction. (Dkt. No. 49 at p. 34). Through their reply, Plaintiffs counter that the claims are not futile and that RLUIPA's Safe Harbor provision does not bar the proposed FAC. (*See generally* Dkt. No. 52).

Because Defendants raise a jurisdictional argument only as to Plaintiffs' NJLAD claim, Count VII, the Court will address Courts I through VI in its opinion on the Motion to Amend and Count VII in the accompanying Report and Recommendation.

## II.     MEMORANDUM OPINION ON MOTION TO AMEND (COUNTS I-VI)

### A.     Legal Standard

Plaintiffs seek leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). Rule 15(a)(1) provides for amendment as a matter of course within certain time periods. Fed. R. Civ. P. 15(a)(1). Nevertheless, a party may amend its pleading pursuant to Rule 15(a)(2) upon the opposing party's written consent or with leave of court. Fed. R. Civ. P. 15(a)(2).

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *in re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Nevertheless, the Court may, in its discretion, deny a motion for leave to amend in one of three instances: (1) the movant engaged in undue delay, bad faith, or dilatory motives; (2) the amendment would cause undue prejudice to the non-movant; or (3) amendment would be futile. *See, e.g.*, *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *BTG Int'l Ltd. v. Actavis Labs. FL, Inc.*, Civ. No. 15-5909, 2017 WL 529446, at *2 (D.N.J. Feb. 8, 2017). Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court. *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

Notable to the instant Motion, an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court applies the same standard as on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "[I]f a claim is vulnerable to a dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the

5

amendment would not cure the deficiency." *Id.* On a motion brought pursuant to Rule 12(b)(6), courts must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Factual allegations, however, must be sufficient "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) (discussing standard under *Iqbal* and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

**B.     Discussion**

In opposing the instant Motion Defendants argue that Plaintiffs' proposed amendments fail to state a claim because Plaintiff did not seek zoning applications under the amended ordinances. (Dkt. No. 49 at pp. 21-34). Defendants further claim that RLUIPA's Safe Harbor provision bars Plaintiffs' proposed FAC. (Dkt. No. 49 at pp. 34-36). Defendants do not appear to challenge Plaintiffs' proposed amendments on the basis of undue delay, bad faith, undue prejudice, or dilatory motives. Accordingly, the Court will focus its analysis on Defendants' arguments regarding futility.

Through the proposed amendments, Plaintiffs seek to include additional facts concerning the Township's recently amended zoning regulations. Plaintiffs do not seek leave to add or amend the claims themselves. In *Korb v. Haystings*, the Third Circuit discussed amended versus supplemental pleadings, finding that:

> There is a difference between amended and supplemental pleadings. Federal Rule of Civil Procedure 15(a) "provides generally for the amendment of pleadings" and functions "to enable a party to assert matters that were overlooked or were unknown at the time the party interposed the original complaint." Rule 15(a) "ensur[es] that an inadvertent error in, or omission from, an original pleading will not preclude a party from securing relief on the merits of his claim." Generally, "an amended pleading supersedes the original pleading

> and renders the original pleading a nullity." Supplemental pleadings, on the other hand, are governed by Rule 15(d), and, "rather than set forth additional events that occurred before the original complaint was filed, . . . a supplemental pleading under Rule 15(d) presents more recent events." A supplemental pleading adds post-complaint events to the operative pleading and does not supersede it.

860 Fed. App'x 222, 226 n.5 (3d Cir. 2021) (internal citations omitted) (quoting *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019)).

Here, Plaintiffs' proposed factual amendments concern "more recent events" that transpired *after* Plaintiffs filed the operative complaint in this action and are therefore properly categorized as proposed supplemental, rather than proposed amended pleadings. *See id.* Accordingly, the claims alleged within Plaintiffs' original Complaint are therefore not reviewable in the context of a motion to amend for leave to amend under Rule 15(a). *See Homesource, Corp. v. Retail Web Servs., LLC*, Civ. No. 18-11970, 2020 WL 12188147, at *13 (D.N.J. Mar. 30, 2020) ("The Court, however, reminds [the defendant] that although the Court applies the same standard as a motion to dismiss under a futility analysis, opposition to a motion to amend is not the same as an actual motion to dismiss. Given that claims III and IV are plainly asserted in the operative pleading . . . the Court will not dismiss existing claims under a motion to amend standard. If [the defendant] seeks to oppose these claims, it must file the proper motion."); *Nepomuceno v. Focus Receivables Mgmt., LLC*, Civ. No. 14-7383, 2015 WL 5608130, at *3 (D.N.J. Sept. 23, 2015) ("Any allegations included in [p]laintiff's original [c]omplaint are not reviewable in the context of this [m]otion [to amend]. Because [p]laintiff is merely adding facts and clarifying which subsections . . . [d]efendants allegedly violated, [p]laintiff's proposed amendments are not futile and shall be permitted.").

