**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BAIS BRUCHA INC. and RABBI
MORDECHAI SEKULA,

          Plaintiffs,

          v.

TOWNSHIP OF TOMS RIVER, NEW
JERSEY, and TOWNSHIP OF TOMS
RIVER ZONING BOARD OF
ADJUSTMENT,

          Defendants.

Civil Action No. 21-3239 (ZNQ) (RLS)

**OPINION**

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion by Plaintiffs Bais Brucha Inc. ("Bais Brucha") and Rabbi Mordechai Sekula (collectively, "Plaintiffs") seeking leave to file a First Amended Complaint ("FAC") pursuant to Rule 15 of the Federal Rules of Civil Procedure ("Motion", ECF No. 43), and the Report and Recommendation of the Honorable Rukhsanah L. Singh, U.S.M.J. (the "Magistrate Judge") (ECF No. 53).  Defendants Township of Toms River, New Jersey (the "Township") and Township of Toms River Zoning Board of Adjustment (collectively, "Defendants") opposed the motion ("Opp'n", ECF No. 49), to which Plaintiffs replied ("Reply", ECF No. 52).  No opposition was filed to the Magistrate Judge's Report and Recommendation.

The Court has carefully considered the parties' submissions and decided the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.

1

For the reasons set forth below, the Court will adopt the Magistrate Judge's Recommendation to dismiss *sua sponte* Plaintiff's NJLAD claim in Count VII for lack of subject matter jurisdiction.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

This action was filed on February 23, 2021, and arises out of Plaintiffs' allegations that Defendants prohibited Plaintiffs from constructing a synagogue on their property located at 1191 and 1181 Hickory Street in Toms River, New Jersey (the "Subject Property") by enacting discriminatory land use regulations in violation of Plaintiffs' civil rights under the Free Exercise and Equal Protection Clauses of the United States Constitution, 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc *et seq.*, ("RLUIPA"), and the NJLAD.  (*See generally* "Compl.", ECF No. 1).

Plaintiffs purchased the Subject Property, located in the Township's Rural Residential ("RR") zoning district, in December of 2017 for the purpose of constructing a small synagogue, or *shul*, for Orthodox Jews.  (*Id*. ¶¶ 2, 54.)  Plaintiffs allege that Defendants—in response to a rising Orthodox Jewish population in Toms River—engaged in an orchestrated campaign to prevent the growth of the Orthodox Jewish community by passing targeted and discriminatory zoning regulations to prevent synagogue construction.  (*Id*. ¶ 3.)  Additionally, Plaintiffs claim the Township maintains a significant hostility toward Orthodox Jews which underlies Defendants' discriminatory actions.  (*Id*. ¶¶ 5–6, 98–149.)

On August 26, 2020, Bais Brucha applied with the Township for a zoning permit to construct a *shul* on a vacant lot adjacent to the Subject Property.  (*Id*. ¶ 80.)  On September 24, 2020, the zoning application was denied as "Use not permitted in RR Zone."  (*Id.* at ¶ 88.)  The Zoning Board of Appeals later affirmed the denial, which was a final decision without additional avenues of administrative appeal within Toms River.  (*Id*. ¶¶ 89–94.)  On September 17, 2020, the

United States Department of Justice ("DOJ") completed its investigation of the Township's zoning and land use practices under RLUIPA and authorized the filing of a complaint in federal district court against the Township alleging discriminatory zoning laws against houses of worship. (*Id*. ¶ 150.) On February 23, 2021, Plaintiffs filed the initial complaint in this civil action. (*See id*.) The DOJ filed its complaint against the Township on March 10, 2021. (*Id*. ¶¶ 152–53.)

On March 11, 2021, the DOJ and the Township entered into a Consent Order which required the Township to amend its land use regulations to comply with RLUIPA. (ECF No. 49-1 at 38-65; "Proposed FAC", ECF No. 43-4 ¶¶ 154–59.) On July 13, 2021, the Township enacted Ordinance 4700-21, which amended various zoning regulations. (ECF No. 43-5; Proposed FAC ¶ 160.) Plaintiffs allege that the Township's amended zoning regulations violate the Consent Order and continue to discriminate against houses of worship and the Orthodox Jewish population. (Proposed FAC ¶¶ 161–96.)

On April 8, 2022, Plaintiffs filed a motion to amend, seeking leave to amend the Complaint to add new allegations related to the DOJ Complaint, Consent Order, Ordinance 4700-21, and additional discrimination against houses of worship by the Township. (ECF No. 27.) On April 19, 2022, the DOJ notified Defendants that the amended regulations failed to comply with the Consent Order. (Proposed FAC ¶¶ 198–99.) On May 5, 2022, based on representations by the Township that they would amend the regulations to address the DOJ's concerns, the Court administratively terminated Plaintiffs' motion for leave to amend. (ECF No. 36.)

On July 13, 2022, the Township passed Ordinance 4752-22, amending regulations concerning parking places for places of worship, off-tract parking for nonresidential uses, and ground signs. (ECF No. 43-6; Proposed FAC ¶¶ 201–02.) Plaintiffs allege that Ordinance 4752-22 did not change the parking requirements for places of worship, but rather changed the parking

requirements for other nonreligious land uses to make the requirements on those other uses as burdensome as the requirements are for places of worship. (Proposed FAC ¶¶ 203–06.) Plaintiffs further allege that the Township's amended regulations continue to discriminate against places of worship. (Proposed FAC ¶¶ 207–13.)

