

# METHFESSEL & WERBEL
A Professional Corporation

JOEL N. WERBEL>
JOHN METHFESSEL, JR.>
FREDRIC PAUL GALLIN*+^
WILLIAM S. BLOOM>*
ERIC L. HARRISON*+
MATTHEW A. WERBEL>
LORI BROWN STERNBACK+
I. BLAKELEY JOHNSTONE,III+*
GINA M. STANZIALE>
PAUL J. ENDLER JR.>
JAMES P. CULLEN, JR.=^
THOMAS O. MULVIHILL>

Of Counsel
STEPHEN R. KATZMAN#
ED THORNTON>

Retired
JOHN METHFESSEL, SR.>
(1935-2017)
DON CROWLEY*+
MARC DEMBLING*+
(1944-2022)

Counsel
CHRISTINA M. ABREU+
ADAM M. CARMAN+^
SARAH K. DELAHANT+
SHAJI M. EAPEN+
JAMES FOXEN^
ANGELA M. GURRERA>
GERALD KAPLAN>
JARED P. KINGSLEY*+
JOHN R. KNODEL*+
LESLIE A. KOCH=
CHARLES T. MCCOOK, JR.*>
MARC G. MUCCIOLO>
RICHARD A. NELKE~
STEVEN K. PARNESS+
RAINA M. PITTS^
AMANDA J. SAWYER^
JARED S. SCHURE>

Associates
JILLIAN T. CLARK>
EDWARD D. DEMBLING>
MICHAEL R. EATROFF>
ANGEL M. HIERREZUELO>
ANDREW S. KARLBON>
FRANK J. KEENAN+^
SCOTT KETTERER>

Associates, Cont'd
ALLISON M. KOENKE>
KYLE A. LIVINGSTONE+
ANTHONY J. MANCUSO>
CHRISTEN E. MCCULLOUGH^
KAJAL J. PATEL+
ADAM M. SCHWARTZ+
SARAH E. SHEPP+
STEVEN A. UNTERBURGER+
LEVI E. UPDYKE+^

* Certified by the Supreme Court of
  New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
^Member of PA & NJ Bar
⚲Member of NY Bar only
>Member of NJ Bar only
#Member of NJ & LA. Bar
<Member of NJ & DC Bar
≤Member of NJ, NY & CA Bar
≥Member of NJ, PA & DC Bar
~Member of NY, NJ & DC Bar
=Member of NY, NJ & MA Bar

**Please reply to New Jersey**

January 23, 2023

<u>VIA ECF FILING</u>
Clerk, United States District Court - Trenton
Clarkson S. Fisher Fed. Bldg.
402 East State Street
Trenton, NJ 08608

RE:    **BAIS BRUCHA INC. VS. TOWNSHIP OF TOMS RIVER, ET AL.**
       Our File No.        :  90497 ELH
       Docket No.          :  3:21-CV-03239-ZNQ-RLS

Dear Sir/Madam:

Enclosed please find the following documents:

☒ Answer
☒ Designation of Trial Counsel
☒ CIS Form

Respectfully submitted,

**METHFESSEL & WERBEL, ESQS.**

Eric L. Harrison
harrison@methwerb.com
Ext. 138

ELH:ske/Encl.

2025 Lincoln Highway • Suite 200 • P.O. Box 3012 • Edison, NJ 08818 • (732) 248-4200 • FAX (732) 248-2355
112 West 34th Street • 17th Floor • New York, NY 10120 • (212) 947-1999 • FAX (212) 947-3332
One Liberty Place • 1650 Market St., 36th Floor • Philadelphia, PA 19103 • (215) 665-5622 • FAX (215) 665-5623
101 Federal Street • Suite 1900 • Boston, MA 02110 • (617) 204-5630 • FAX (617) 977-9398
www.njinslaw.com

Methfessel & Werbel, Esqs.
Page 2
Our File No. 90497 ELH


cc:     VIA EMAIL: CKC@stevenslee.com
        Christopher K. Costa, Esq.
        Stevens & Lee
        Princeton Pike Corporate Center
        100 Lenox Drive, Suite 200
        Lawrenceville, NJ 08648

        VIA EMAIL: rath@storzerlaw.com
        Sieglinde K. Rath, Esq.
        Storzer & Associates, P.C.
        1025 Connecticut Avenue
        Suite One Thousand
        Washington, D.C. 20036

