# Exhibit B

METHFESSEL & WERBEL, ESQS.
2025 Lincoln Highway, Suite 200
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
1(732) 248-2355
ketterer@methwerb.com
Attorneys for Township Of Toms River, New Jersey, And Township Of Toms River Zoning Board Of Adjustment
Our File No.  90497 ELH

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| BAIS BRUCHA INC. AND RABBI MORDECHAI SEKULA<br><br>Plaintiff,<br><br>V.<br><br>TOWNSHIP OF TOMS RIVER, NEW JERSEY, AND TOWNSHIP OF TOMS RIVER ZONING BOARD OF ADJUSTMENT<br><br>Defendants. | Civil Action No. 3:21-cv-03239-ZNQ-RLS<br><br>Civil Action<br><br>**TOWNSHIP OF TOMS RIVER'S ANSWERS TO INTERROGATORIES** |
|---|---|

### **GENERAL OBJECTIONS**

1. Defendants' answers are subject to all pertinent objections as to admissibility that may be interposed at the time of trial, and no waiver is intended.

2. Defendants object generally to each and every interrogatory and/or demand for production of documents and materials insofar as each seeks information protected by the attorney-client, work product, and/or any other privileges, and/or was prepared in anticipation of litigation.

3. The fact that Defendants have responded to an interrogatory and/or demand for production of documents and materials is not to be construed as an admission or acceptance of any fact set forth or assumed by such interrogatory and/or demand. The responses and all documents/materials produced pursuant hereto are solely

for the purpose of and in relation to this suit and no dissemination of said information/documents/materials is authorized.

4. The responses are based on the knowledge of the individuals preparing them at the time they are served. Further information may be obtained, including through discovery of said individuals, prior to the trial of this matter. In that event, the responses will be supplemented, revised, or amended as required by the Rules of Court.

5. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent that they seek to impose obligations on the Defendants beyond those imposed by the Rules of Court.

6. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent they seek information not in the possession, custody, and/or control of the Defendants.

7. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent they seek information or documents which are not relevant to the issues raised in this law suit and are not reasonably calculated to lead to discovery of any admissible evidence.

8. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent that Defendants provide any governmental documents, reports, narratives, etc. the inclusion of those reports by Defendants should not be construed by any party as an adoptive admission of any sort. The inclusion of these documents on the part of these Defendants are only to be responsive to the request/demand and do not constitute an affirmation or adoption of any statement, intention, admission, etc. contained therein.

9. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent that they seek information and/or documents which were generated or prepared in anticipation of litigation, or after the commencement of this litigation.

10. Defendants object to the definitions of documents and definitions contained in interrogatory questions on the grounds that they are vague and overly broad and on the grounds that production of all documents encompassed within the definition as utilized by the propounding party herein, would be unduly burdensome and oppressive.

11. Nothing herein should be construed as an admission by these Defendants respecting the admissibility or relevance of any fact or document, or an admission as to the accuracy of any document, or an admission as to the characterization of a

12. document, or a characterization of an admission contained within the document of any kind, including but not limited to the proffering of expert reports.

12. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent that they seek information or documents not in Defendants' possession or control, and to the extent that they seek that information or documents which the propounding party had equal access or equal opportunity of access.

13. Defendants are continuing their review and investigation of this matter and reserves the right to supplement, amend, or correct any and all responses in the future if additional information is discovered or as otherwise appropriate.

14. Each and every General Objection listed above is hereby expressly incorporated into each and every response to each and every demand for production. No response shall be considered to waive these General Objections

## RESPONSES

1. Identify all individuals who assisted in or contributed to responding to all of Plaintiffs' interrogatories.

> ***RESPONSE***: *Subject to and without waiving any general objection, these interrogatories were prepared with the assistance of Counsel. In addition Assistant Township Counsel Anthony Merlino assisted in responding to these interrogatories.*

2. Please state the names and present addresses of all persons known or believed by you, your attorneys, agents, representatives, or others acting on your behalf to have knowledge of any facts which are relevant to the subject matters of this action, whether pertaining to the issue of liability or damages, or who have or are believed by you, your attorneys, agents, representatives or others to have knowledge of discoverable matters pertinent to the subject matter of this action.