Accordingly, the Court finds that Plaintiffs' proposed amendments as they pertain to Counts I through VI are not futile and GRANTS Plaintiffs' Motion for Leave to Amend on those counts alone. Defendants, however, may reassert their arguments in a renewed motion for judgment on the pleadings. (*See* Dkt. No. 48).

## III.  REPORT AND RECOMMENDATION (COUNT VII)

In Count VII of the proposed FAC, Plaintiffs allege that Defendants violated the NJLAD by denying Plaintiffs, on the basis of religion, the opportunity to obtain the accommodations, advantages, facilities, and privileges of ownership of real property. (Dkt. No. 1 at pp. 36-37; Dkt. No. 43-4 at p. 56). Defendants, however, contend that the Court lacks subject matter jurisdiction and Plaintiffs' NJLAD claim is therefore futile. (Dkt. No. 49 at p. 34). Through their reply, Plaintiffs do not argue that the NJLAD claim is properly brought in federal court, but instead ask that any dismissal by the Court be made without prejudice. (Dkt. No. 52 at p. 17).

Pursuant to N.J.S.A. § 10:5-12.5(a), it is unlawful for a municipality "to exercise the power to regulate land use or housing in a manner that discriminates" based on, *inter alia*, creed. N.J.S.A. § 10:5-12.5(a). However, claims brought under § 10:5-12.5(a) "may only be enforced by initiating an action in Superior Court[.]" N.J.S.A. § 10:5-12.5(b). Indeed, this Court has consistently interpreted § 10:5-12.5(b) as a bar to federal subject matter jurisdiction over § 10:5-12.5(a) claims. *See, e.g.*, *Hansen Found., Inc. v. City of Atl. City*, 504 F. Supp. 3d 327, 342 (D.N.J. 2020) (citations omitted); *Kessler Inst. for Rehab., Inc. v. Mayor of Essex Fells*, 876 F. Supp. 641, 664-65 (D.N.J. 1995) ("This Court concludes that the New Jersey Superior Court has exclusive jurisdiction over [p]laintiffs' NJLAD claims. Given the strong state interests involved in land use regulation . . . it is entirely plausible that the New Jersey Legislature intended to avoid federal court interference in this area.").

Accordingly, and for the reasons stated above, the Court respectfully recommends that the District Court dismiss *sua sponte* Plaintiffs' NJLAD claim (Count VII) for lack of subject matter jurisdiction. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (citing *Carlsberg Res. Corp. v. Cambria Sav. & Loan Asso.*, 554 F.2d 1254, 1256 (3d Cir. 1977)); *see also Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983) (finding futility based on a lack of subject matter jurisdiction). The parties have fourteen (14) days to file and serve objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); L. Civ. R. 72.1(a)(2), 72.1(c)(2).

## IV.   CONCLUSION

Having considered the submissions of the parties; and for the reasons set forth above; and for good cause shown;

**IT IS, THEREFORE**, on this 3d day of November 2022,

**ORDERED** that Plaintiffs' Motion for Leave to Amend (Dkt. No. 43) is hereby **GRANTED IN PART**, as applied to Plaintiffs' proposed amended Counts I through VI; and it is further

**RECOMMENDED** that Plaintiffs' NJLAD claim (Count VII) be **DISMISSED**; and it is further

**ORDERED** that Plaintiffs shall file their First Amended Complaint within seven (7) days of resolution of the Report and Recommendation; and it is further

9

**ORDERED** that the Clerk of the Court shall terminate the Motion pending at Docket Entry Number 43 and activate this Report and Recommendation for the District Court's Review.

**SO ORDERED.**

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**