On August 5, 2022, Plaintiffs filed the instant Motion, seeking leave to amend the Complaint to include allegations concerning the Township's recent zoning amendments. (ECF No. 43-1 at 7.) Plaintiffs do not seek leave to amend any claims stated in the initial Complaint and the proposed amendments include only factual allegations that occurred after the filing of the initial Complaint on February 23, 2021. (*See generally* Proposed FAC.)

In their opposition, Defendants argue that Plaintiffs' proposed amendments are futile "because the ordinance they seek to challenge has yet to be applied to their particular property because they have never applied under either amended ordinance." (Opp'n at 21–34.) Defendants further argue that Plaintiffs' proposed amendments are barred under RLUIPA's "Safe Harbor" provision. (*Id.* at 34–36.) As to Plaintiffs' NJLAD claim, Defendants allege a lack of subject matter jurisdiction. (*Id.* at 34.) Through their reply, Plaintiffs counter that the claims are not futile and that RLUIPA's Safe Harbor provision does not bar the proposed FAC. (*See generally* Reply).

On November 3, 2022, the Magistrate Judge issued an opinion that addressed the Plaintiffs' Motion. ("Opinion", ECF No. 53.) Defendants also raised a jurisdictional challenge as to Plaintiffs' NJLAD claim in Count VII, the Magistrate Judge addressed Counts I through VI in its opinion and submitted a report and recommendation to dismiss Count VII for lack of subject matter jurisdiction. (*See generally id.*)

## II. LEGAL STANDARD

When a Magistrate Judge seeks to dismiss a claim either on motion or *sua sponte*, the Magistrate Judge submits a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). "Within 14 days . . . a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); L. Civ. R. 72.1(c)(2). The district court must make a de novo determination of those portions of the Magistrate Judge's Report and Recommendation to which a litigant has filed objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); *see also State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002). The district court may then "accept, reject or modify the recommended disposition . . . ." Fed. R. Civ. P. 72(b)(3). Unlike an Opinion and Order issued by a Magistrate Judge on a non-dispositive matter, a Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. *United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

## III. DISCUSSION

In Count VII of the initial Complaint and the proposed FAC, Plaintiffs allege that Defendants violated the NJLAD by denying Plaintiffs, on the basis of religion, the opportunity to obtain the accommodations, advantages, facilities, and privileges of ownership of real property. (Compl. ¶¶ 179–182; Proposed FAC ¶¶ 240–243.) Defendants, however, contend that the Court lacks subject matter jurisdiction, and an NJLAD claim is therefore futile. (Opp'n at 34.) Although Plaintiffs do not expressly concede to not having subject matter jurisdiction for their NJLAD claims, they do not argue that subject matter jurisdiction exists. Instead, they simply request that should the Court be "inclined to dismiss Plaintiffs' claim under the NJLAD *sua sponte* based upon

Defendants' argument that such claim must be brought in state court, that said dismissal be without prejudice." (Reply at 12.) The Magistrate Judge's report and recommendation recommends that the District Court dismiss *sua sponte* Plaintiffs' NJLAD claim (Count VII) for lack of subject matter jurisdiction. (Opinion at 9.)

At the outset, it is important to note that no objections were filed in response to the Magistrate Judge's report and recommendation. As the Magistrate Judge points out, pursuant to N.J.S.A. § 10:5-12.5(a), it is unlawful for a municipality "to exercise the power to regulate land use or housing in a manner that discriminates" based on, *inter alia*, creed. N.J.S.A. § 10:5-12.5(a). The statute, however, divests federal courts of subject matter jurisdiction to hear claims of this type against the State or its alter egos and claims brought under § 10:5-12.5(a) because its language specifically states that these claims "may only be enforced by initiating an action in Superior Court[.]" N.J.S.A. § 10:5-12.5(b); *see also Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 98 (1984) (holding that a state is immune from suit under the Eleventh Amendment absent its consent to be sued). Indeed, this Court has consistently interpreted § 10:5-12.5(b) as a bar to federal subject matter jurisdiction over § 10:5-12.5(a) claims. *See, e.g.*, *Hansen Found., Inc. v. City of Atl. City*, 504 F. Supp. 3d 327, 342 (D.N.J. 2020) (citations omitted); *Kessler Inst. for Rehab., Inc. v. Mayor of Essex Fells*, 876 F. Supp. 641, 664–65 (D.N.J. 1995) ("This Court concludes that the New Jersey Superior Court has exclusive jurisdiction over [p]laintiffs' NJLAD claims. Given the strong state interests involved in land use regulation . . . it is entirely plausible that the New Jersey Legislature intended to avoid federal court interference in this area.").

Plaintiffs do not cite to any other section of the statute in their briefing to support their position for subject matter jurisdiction over its NJLAD claim, nor have Defendants consented to be sued. Given that Defendants in this case are municipal entities, and Plaintiffs are alleging that

6

they violated the NJLAD, this claim is within the exclusive jurisdiction of the New Jersey Superior Court. To be clear, the Court makes no findings with respect to the merits of Count VII. It merely concludes that this issue is one for the New Jersey Superior Court to decide. Accordingly, Count VII will be dismissed for lack of subject matter jurisdiction.

### IV.     CONCLUSION

For the reasons stated above, the Court will adopt the Magistrate Judge's Recommendation to *sua sponte* dismiss without prejudice Plaintiffs' NJLAD claim (Count VII) for lack of subject matter jurisdiction. An appropriate Order will follow.

Date: **January 9, 2023**

                                                   s/ Zahid N. Quraishi
                                                 **ZAHID N. QURAISHI**
                                                 **UNITED STATES DISTRICT JUDGE**