Eric L. Harrison - ID #033381993
METHFESSEL & WERBEL, ESQS.
2025 Lincoln Highway, Suite 200
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
1(732) 248-2355
mailbox@methwerb.com
Attorneys for Township Of Toms River, New Jersey, And Township Of Toms River
Zoning Board Of Adjustment
Our File No.  90497 ELH

| | |
|---|---|
| BAIS BRUCHA INC. AND RABBI MORDECHAI SEKULA<br><br>Plaintiff,<br><br>V.<br><br>TOWNSHIP OF TOMS RIVER, NEW JERSEY, AND TOWNSHIP OF TOMS RIVER ZONING BOARD OF ADJUSTMENT<br><br>Defendants. | UNITED STATES DISTRICT - TRENTON<br>CIVIL ACTION NO.: 3:21-CV-03239-ZNQ-RLS<br><br><br>Civil Action<br><br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant(s), Township Of Toms River, New Jersey, And Township Of Toms River Zoning Board Of Adjustment, by way of Answer to the First Amended Complaint filed herein says:

## NATURE OF ACTION

1. Denied.

2. The Defendants cannot admit or deny the allegations contained in Paragraph 2 of the First Amended Complaint because the Defendants do not have sufficient information to form a belief as to the truth of the allegations contained in this paragraph. Plaintiffs are left to their proofs.

3. Denied.

4. Admit that houses of worship were not permitted uses in the Rural Residential Zone. Pursuant to Ordinance 4700-21, which was enacted on July 13, 2021 Houses of Worship are conditional uses in the zone.

5. Denied.

6. Denied.

7. Admit that the Township entered into a consent order and subsequently amended its land use ordinances to remedy alleged discrimination against houses of Worship. Denied that the Township Ordinances were amended to "give the appearance of compliance". The Township's Ordinances were amended and subject to the review and approval by the United States Department of Justice ("DOJ"). The Ordinances were amended and subsequently the DOJ notified the Township that the previously reviewed and approved revision may violate the consent order. This mutual oversight resulted in a subsequent revision which was again reviewed and approved by the DOJ. Denied as to the subsequent revision "continuing to discriminate against religion, were motivated by religious animus, and [has] prevented Plaintiffs from engaging in their religious exercise."

**JURISDICTION AND VENUE**

8. Admitted.

9. Admitted.

**PARTIES**

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the First Amended Complaint.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the First Amended Complaint.

12. Admitted.

13. Admitted.

## **FACTUAL ALLEGATIONS**

14. The allegations contained in Paragraph 14 of the First Amended Complaint do not pertain to these Defendants, as such these Defendants make no answers thereto. Further these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

15. The allegations contained in Paragraph 15 of the First Amended Complaint do not pertain to these Defendants, as such these Defendants make no answers thereto. Further these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

16. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 16 of the First Amended Complaint and leave Plaintiffs to their proofs.

17. The allegations contained in Paragraph 17 of the First Amended Complaint do not pertain to these Defendants, as such these Defendants make no answers thereto. Further these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

18. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 18 of the First Amended Complaint and leave Plaintiffs to their proofs.

19. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 19 of the First Amended Complaint and leave Plaintiffs to their proofs.

20. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 20 of the First Amended Complaint and leave Plaintiffs to their proofs.

21. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 21 of the First Amended Complaint and leave Plaintiffs to their proofs.

22. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 22 of the First Amended Complaint and leave Plaintiffs to their proofs.

23. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 23 of the First Amended Complaint and leave Plaintiffs to their proofs.

24. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 24 of the First Amended Complaint and leave Plaintiffs to their proofs.

25. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 25 of the First Amended Complaint and leave Plaintiffs to their proofs.

26. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 26 of the First Amended Complaint and leave Plaintiffs to their proofs.

27. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 27 of the First Amended Complaint and leave Plaintiffs to their proofs.

28. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 28 of the First Amended Complaint and leave Plaintiffs to their proofs.

29. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 29 of the First Amended Complaint and leave Plaintiffs to their proofs.

30. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 30 of the First Amended Complaint and leave Plaintiffs to their proofs.

31. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 31 of the First Amended Complaint and leave Plaintiffs to their proofs.

32. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 32 of the First Amended Complaint and leave Plaintiffs to their proofs.

33. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 33 of the First Amended Complaint and leave Plaintiffs to their proofs.

34. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 34 of the First Amended Complaint and leave Plaintiffs to their proofs.

35. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 35 of the First Amended Complaint and leave Plaintiffs to their proofs.

36. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 16 of the First Amended Complaint and leave Plaintiffs to their proofs.

37. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 37 of the First Amended Complaint and leave Plaintiffs to their proofs.

38. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 38 of the First Amended Complaint and leave Plaintiffs to their proofs.

39. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 39 of the First Amended Complaint and leave Plaintiffs to their proofs.

40. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 40 of the First Amended Complaint and leave Plaintiffs to their proofs.

41. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 41 of the First Amended Complaint and leave Plaintiffs to their proofs.

42. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 42 of the First Amended Complaint and leave Plaintiffs to their proofs.

43. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 43 of the First Amended Complaint and leave Plaintiffs to their proofs.

44. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 44 of the First Amended Complaint and leave Plaintiffs to their proofs.

45. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 45 of the First Amended Complaint and leave Plaintiffs to their proofs.

46. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 46 of the First Amended Complaint and leave Plaintiffs to their proofs.

47. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 47 of the First Amended Complaint and leave Plaintiffs to their proofs.

48. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 48 of the First Amended Complaint and leave Plaintiffs to their proofs.

49. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 49 of the First Amended Complaint and leave Plaintiffs to their proofs.

50. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 50 of the First Amended Complaint and leave Plaintiffs to their proofs.

51. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 51 of the First Amended Complaint and leave Plaintiffs to their proofs.

<u>Subject Property</u>

52.     Admitted.

53.     Admitted.

54.     Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 54 of the First Amended Complaint and leave Plaintiffs to their proofs.

55.     Admitted.

56.     Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 56 of the First Amended Complaint and leave Plaintiffs to their proofs.

57.     Admit.

<u>Applicable Land Use Regulations</u>

58. To the extent that Plaintiffs' reference a prior zoning ordinance, the Ordinance speaks for itself. Further the Ordinance referred to by Plaintiffs has been amended and was replaced by Ordinance 4700-21.

59. To the extent that Plaintiffs' reference a prior zoning ordinance, the Ordinance speaks for itself. Further the Ordinance referred to by Plaintiffs has been amended and was replaced by Ordinance 4700-21.

60. To the extent that Plaintiffs' reference a prior zoning ordinance, the Ordinance speaks for itself. Further the Ordinance referred to by Plaintiffs has been amended and was replaced by Ordinance 4700-21.

61. To the extent that Plaintiffs' reference a prior zoning ordinance, the Ordinance speaks for itself. Further the Ordinance referred to by Plaintiffs has been amended and was replaced by Ordinance 4700-21.

62. To the extent that Plaintiffs' reference a prior zoning ordinance, the Ordinance speaks for itself. Further the Ordinance referred to by Plaintiffs has been amended and was replaced by Ordinance 4700-21.

63. To the extent that Plaintiffs' reference a prior zoning ordinance, the Ordinance speaks for itself. Further the Ordinance referred to by Plaintiffs has been amended and was replaced by Ordinance 4700-21.

64. Denied. At all times relevant to this Complaint, Plaintiffs had the ability to seek a variance.

65. Admitted. However the referenced Ordinance is no longer in effect and has been replaced by Ordinance 4700-21.

66. Admitted. However the referenced Ordinance is no longer in effect and has been replaced by Ordinance 4700-21.

67. Admitted. However the referenced Ordinance is no longer in effect and has been replaced by Ordinance 4700-21 and currently allows houses of worship on a minimum lot size of 2 acres.

68. Admitted. However the referenced Ordinance is no longer in effect and has been replaced by Ordinance 4700-21. To the extent that Plaintiffs' reference a prior zoning ordinance, the Ordinance and subsections 1-12 speaks for itself.

69. Denied.

70. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 70 of the First Amended Complaint and leave Plaintiffs to their proofs.

71. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 71 of the First Amended Complaint and leave Plaintiffs to their proofs.

72. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 72 of the First Amended Complaint and leave Plaintiffs to their proofs.

73. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 73 of the First Amended Complaint and leave Plaintiffs to their proofs.

74. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 74 of the First Amended Complaint and leave Plaintiffs to their proofs.

75. Admitted. To the extent that Plaintiffs' reference a prior zoning ordinance, the Ordinance speaks for itself. Further the Ordinance referred to by Plaintiffs has been amended and was replaced by Ordinance 4700-21.

76. Admitted. To the extent that Plaintiffs' reference a prior zoning ordinance, the Ordinance speaks for itself. Further the Ordinance referred to by Plaintiffs has been amended and was replaced by Ordinance 4700-21.

77. Admitted. To the extent that Plaintiffs' reference a prior zoning ordinance, the Ordinance speaks for itself. Further the Ordinance referred to by Plaintiffs has been amended and was replaced by Ordinance 4700-21.