> ***RESPONSE***: *Subject to and without waiving any general objection, Plaintiffs are referred to Defendants' initial disclosures which were served with Defendants demands.*

3. Please identify all of Your Communications with Plaintiffs or Plaintiffs' counsel.

> ***RESPONSE***: *See General Objections. Subject to and without waiving any objection, Plaintiffs have multiple attorneys on the matter, and this interrogatory fails to specify which attorney Plaintiff seeks communications with. Furthermore, to the extent that such communication between the parties' attorneys exists, the parties have equal access to the same.*

4. Please state the governmental purpose of minimum lot area requirements for churches and places of worship in the Township Code.

> ***RESPONSE****: See General Objections. Further Defendants object on the ground that this interrogatory seeks a legal conclusion as to governmental purpose. Subject to and without waiving any objection, the Township has an interest in maintaining the appropriate usage of land in the Township.*

5. Please state the governmental purpose of minimum lot width requirements for churches and places of worship in the Township Code.

> ***RESPONSE****: See General Objections. Further Defendants object on the ground that this interrogatory seeks a legal conclusion as to governmental purpose. Subject to and without waiving any objection, the Township has an interest in maintaining the appropriate usage of land in the Township.*

6. Please state the governmental purpose of maximum lot building coverage requirements for churches and places of worship in the Township Code.

> ***RESPONSE****: See General Objections. Further Defendants object on the ground that this interrogatory seeks a legal conclusion as to governmental purpose. Subject to and without waiving any objection, the Township has an interest in maintaining the appropriate usage of land in the Township.*

7. Please state the governmental purpose of maximum height requirements for churches and places of worship in the Township Code.

> ***RESPONSE****: See General Objections. Further Defendants object on the ground that this interrogatory seeks a legal conclusion as to governmental purpose. Subject to and without waiving any objection, the Township has an interest in maintaining the appropriate usage of land in the Township.*

8. Please state the governmental purpose of the setback requirements for churches and places of worship in the Township Code.

> ***RESPONSE****: See General Objections. Further Defendants object on the ground that this interrogatory seeks a legal conclusion as to governmental purpose. Subject to and without waiving any objection, the Township has an interest in maintaining the appropriate usage of land in the Township.*

9. Please state the governmental purpose of the Township Code's requirement that churches and places of worship must front on a street classified as a major collector, minor arterial or principal arterial roadway.

> ***RESPONSE***: *See General Objections. Further Defendants object on the ground that this interrogatory seeks a legal conclusion as to governmental purpose. Subject to and without waiving any objection, the Township has an interest in maintaining the appropriate usage of land in the Township.*

11. Please state the governmental purpose for removing churches and places of worship as a conditional use in the Rural Residential zoning district in 2009.

> ***RESPONSE***: *See General Objections. Further Defendants object on the ground that this interrogatory seeks a legal conclusion as to governmental purpose.*

12. Please identify all regulatory interests that the Township contends are furthered by the denial of Plaintiffs' Zoning Permit Application to build a place of worship on the Subject Property. For each such regulatory interest asserted, set forth in detail the nature of the interest, whether the Defendant considered any less restrictive means to achieve such interest other than denying Plaintiffs' Zoning Permit Application, if so, the reason each such less restrictive means was rejected.

> ***RESPONSE***: *See General Objections. Further Defendants object on the ground that this interrogatory seeks a legal conclusion as to governmental purpose. Subject to and without waiving any objection, the Township has an interest in maintaining its zoning plan and relevant ordinances. Plaintiff's application was woefully deficient and provided little detail for the Zoning Official to review. Such deficiencies were noted and Plaintiff was also informed that they should seek a variance. To the extent that Plaintiff needed to deviate from the existing zoning ordinance, variances are required and place no significant barrier Plaintiff's efforts to make use of their land as desired.*

13. Identify any Township official, Council member, employee, agent, and attorney who made any public statements in any capacity, whether official or unofficial, in blogs, online forums, newspapers or at civic or governmental meetings relating to the Subject Property, Plaintiffs' proposed synagogue, and/or land development related to Hasidic Jews or Orthodox Jews, whether such statements were made under the individual's actual name, an alias or anonymously, and identify any such statement.