78. Admitted. However all conditional uses shall adhere to the standards set forth in the specific article and as set forth elsewhere in the Township Code. To the extent that

Plaintiffs' reference a prior zoning ordinance, the Ordinance speaks for itself. Further the Ordinance referred to by Plaintiffs has been amended and was replaced by Ordinance 4700-21.

79. Denied. At all times relevant to this Complaint, Plaintiffs had the ability to seek a variance.

<u>Application</u>

80. Admitted.

81. Admitted.

82. Admitted.

83.  Insofar as the allegations of Paragraph 83 do not state a claim for relief against Defendants, this Defendant makes no answer thereto, but, insofar as they may be intended to purport to set forth a claim for relief against these Defendants, they are denied.

84. Admitted.

85. Admitted.

86. Admitted. The denial also detailed various other reasons for the application's denial including the failure to obtain approval for its site plan.

87. Admitted.

88. Denied. The denial also detailed various other reasons for the application's denial including the failure to obtain approval for its site plan.

<u>Zoning Board of Appeals Decision</u>

89. Admitted.

90. Denied.

91. Insofar as the allegations of Paragraph 91 do not state a claim for relief against Defendants, this Defendant makes no answer thereto, but, insofar as they may be intended to purport to set forth a claim for relief against these Defendants, they are denied.

92. Admitted that Plaintiffs sought an exemption referencing 42 U.S.C. § 2000cc-3(e).

93. Admitted.

94. Denied. At all times relevant to this Complaint, Plaintiffs had the ability to seek a variance.

95. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 95 of the First Amended Complaint and leave Plaintiffs to their proofs.

96. Admitted insofar as a Township Code Enforcement Official responded to the property in reference to a complaint at approximately 4:05 p.m. on February 5, 2021. As to the remainder of this paragraph Defendants are without knowledge or information sufficient to admit or deny the allegations and leave Plaintiffs to their proofs.

97. Admit as to investigation and photos of vehicles being taken. Denied as to interrogation.

<u>Hostility Toward Orthodox Jews In Toms River</u>

98. Denied.

99. Denied.

100. Admit that the 2009 Ordinance required houses of worship to locate on 10 acre lots. That ordinance has since been repealed and replaced via Ordinance 4700-21 which allows houses of Worship to locate on two acre lots.

101. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 101 of the First Amended Complaint and leave Plaintiffs to their proofs.

102. Admit as to the Township zoning amendment, purchase of property, and Charles Silberberg's filing of a land development application in 2014.

103.   Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 103 of the First Amended Complaint and leave Plaintiffs to their proofs.

104.    Denied.

105.    Denied.

106.    Admitted as to Township Council's approval of ordinance 4508-16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 106.

107.    Admitted as to Township Council's approval of ordinance 4558-17.

108.    Admitted that such quotes were attributed to Mayor Kelaher. However, these quotes were not specifically Kelaher's own words.

109. Admitted that the Anti-Defamation League and Agudath Israel of America condemned quotes that were improperly attributed to Mayor Kelaher.

110. Admitted that such quotes were attributed to Mayor Kelaher. However, these quotes were not specifically Kelaher's own words.

111. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the First Amended Complaint and leaves Plaintiffs' to their proofs.

112. Insofar as the allegations of Paragraph 110 do not state a claim for relief against Defendants, this Defendant makes no answer thereto, but, insofar as they may be intended to purport to set forth a claim for relief against these Defendants, they are denied. Further Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the First Amended Complaint and leaves Plaintiffs' to their proofs.

113. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 and Plaintiffs are left to their proofs.

114. Admitted as to graffiti being located in Riverwood Park.

115. Admitted as to Police statement regarding Riverwood Park graffiti. Denied as to the remainder of Paragraph 115 of the First Amended Complaint.

116. Admitted that further graffiti was found in Riverwood Park. The Township promptly removed the damaged table.

117. The allegations contained in Paragraph 117 and subparagraphs 1-6 of the First Amended Complaint do not pertain to these Defendants, as such these Defendants make no answers thereto. Further these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

118. The allegations contained in Paragraph 118 of the First Amended Complaint do not pertain to these Defendants, as such these Defendants make no answers thereto.

Further these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

119. The allegations contained in Paragraph 119 of the First Amended Complaint do not pertain to these Defendants, as such these Defendants make no answers thereto. Further these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

120. The allegations contained in Paragraph 120 of the First Amended Complaint do not pertain to these Defendants, as such these Defendants make no answers thereto. Further these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

121. The allegations contained in Paragraph 121 and subparagraphs 1 and 2 of the First Amended Complaint do not pertain to these Defendants, as such these Defendants make no answers thereto. Further these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

122. Admit as to passing of Ordinance imposing a temporary moratorium on real estate solicitation in North Dover addressing the conduct of solicitors regardless of religious affiliation. Denied as to the remainder of Paragraph 122.