> ***RESPONSE***: *Subject to and notwithstanding any objection, Defendant is unaware of such statements being made relative to the Subject Property. Defendants object to the balance of this interrogatory as it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant admissible evidence.*

14. Please state whether the Defendant has ever denied a land use application of any nature for a church or place of worship, and, if the answer is in the affirmative, set forth in detail the identity of the applicant, application number, date of application, requested relief, tax parcel involved, date of denial, and reason for denial.

> ***RESPONSE:*** *To answering Defendant's knowledge, none other than the instant matter and Khal Anshei. Further this interrogatory is overly broad insofar as it seeks a "land use application of any nature." Further this interrogatory fails to specify a relevant time period. Defendants reserve the right to amend this answer as discovery continues.*

15. Identify all applications that have been filed with the Township, including applications for conditional uses, variances, site plan, subdivision, building permits, rezoning, appeals, interpretations or otherwise, for religious institutions, churches, and/or places of worship within the Township.

> ***RESPONSE***: *Subject to and without waiving any objection, this interrogatory is overly broad, does not define a relevant scope, does not define "religious institutions". To the extent that this request can be reasonably understood should such information is included in Defendants' document production.*

16. Identify all lawsuits in any court to which the Township has been a party arising from any civil rights claims relating to land use; zoning; housing; real estate transactions; or compliance with federal, state, or local civil rights or nondiscrimination ordinances, statutes, or laws applicable to housing.

> **RESPONSE**: Defendants object on the ground that this interrogatory is overly broad and not reasonably calculated to lead to relevant admissible evidence. Further this interrogatory fails to specify a relevant time period. However, in an effort to be responsive to this interrogatory Defendants identify the following.
>
> 1. 1940 Route 9, LLC v. Toms River Docket No.: 3:18-cv-08008
> 2. Bais Brucha and Rabbi Mordechai Sekula v. Toms River and Toms River Zoning Board of Adjustment. Docket No.:3:21-cv-03239
> 3. Chabad Jewish Center of Toms River, Inc. and Rabbi Moshe Gourarie and The Toms River Township Zoning Board of Adjustment. Docket No.:  3:16-01599
>
> Further Plaintiff has knowledge of these matters as Plaintiff's Counsel is also handling the same matters. To the extent that there have been any omissions, Defendants reserve the right to amend this response as discovery continues.

17. Identify all persons who participated in any way in the review of Plaintiffs' Zoning Permit Application or Plaintiffs' Zoning Interpretation Application or who participated in any way in decisions relating to Plaintiffs' Zoning Permit Application or Plaintiffs' Zoning Interpretation Application including the nature and extent of each person's role.

> *RESPONSE: Subject to and notwithstanding any objection, the denial and subsequent appeal indicated the individuals who participated in the review of Plaintiff's application.*

18. Identify all meetings and events, whether public or otherwise, attended by the Township, including but not limited to meetings of the Township, meetings convened by any Township department, board, commission, official, or employee, and meetings held by any community or citizen association or group, during which Plaintiffs or Plaintiffs' Zoning Permit Application, Plaintiffs' Zoning Interpretation Application, and/or the Subject Property were discussed in any way.

> *RESPONSE: Subject to and notwithstanding any objection, the only meetings where the matter was discussed was the appeal in which Plaintiff is aware of.*

19. Please state the regulatory purpose for Ordinance No. 4752-22.

> ***RESPONSE****: See General Objections. Subject to and without waiving any objection. Defendants further object on the ground that this interrogatory seeks a legal conclusion as to "regulatory purpose". The Ordinance was crafted after a continued effort to reach a resolution with the Department of Justice. The Ordinance furthers the goal of allowing houses of worship in various zones throughout the Township on lots of two acres. This generally applicable rule balances the Township's zoning ordinances with the benefit of allowing houses of worship to locate more easily within the Township.*

20. Please provide the name and affiliation of any person who took part in the drafting of Ordinance No. 4752-22 as well as the authors or contributors to any Documents and Communication related to the Township's decision to enact Ordinance 4752-22.