123. Denied.

124. Defendants deny the allegations contained in Paragraph 124 of the First Amended Complaint.

125. The allegations contained in Paragraph 123 as well as subparagraphs 1-3 of the First Amended Complaint do not pertain to these Defendants, as such these

Defendants make no answers thereto. Further these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

126. Denied.

127. Denied.

128. The allegations contained in Paragraph 128 as well as subparagraphs 1-4 of the First Amended Complaint do not pertain to these Defendants, as such these Defendants make no answers thereto. Further these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

129. The allegations contained in Paragraph 129 of the First Amended Complaint do not pertain to these Defendants, as such these Defendants make no answers thereto. Further these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

130. The allegations contained in Paragraph 130 and subparagraphs 1- 34 of the First Amended Complaint do not pertain to these Defendants, as such these Defendants make no answers thereto. Further these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

129. Insofar as the allegations contained in the second paragraph 129 do not state a claim for relief against these Defendants, Defendants make no answers there to. To the extent that the allegations purport to set forth a claim for relief against these Defendants, the same are denied. [1]

131. Admitted. The referendum ultimately failed when it was presented as a binding referendum in 2018.

---

[1] Plaintiff's Complaint restarts at Paragraph 129. Defendants respond to the First Amended Complaint as numbered.

132. Admitted.

133. Admitted.

134. Insofar as the allegations of Paragraph 134 do not state a claim for relief against Defendants, this Defendant makes no answer thereto, but, insofar as they may be intended to purport to set forth a claim for relief against these Defendants, they are denied.

135. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 135 of the Complaint and leave Plaintiffs to their proofs.

136. Admitted.

137. Admitted.

138. Admitted.

139. Denied.

140. Admitted insofar as to the quoted text of the report. Denied that the report is an admission of any kind.

141. Admitted. Denied that the report is an admission of any kind.

142. Admitted. Denied that the report is an admission of any kind.

143. Denied.

144. Denied. Houses of Worship are now a conditional use on lots with a two-acre minimum.

145. Admitted.

146. Denied. Houses of Worship are now a conditional use on lots with a two-acre minimum.

147. Defendants deny the allegations contained in Paragraph 147 of the complaint and leave Plaintiffs their proofs.

148.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein and leave Plaintiffs to their proofs.

149. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein and leave Plaintiffs to their proofs.

150. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein and leave Plaintiffs to their proofs.

151. Admitted.

152. Admitted insofar as to the quoted text of the report. Denied that the report is an admission of any kind.

153. To the extent that Plaintiffs are referring to the contents of a document, the Document speaks for itself.

154. To the extent that Plaintiffs are referring to the contents of a document, the Document speaks for itself.

155. To the extent that Plaintiffs are referring to the contents of a document, the Document speaks for itself.

156. To the extent that Plaintiffs are referring to the contents of a document, the Document speaks for itself.

157. To the extent that Plaintiffs are referring to the contents of a document, the Document speaks for itself.

158. To the extent that Plaintiffs are referring to the contents of a document, the Document speaks for itself.

159. To the extent that Plaintiffs are referring to the contents of a document, the Document speaks for itself.

160. Admitted.

161. Denied.

162. Denied.

163. To the extent that Plaintiffs are referring to the contents of a prior Ordinance, the Ordinance speaks for itself.

164. To the extent that Plaintiffs are referring to the contents of an Ordinance, the Ordinance speaks for itself.

165. Denied.

166. Inasmuch as the allegations of Paragraph 166 of the First Amended Complaint do not state a claim for relief against these Defendants, these Defendants make no answers thereto. Insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

167. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein and leave Plaintiffs to their proofs.

168. Denied.

169. To the extent that Plaintiffs are referring to the contents of an Ordinance, the Ordinance speaks for itself.

170. Inasmuch as the allegations of Paragraph 170 of the First Amended Complaint do not state a claim for relief against these Defendants, these Defendants make no answers thereto. Insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

171. Inasmuch as the allegations of Paragraph 172 of the First Amended Complaint do not state a claim for relief against these Defendants, these Defendants make no answers thereto. Insofar as they may be intended to purport to set forth a claim for relief against this Defendant, they are denied.

172. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein and leave Plaintiffs to their proofs.