> ***RESPONSE****: See General Objections. Subject to and without waiving any objection, Township Attorneys Greg McGuckin and Anthony Merlino; special counsel Marci Hamilton; Township Planner Dave Roberts; Township Engineer Bob Chankalian.*

21. Please state the regulatory purpose for Ordinance No. 4700-21.

> ***RESPONSE****: See General Objections. Subject to and without waiving any objection. Defendants further object on the ground that this interrogatory seeks a legal conclusion as to regulatory purpose". The Ordinance was crafted after a continued effort to reach a resolution with the Department of Justice. The Ordinance furthers the goal of allowing houses of worship in various zones throughout the Township on lots of two acres. This generally applicable rule balances the Township's zoning ordinances with the benefit of allowing houses of worship to locate more easily within the Township.*

22. Please provide the name and affiliation of any person who took part in the drafting, or provided comments on any drafts, of Ordinance 4700-21 as well as the authors or contributors to any Documents and Communication related to the Township's decision to enact Ordinance 4700-21.

> ***RESPONSE****: See General Objections. Subject to and without waiving any objection, Township Attorneys Greg McGuckin and Anthony Merlino; special counsel Marci Hamilton; Township Planner Dave Roberts; Township Engineer Bob Chankalian.*

23. Please state the regulatory purpose for Ordinance No. 4558-17.

**RESPONSE**: Defendants object as this interrogatory calls for a legal conclusion. However in an effort to be responsive to this request Plaintiffs are referred to the January 22, 2018 Report which is entitled "Report on Amendments to Land Use Ordinances Governing Houses of Worship."

24. Please provide the name and affiliation of any person who took part in the drafting, or provided comments or feedback on any drafts, of Ordinance 4558-17 as well as the authors or contributors to any Documents and Communication related to enact Ordinance 4558-17.

*RESPONSE: See General Objections. Subject to and without waiving any objection, Township Planner Dave Roberts and the Land Use Committee.*

25. All documents, including emails, between or among the Council and/or Township, including, but not limited to, committees as well as officials, planning professionals, employees, agents, and/or representatives, Plaintiffs, or third parties including members of the public related to any anti-semitic incidents in Toms River, including but not limited to, anti-semitic graffiti in parks and playgrounds including "Burn the Jews" at Riderwood Park, "Hitler" with a heart symbol and other anti-semitic comments at Skipper's Cove Playground and "Jews Go Back to Lakewood" at Riverwood Park.

*RESPONSE: Defendants are still conducting their review of the ESI in this matter and reserve the right to supplement or amend this response as discovery continues.*

26. Identify any Township official, Council member, employee, agent, or attorney who initiated, took part-in, supervised, or ratified the Notice of Violation and Order to Terminate issued to Plaintiffs on April 17, 2019.

*RESPONSE: See General Objections. Subject to and without waiving any objection, such notice was issued by the Zoning after investigating a complaint..*

27. Please state all facts that support your decision to issue the Notice of Violation and Order to Terminate to Plaintiffs on April 17, 2019.

*RESPONSE: See response to 26.*

28. Identify any Township official, Council member, employee, agent, and attorney who initiated, took part-in, supervised, authorized, or ratified the visit by Township employee Tony Vazquez to the Subject Property on Friday, February 5, 2021.

>*RESPONSE*: *Mr. Vazquez was dispatched on a complaint that indicated the property was being used as a rental. The Complaint was received on Feb. 2, 2021 as to piles of trash and between 40-50 people at the property on Friday through Saturday. He was to advise Stan Ferriolo of his findings as to whether the property was a rental. In short, Mr. Vazquez was performing his duties as a Code Enforcement Official responding to a complaint made regarding the property.*

29. Please state Your factual basis for dispatching Mr. Vazquez to the Subject Property on Friday, February 5, 2021.

>*RESPONSE:* *See response to 28.*

## CERTIFICATION

OUR FILE NO.: 90497

### CERTIFICATION

I hereby certify that I have read the foregoing Answers to Interrogatories and know the contents thereof; that said answers were prepared with the assistance and advice of counsel and the assistance of employees and representatives of the defendant which I have relied; that the answers set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these answers; that consequently, the party answering these Interrogatories reserves the right to make any changes in the answers if it appears at any time that the omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the said answers are true to the best of my knowledge, information and belief.

Printed Name: Louis Amoruso

Signature: _[signed]_

Title: Business Administrator

Date: 5/2/23