173. Denied.

174. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein and leave Plaintiffs to their proofs.

175. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein and leave Plaintiffs to their proofs.

176. Denied.

177. To the extent that Plaintiffs are referring to the contents of an Ordinance, the Ordinance speaks for itself. Denied that the uses set forth in subparagraphs A-U are treated more favorably.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. To the extent that Plaintiffs are referring to the contents of an Ordinance, the Ordinance speaks for itself.

183. To the extent that Plaintiffs are referring to the contents of an Ordinance, the Ordinance speaks for itself.

184. To the extent that Plaintiffs are referring to the contents of an Ordinance, the Ordinance speaks for itself.

185. To the extent that Plaintiffs are referring to the contents of an Ordinance, the Ordinance speaks for itself.

186. To the extent that Plaintiffs are referring to the contents of an Ordinance, the Ordinance speaks for itself.

187. To the extent that Plaintiffs are referring to the contents of an Ordinance, the Ordinance speaks for itself.

189. To the extent that Plaintiffs are referring to the contents of an Ordinance, the Ordinance speaks for itself. As to whether such requirements are more onerous for houses of worship, those allegations are denied.

190. Denied. To the extent that Plaintiffs are referring to subparagraphs A-L in Township Ordinance(s), the Ordinance(s) speaks for itself.

191. To the extent that Plaintiffs are referring to subparagraphs A-F in Township Ordinance(s), the Ordinance(s) speaks for itself.

192. To the extent that Plaintiffs are referring to the contents of an Ordinance, the Ordinance speaks for itself.

193. To the extent that Plaintiffs are referring to the contents of an Ordinance, the Ordinance speaks for itself

194. To the extent that Plaintiffs are referring to the contents of an Ordinance, the Ordinance speaks for itself.

195. To the extent that Plaintiffs are referring to the contents of an Ordinance, the Ordinance speaks for itself.

196. Denied.

197. Admit.

198. To the extent that Plaintiffs are referring to the contents of a Document, the Document speaks for itself.

199. To the extent that Plaintiffs are referring to the contents of a Document, the Document speaks for itself.

200. Admit.

201. Admit.

202. Admit.

203. Admit. To the extent that Plaintiffs are referring to the contents of a Document, the Document speaks for itself.

204. Denied as to onerous. To the extent that Plaintiffs are referring to the contents of an Ordinance, the Ordinance speaks for itself. The Ordinance was appropriately amended after being reviewed and approved by the DOJ.

205. Denied that the Ordinance favors non-religious assembly and institutional land uses.

206. Denied. The Ordinance was appropriately amended after being reviewed and approved by the DOJ.

207. Denied.

208. Denied.

209. Denied.

210. Denied.

211. Denied.

212. Plaintiffs assert a contention of law, and as such, Defendant makes no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

213. Plaintiffs assert a contention of law, and as such, Defendant makes no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

214. Plaintiffs assert a contention of law, and as such, Defendant makes no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

215. Plaintiffs assert a contention of law, and as such, Defendant makes no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

216. Plaintiffs assert a contention of law, and as such, Defendant makes no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

217. Plaintiffs assert a contention of law, and as such, Defendant makes no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

218. Plaintiffs assert a contention of law, and as such, Defendant makes no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

219. Plaintiffs assert a contention of law, and as such, Defendant makes no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

220. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 220 and leaves Plaintiffs to their proofs.

221. Plaintiffs assert a contention of law, and as such, Defendant makes no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

222. Plaintiffs assert a contention of law, and as such, Defendant makes no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

223. Plaintiffs assert a contention of law, and as such, Defendant makes no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

224. Plaintiffs assert a contention of law, and as such, Defendant makes no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

225. Plaintiffs assert a contention of law, and as such, Defendant makes no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

226. Plaintiffs assert a contention of law, and as such, Defendant makes no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

227. Plaintiffs assert a contention of law, and as such, Defendant makes no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

## COUNT I

**Violation of Religious Land Use and Institutionalized
Persons Act of 2000 – "Substantial Burdens"
42 U.S.C. § 2000cc(a)**

228. Defendants repeat and reiterate their answers to all of the previous allegations of the Complaint with full force and effect as though more fully set forth herein at length.

229. Plaintiffs assert a contention of law, and as such, Defendant makes no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

## COUNT II

**Violation of Religious Land Use and Institutionalized Persons Act of 2000 –
"Nondiscrimination" 42 U.S.C. § 2000cc(b)(2)**

230. Defendants repeat and reiterate their answers to all of the previous allegations of the Complaint with full force and effect as though more fully set forth herein at length.

231. Plaintiffs assert a contention of law, and as such, Defendant makes no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

### COUNT III
### Violation of Religious Land Use and Institutionalized Persons Act of 2000 — "Equal terms" 42 U.S.C. § 2000cc(b)(1)

232. Defendants repeat and reiterate their answers to all of the previous allegations of the Complaint with full force and effect as though more fully set forth herein at length.

233. Plaintiffs assert a contention of law, and as such, Defendant makes no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

### COUNT IV
### Violation of Religious Land Use and Institutionalized Persons Act of 2000 42 U.S.C. § 2000cc(b)(3)(B)
### "Exclusion and Limits": Unreasonable Limitation

234. Defendants repeat and reiterate their answers to all of the previous allegations of the Complaint with full force and effect as though more fully set forth herein at length.

235. Plaintiffs assert a contention of law, and as such, Defendant makes no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.

**COUNT V**
**United States Constitution**
**Violation of 42 U.S.C. § 1983: Fourteenth**
**Amendment Equal Protection**


236.   Defendants  repeat  and  reiterate  their  answers  to  all  of  the  previous allegations  of  the  Complaint  with  full  force  and  effect  as  though  more  fully  set  forth herein at length.

237.   Plaintiffs  assert  a  contention  of  law,  and  as  such,  Defendant  makes  no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.


**COUNT VI**
**United States Constitution**
**42 U.S.C. § 1983:**
**First Amendment Free Exercise of Religion**

238.   Defendants  repeat  and  reiterate  their  answers  to  all  of  the  previous allegations  of  the  Complaint  with  full  force  and  effect  as  though  more  fully  set  forth herein at length.

239.   Plaintiffs  assert  a  contention  of  law,  and  as  such,  Defendant  makes  no response thereto. To the extent that Plaintiffs are asserting allegations of fact, same are denied.


**WHEREFORE**, Defendants, Township of Toms River and the Township of Toms River Zoning Board of Adjustment demand judgment dismissing the Plaintiffs' First Amended Complaint herein, together with the costs of suit.

**FIRST SEPARATE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND SEPARATE DEFENSE**

This Court does not have jurisdiction over all claims asserted.

**THIRD SEPARATE DEFENSE**

Any and all injuries and damages were proximately caused by actions or negligence of plaintiff or by persons not under the control of this defendant.

**FOURTH SEPARATE DEFENSE**

Any and all injuries and damages were caused solely by the intentional behavior of the plaintiff.

**FIFTH SEPARATE DEFENSE**

Defendants owed no legal duty to the plaintiff.

**SIXTH SEPARATE DEFENSE**

Defendants breached no duty owed to the plaintiff.

**SEVENTH SEPARATE DEFENSE**

Defendants performed each and every duty, if any, owed to plaintiff.

**EIGHTH SEPARATE DEFENSE**

Plaintiff has not been deprived of any right, privilege, or immunity created or recognized by the United States Constitution, the New Jersey Constitution, any statute, or any law.

**NINTH SEPARATE DEFENSE**

Defendants affirmatively and specifically plead each and every defense, limitation, and immunity, and protection provided under the New Jersey Tort Claims Act,

N.J.S.A. 59:1-1, et seq., and hereby place plaintiff on notice that each such statutory provision is hereby raised as a separate and affirmative defense throughout every stage of the case.

### TENTH SEPARATE DEFENSE

Any actions or failure to act on the part of defendants were in the nature of the discretionary activity within meaning of N.J.S.A. 59:2-3.

### ELEVENTH SEPARATE DEFENSE

Defendants are entitled to the good faith immunity established by N.J.S.A. 59:3-3.

### TWELFTH SEPARATE DEFENSE

Plaintiff failed to comply with the conditions precedent for making any claim against defendants by not filing the claim in the manner and within the time provided by N.J.S.A. 59:8-3, 59:8-4, 59:8-5, 59:8-7, and 59:8-8.

### THIRTEENTH SEPARATE DEFENSE

The plaintiff(s) failed to file a timely notice of claim as required by N.J.S.A. 59:8-8, et. seq.

### FOURTEENTH SEPARATE DEFENSE

Defendants are entitled to immunity under N.J.S.A. 59:2-2.

### FIFTEENTH SEPARATE DEFENSE

Defendants neither took nor sanctioned any of the actions alleged by plaintiff.

### SIXTEENTH SEPARATE DEFENSE

Any action or inaction on the part of defendant was the result of the exercise of judgment or discretion vested in defendants within the meaning of the applicable law.

### SEVENTEENTH SEPARATE DEFENSE

Defendant acted in good faith without malicious intent in carrying out all duties.

## EIGHTEENTH SEPARATE DEFENSE

Defendant at all times acted reasonably, in good faith, and in accordance with all applicable laws of the United States, State of New Jersey, and local ordinances.

## NINETEENTH SEPARATE DEFENSE

All of the acts of defendants were performed in good faith and defendants are therefore entitled to qualified immunity.

## TWENTIETH SEPARATE DEFENSE

Defendants are entitled to absolute immunity.

## TWENTY-FIRST SEPARATE DEFENSE

To the extent alleged, if any, defendants did not engage in a conspiracy against plaintiff and did not have a custom, plan or practice that violated Plaintiffs' rights.

## TWENTY-SECOND SEPARATE DEFENSE

Punitive damages cannot be awarded against defendants under both common law and statute.

## TWENTY-THIRD SEPARATE DEFENSE

Plaintiff is not entitled to an award of economic damages against defendants.

## TWENTY-FOURTH SEPARATE DEFENSE

Plaintiff is not entitled to an award of interest against defendants.

## TWENTY-FIFTH SEPARATE DEFENSE

Plaintiff is not entitled to an award of counsel fees against defendants.

## TWENTY-SIXTH SEPARATE DEFENSE

Defendants did not violate any duty owed to plaintiff under common law, statute, regulations, or standards.

## TWENTY-SEVENTH SEPARATE DEFENSE

Defendants were acting pursuant to law in performing any of the acts alleged in the Complaint.

## TWENTY-EIGHTH SEPARATE DEFENSE

This court lacks jurisdiction over one or more of Plaintiffs' claims.

## TWENTY-NINTH SEPARATE DEFENSE

Plaintiffs' Complaint is barred by the applicable statute of limitations.

## THIRTIETH SEPARATE DEFENSE

Plaintiffs' claims are barred by the doctrines of estoppel, laches, waiver, and/or unclean hands.

## THIRTY-FIRST SEPARATE DEFENSE

Plaintiff failed to take reasonable and necessary measures to mitigate damages.

## THIRTY-SECOND SEPARATE DEFENSE

Defendants reserve their right to assert such other affirmative defenses as continuing investigation and discovery may indicate.

## THIRTY-THIRD SEPARATE DEFENSE

Defendants had legitimate, nondiscriminatory reasons for all acts and omissions of which plaintiff complains.

## THIRTY-FOURTH SEPARATE DEFENSE

Plaintiff has failed to exhaust all available administrative remedies.

## THIRTY-FIFTH SEPARATE DEFENSE

Defendants complied with the Religious Land Use and Institutionalized Persons Act's "safe harbor" provision pursuant to 42 USCS § 2000cc-3.

## JURY DEMAND

The defendant hereby demands trial by a jury as to all issues.

**METHFESSEL & WERBEL, ESQS.**
Attorneys for Township Of Toms River,
New Jersey, And Township Of Toms River
Zoning Board Of Adjustment


By:_____
          Eric L. Harrison

DATED: January 23, 2023

## DESIGNATION OF TRIAL COUNSEL

The Court is advised that Eric L. Harrison is hereby designated as trial counsel on behalf of the defendants, Township Of Toms River, New Jersey, And Township Of Toms River Zoning Board Of Adjustment.

**METHFESSEL & WERBEL, ESQS.**
Attorneys for Township Of Toms River, New Jersey, And Township Of Toms River Zoning Board Of Adjustment

By:_____
          Eric L. Harrison

DATED: January 23, 2023

Our File No.  90497

## CERTIFICATE OF MAILING

The undersigned hereby certifies as follows:

      l.      I am employed by the law firm of Methfessel & Werbel.

      2.      On January 23, 2023 the undersigned prepared and forwarded copies of the within Answer to the following parties:

                Clerk, United States District Court - Trenton
                Clarkson S. Fisher Fed. Bldg.
                402 East State Street
                Trenton, NJ 08608

                VIA EMAIL: CKC@stevenslee.com
                Christopher K. Costa, Esq.
                Stevens & Lee
                Princeton Pike Corporate Center
                100 Lenox Drive, Suite 200
                Lawrenceville, NJ 08648

                VIA EMAIL: rath@storzerlaw.com
                Sieglinde K. Rath, Esq.
                Storzer & Associates, P.C.
                1025 Connecticut Avenue
                Suite One Thousand
                Washington, D.C. 20036

      3.  I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____

Dalton W. Herzog