# Exhibit C

METHFESSEL & WERBEL, ESQS.
2025 Lincoln Highway, Suite 200
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
1(732) 248-2355
ketterer@methwerb.com
Attorneys for Township Of Toms River, New Jersey, And Township Of Toms River Zoning Board Of Adjustment
Our File No.  90497 ELH

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| BAIS BRUCHA INC. AND RABBI MORDECHAI SEKULA<br><br>Plaintiff,<br><br>V.<br><br>TOWNSHIP OF TOMS RIVER, NEW JERSEY, AND TOWNSHIP OF TOMS RIVER ZONING BOARD OF ADJUSTMENT<br><br>Defendants. | Civil Action No. 3:21-cv-03239-ZNQ-RLS<br><br>Civil Action<br><br>**TOWNSHIP OF TOMS RIVER'S RESPONSES TO PLAINTIFF'S DEMAND FOR DOCUMENTS** |
|---|---|

## GENERAL OBJECTIONS

1. Defendants' answers are subject to all pertinent objections as to admissibility that may be interposed at the time of trial, and no waiver is intended.

2. Defendants object generally to each and every interrogatory and/or demand for production of documents and materials insofar as each seeks information protected by the attorney-client, work product, and/or any other privileges, and/or was prepared in anticipation of litigation.

3. The fact that Defendants have responded to an interrogatory and/or demand for production of documents and materials is not to be construed as an admission or acceptance of any fact set forth or assumed by such interrogatory and/or demand. The responses and all documents/materials produced pursuant hereto are solely

    for the purpose of and in relation to this suit and no dissemination of said information/documents/materials is authorized.

4. The responses are based on the knowledge of the individuals preparing them at the time they are served. Further information may be obtained, including through discovery of said individuals, prior to the trial of this matter. In that event, the responses will be supplemented, revised, or amended as required by the Rules of Court.

5. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent that they seek to impose obligations on the Defendants beyond those imposed by the Rules of Court.

6. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent they seek information not in the possession, custody, and/or control of the Defendants.

7. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent they seek information or documents which are not relevant to the issues raised in this law suit and are not reasonably calculated to lead to discovery of any admissible evidence.

8. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent that Defendants provide any governmental documents, reports, narratives, etc. the inclusion of those reports by Defendants should not be construed by any party as an adoptive admission of any sort. The inclusion of these documents on the part of these Defendants are only to be responsive to the request/demand and do not constitute an affirmation or adoption of any statement, intention, admission, etc. contained therein.

9. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent that they seek information and/or documents which were generated or prepared in anticipation of litigation, or after the commencement of this litigation.

10. Defendants object to the definitions of documents and definitions contained in interrogatory questions on the grounds that they are vague and overly broad and on the grounds that production of all documents encompassed within the definition as utilized by the propounding party herein, would be unduly burdensome and oppressive.

11. Nothing herein should be construed as an admission by these Defendants respecting the admissibility or relevance of any fact or document, or an admission as to the accuracy of any document, or an admission as to the characterization of a

      document, or a characterization of an admission contained within the document of any kind, including but not limited to the proffering of expert reports.

12. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent that they seek information or documents not in Defendants' possession or control, and to the extent that they seek that information or documents which the propounding party had equal access or equal opportunity of access.

13. Defendants are continuing their review and investigation of this matter and reserves the right to supplement, amend, or correct any and all responses in the future if additional information is discovered or as otherwise appropriate.

14. Each and every General Objection listed above is hereby expressly incorporated into each and every response to each and every demand for production. No response shall be considered to waive these General Objections.

## RESPONSES

1. True and complete copies of documents referenced, identified, or reviewed by You in answering the Interrogatories.

    *RESPONSE: Plaintiff is directed to the document production in this matter.*

2. True and complete copies of all insurance policies under which a person carrying on an insurance business might be liable to pay all or part of the damages sought in this action.

    *RESPONSE: A copy of the policy is located at the Office of Methfessel & Werbel at 2025 Lincoln Highway, Suite 200, Edison NJ 08818. However, this document was previously produced to Plaintiff's Counsel .*

3. All documents provided to, received from, or prepared by each witness identified by you in connection with the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(A) or in connection with any witness identified in your answers to the Interrogatories.

    *RESPONSE: Subject to and without waiving any objection, Plaintiff is directed to the Defendants Document Production*

4. All documents referenced, relied upon, or identified in your Initial Disclosures.

   **RESPONSE**: *Subject to and without waiving any objection, Plaintiff is directed to the Defendants Document Production*

5. All documents relating to the events, facts or allegations set forth in Plaintiffs' First Amended Complaint.

   **RESPONSE**: *Defendants object as this interrogatory is vague, overbroad and not reasonably calculated to lead to the discovery of relevant admissible evidence. Furthermore, Plaintiffs complaint details a number of "events" that bear no relation to application that was denied. Subject to and without waiving any objection, Plaintiff is directed to the Defendants Document Production referring to the subject application, denial, and appeal documents in this matter.*

6. All documents relating to the information set forth in your Answer.

   **RESPONSE**: *Subject to and without waiving any objection, Plaintiff is directed to the Defendants Document Production.*

7. All documents which support your Affirmative Defenses.

   **RESPONSE**: *Subject to and without waiving any objection, Plaintiff is directed to the Defendants Document Production.*

8. All documents reflecting any visits by You to the Subject Property.

   **RESPONSE**: *Subject to and without waiving any objection, Plaintiff is directed to the Defendants Document Production. Defendants reserve the right to supplement or amend this response as discovery continues.*

9. All documents reflecting any public statements made by You regarding Plaintiffs, the Subject Property, Plaintiffs' Zoning Permit Application, and/or Plaintiffs' Zoning Interpretation Application.

   **RESPONSE**: *Subject to and without waiving any objection, there are no such documents regarding public statements made by the Township regarding Plaintiff's Application or the Subject Property.*

10. All documents, including, but not limited to, transcripts, reports, minutes, resolutions, and correspondence, of all Toms River public bodies, including, but not limited to, the Township Council, Township Planning Board, and Township committees as well as Township officials, planning professionals, employees,

agents and/or representatives, related to Plaintiffs, the Subject Property, Plaintiffs' Zoning Permit Application, and/or Plaintiffs' Zoning Interpretation Application.

*RESPONSE: Subject to and without waiving any objection, Plaintiff is directed to Defendants Document Production referring to Plaintiff's Application, Denial and Appeal, which are equally accessible among the parties.*

11. All documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of all Toms River public bodies, including, but not limited to, the Township Council, and Township committees as well as Township officials, planning professionals, employees, agents and/or representatives, related to Plaintiffs' proposed place of worship.

    **RESPONSE:** *See Response to 10.*

12. All documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of all Toms River public bodies, including, but not limited to, the Township Council, Township Planning Board, and Township committees as well as Township officials, planning professionals, employees, agents and/or representatives, related to the introduction, development, drafting, promulgation, passage and implementation of Ordinance No. 4558-17.

    **RESPONSE:** This request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant admissible evidence. Furthermore Ordinance 4558-17 was repealed and replaced pursuant to litigation with the United States Department of Justice and predates Plaintiff's application to develop its lot. However in an effort to be responsive to this request Plaintiff is directed to TOMS RIVER0001729-0001833.

13. All documents, including but not limited to, transcripts, reports, minutes, resolutions, and correspondence including emails, between or among the Council and/or Township, including, but not limited to, committees as well as officials, planning professionals, employees, agents and/or representatives, Plaintiffs, or any third parties, including members of the public related to the Township regulation of churches and places of worship, including but not limited to conditional use requirements for churches and places of worship.

    **RESPONSE**: Defendants object on the ground that this is overly burdensome Plaintiffs are directed to the Township's January 22, 2018 Report on Amendments to Land Use Ordinances Governing Houses of Worship. See TOMS RIVER0002298-0002318.

14. All documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of all Toms River public bodies, including, but not limited to, the Township Council, Township Planning Board, and Township committees as well as Township officials, planning professionals, employees, agents and/or representatives, related to the Department of Justice's ("DOJ") investigation of the Township related to the Township's zoning regulations for places of worship.

    **RESPONSE**: Plaintiffs referred to the response in demand 13.

15. All documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of all Toms River public bodies, including, but not limited to, the Township Council, Township Planning Board, and Township committees as well as Township officials, planning professionals, employees, agents and/or representatives, related to the discussions and negotiations with the DOJ related to religious land uses.

    **RESPONSE**: Defendants Object on the Ground that this request seeks attorney-client privileged communications. To the extent that this request does not seek privileged communications, Plaintiffs are directed to the Township's January 22, 2018 Report on Amendments to Land Use Ordinances Governing Houses of Worship. See TOMS RIVER0002298-0002318. Plaintiffs are also directed to the Township's meeting minutes of June 22, 2021 and adopted on July 13, 2021.

16. All documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of all Toms River public bodies, including, but not limited to, the Township Council, Township Planning Board, and Township committees as well as Township officials, planning professionals, employees, agents and/or representatives, related to the Consent Order between the Township and DOJ.

    **RESPONSE**: Defendants Object on the Ground that this request seeks attorney-client privileged communications. To the extent that this request does not seek privileged communications, Plaintiffs are directed to the Township's January 22, 2018 Report on Amendments to Land Use Ordinances Governing Houses of Worship. See TOMS RIVER0002298-0002318. Plaintiffs are also directed to the Township's meeting minutes of June 22, 2021 and adopted on July 13, 2021.

17. All documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of all Toms River public bodies, including, but not limited to, the Township Council, Township Planning Board, and Township committees as well as Township officials, planning professionals, employees, agents and/or representatives, related to changes to the Township Zoning Code pertaining to churches and places of worship after the entry of the Consent Order, including but not limited to Ordinance No. 4700-21.

    *RESPONSE: See General Objections. Subject to and without waiving any such objection, the Ordinance was passed at a public hearing and Plaintiffs are in possession of the memorializing resolution. Meeting minutes are publicly available and Plaintiffs have equal access to the same via the Township's Website at https://tomsrivertownship.com/AgendaCenter.*

18. All documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of all Toms River public bodies, including, but not limited to, the Township Council, Township Planning Board, and Township committees as well as Township officials, planning professionals, employees, agents and/or representatives, related to changes to the Township Zoning Code pertaining to churches and places of worship after the entry of the Consent Order, including but not limited to Ordinance No. 4752-22.

    *RESPONSE: See General Objections. Subject to and without waiving any such objection, the Ordinance was passed at a public hearing and Plaintiffs are in possession of the memorializing resolution. Meeting minutes are publicly available and Plaintiffs have equal access to the same via the Township's Website at https://tomsrivertownship.com/AgendaCenter.*

19. All documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of all Toms River public bodies, including, but not limited to, the Township Council, Township Planning Board, and Township committees as well as Township officials, planning professionals, employees, agents and/or representatives, related to the existence and regulation of land uses in the Rural Residential zoning district.

    *RESPONSE: See General Objections. Further it is unclear what is being requested by this interrogatory which is overly broad and not reasonably calculated to lead to relevant admissible evidence.*

20. All documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of all Toms River public bodies, including, but not limited to, the Township Council, Township Planning Board, and Township committees as well as Township officials, planning professionals, employees, agents and/or representatives, related to the regulation of churches and places of worship in the Township.

    *RESPONSE: See General Objections. Further it is unclear what is being requested by this interrogatory which is overly broad and not reasonably calculated to lead to relevant admissible evidence.*

21. A true and complete copy of the current zoning map of the Township.

    *RESPONSE: Plaintiffs are directed to Defendants' website at: https://www.tomsrivertownship.com/DocumentCenter/View/137/30-by-42-Zoning-Map-PDF Plaintiffs are also directed to TOMS RIVER0002126*

22. The current version of any zone plan, master plan, comprehensive plan or similar document of the Township.

    *RESPONSE: Plaintiffs are directed to the publicly available master plan documents: https://www.tomsrivertownship.com/281/Master-Plan-Documents.*

23. All prior versions of any zone plan, master plan, comprehensive plan or similar document of the Township from January 1, 2000 to the present.

    *RESPONSE: Plaintiffs are directed to Defendants Document Production at TOMS RIVER0000652-TOMS RIVER0001100; 0002030-2125; 0003796-3827[1]. In addition Plaintiffs are directed to the publicly available master plan documents for the Township's most recent master plan adopted in 2017 and an addendum adopted in 2019: https://www.tomsrivertownship.com/281/Master-Plan-Documents*

24. A true and complete copy of the Township Code.

    *RESPONSE: The Township Code is publicly accessible and Plaintiff is directed to https://ecode360.com/DO0275*

---

[1] 0003796-3827 can be cross-referenced with TWP004472 which was produced in the Route 9 litigation.

25. All documents relating to Plaintiffs, the Subject Property, Plaintiffs' Zoning Permit Application, and/or Plaintiffs' Zoning Interpretation Application.

    *RESPONSE: Plaintiffs are in Possession of the Application and the Denial of the same. Likewise Plaintiff is in possession of the Zoning Board Decision as both are referenced in the Complaint.*

26. All documents reflecting any and all meetings, calendar items and/or appointments relating to Plaintiffs, the Subject Property, Plaintiffs' Zoning Permit Application, and/or Plaintiffs' Zoning Interpretation Application.

    *RESPONSE: Subject to and without waiving any objection. See response to 25.*

27. All documents identifying vacant parcels of land in the Township.

    *RESPONSE: Subject to and without waiving any objection, Plaintiffs are directed to the Township's Document Production at TOMS RIVER0002127-0002197.*

28. All documents subpoenaed by You or obtained from third parties in connection with this lawsuit.

    *RESPONSE: Subject to and without waiving any objection, none.*

29. All communications between You and residents of the Township relating to the Plaintiffs, the Subject Property, Plaintiffs' Zoning Permit Application, and/or Plaintiffs' Zoning Interpretation Application.

    *RESPONSE: Subject to and without waiving any objection. Defendants are not aware of such communications and therefore no documents that are responsive to this request can be produced. Defendants reserve the right to supplement or amend this response as discovery continues.*

30. For each member of the Township Council and the Mayor for the time period of January 1, 2017 through the present date, please provide the complete downloaded account for any social media account you have maintained, including, but not limited to, Facebook, Myspace Twitter, Snapchat, Instagram, Tumblr, Reddit, LinkedIn, Whatsapp, Youtube, Tiktok, MeWe, Parler, Nextdoor, and/or Citizen page or account you maintain or maintained.

*RESPONSE: Subject to and without waiving any objection, Defendants object as this request is overly broad and not reasonably calculated to lead to relevant admissible evidence. The crux of Plaintiff's complaint is that Plaintiff's land use application was denied in September of 2020. Plaintiff did not identify when it purchased the property, but the alleged denial refers to a period beginning in August 2020 until this matter was filed in February 2021. As such this request seeks information that is far beyond the scope of the period for which damages are alleged in this matter. Furthermore, and without waiving any objection any and all such relevant documents that may be located pursuant to any e-discovery search will be provided after they are downloaded.*

31. All documents, including communications and emails, postings and messages via social media or media sites, between the Township, and any of its officials and/or employees, concerning the Plaintiffs, the Subject Property, Plaintiffs' Zoning Permit Application, and/or Plaintiffs' Zoning Interpretation Application.

    *RESPONSE: Subject to and without waiving any objection, Defendants are not aware of such communications and therefore are unable to provide such documents. Defendants reserve the right to supplement or amend this response as discovery continues.*

32. All press releases concerning this litigation and/or the Parties.

    *RESPONSE: Subject to and without waiving any objection, none.*

33. Any and all appointment books, notebooks, journals, diaries, calendars, day-timers, e-mails or other such documents that contain, evidence, describe, or refer to any facts at issue in this lawsuit.

    *RESPONSE: Subject to and without waiving any objection there are no responsive documents to this request.*

34. All documents, including but not limited to, transcripts, reports, minutes, resolutions, and correspondence including emails, between or among the Township, Township Council, any of the Township's bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives, Township Staff, and any other Persons acting or purporting to act on behalf of the Township, the Plaintiffs or any third parties, including members of the public, related to the Jewish community, Jewish persons or the Jewish religion, including the Orthodox Jewish community, persons or religion.

    **RESPONSE:** *Defendants object on the ground that this interrogatory is vague and overly broad. Subject to and without waiving any objection, Defendants direct plaintiff to Defendants to the documents produced pursuant to this request.*

*Defendants reserve the right to supplement or amend this response as discovery continues.*

35. All documents, including but not limited to, transcripts, reports, minutes, resolutions, and correspondence including emails, between or among the Council and/or Township, including, but not limited to, committees as well as officials, planning professionals, employees, agents and/or representatives, Plaintiffs, or any third parties, including members of the public related to Jews, including Orthodox Jews, moving to Toms River.

    *RESPONSE: Defendants object on the ground that this interrogatory is vague and overly broad. Subject to and without waiving any objection, Defendants direct plaintiff to Defendants to the documents produced pursuant to this request. Defendants reserve the right to supplement or amend this response as discovery continues.*

36. All documents, including but not limited to, transcripts, reports, minutes, resolutions, and correspondence including emails, between or among the Council and/or Township, including, but not limited to, committees as well as officials, planning professionals, employees, agents and/or representatives, Plaintiffs, or any third parties, including members of the public related to efforts to prevent Orthodox Jews from moving to Toms River.

    *RESPONSE: Defendants object to this request as it assumes facts not in evidence. Furthermore this discovery request demands documents not relevant to the issue of damages resulting from the denial of Plaintiff's application filed in August 2020 which was denied and subsequently denied by the Zoning Board Of Adjustment. In an effort to be responsive to Plaintiff's request Plaintiff is referred to TOMS RIVER0001952-00001956; TOMS RIVER0002009-2024; TOMS RIVER0002025-2026. RIVER0002027, 2029.*

37. All documents, including but not limited to, transcripts, reports, minutes, resolutions, and correspondence including emails, between or among the Council and/or Township, including, but not limited to, committees as well as officials, planning professionals, employees, agents and/or representatives, Plaintiffs, or any third parties, including members of the public related to efforts to prevent synagogues from being constructed in Toms River.

    *RESPONSE: Defendants object to this request as it assumes facts, is vague and overly broad. Furthermore this discovery request demands documents not relevant to the issue of damages resulting from the denial of Plaintiff's application filed in August 2020.*

38. All documents, including emails, between or among the Council and/or Township, including, but not limited to, committees as well as officials, planning professionals, employees, agents and/or representatives, Plaintiffs, or any third parties, including members of the public related to the Orthodox Jewish community in Lakewood, New Jersey.

    *RESPONSE: Defendants object to this request as it assumes facts. Subject to and without waiving any objection, Defendants are not currently aware of such documentation. Defendants reserve the right to supplement or amend this response as discovery continues. In an effort to be responsive to Plaintiff's requests, Plaintiff is directed to TOMS RIVER0001102 - TOMS RIVER0001128. In an effort to be responsive to Plaintiff's request Plaintiff is referred to TOMS RIVER0001952-00001956; TOMS RIVER0002009-2024; TOMS RIVER0002025-2026. RIVER0002027, 2029.*

39. All documents, including emails, between or among the Council and/or Township, including, but not limited to, committees as well as officials, planning professionals, employees, agents and/or representatives, Plaintiffs, or any third parties, including members of the public related to the "Toms River Strong" movement or containing the phrase "Toms River Strong."

    *RESPONSE: Defendants object to this request as it assumes facts. Subject to and without waiving any objection, Defendants are not currently aware of such documentation. Defendants reserve the right to supplement or amend this response as discovery continues.*

40. All documents, including emails, between or among the Council and/or Township, including, but not limited to, committees as well as officials, planning professionals, employees, agents and/or representatives, Plaintiffs, or any third parties, including members of the public related to "Rise Up Ocean County" or containing the phrase "Rise Up Ocean County."

    *RESPONSE: Subject to and without waiving any objection, none. In an effort to be responsive however, The Township has condemned the activity of Rise Up Ocean County and Plaintiff is referred to TOMS RIVER0002025-2026. Further Mayor Kelaher received supportive messages from groups applauding Toms River's efforts to condemn Rise Up Ocean County. TOMS RIVER0002027,2029. Plaintiff is also directed to Defendants' Document Production at TOMS RIVER0002009-2024. Similarly the Township made significant efforts to combat hate and bigotry and also passed Resolution 15 in February 2019. TOMS RIVER0001952-00001956.*

41. All documents, including, but not limited to, transcripts, reports, minutes, resolutions, and correspondence, of all Toms River public bodies, including, but not limited to, the Township Council, Township Planning Board, and Township committees as well as Township officials, planning professionals, employees, agents and/or representatives, related to Ordinance No. 4508-16.

    *RESPONSE: Plaintiffs are referred to Defendants' document production at TWP0000497-0000651; In addition the Township previously provided documents responsive to this request in separate litigation filed by Plaintiff's Counsel on USDC Docket No. 3:18-cv-08008 PHS-LHG.*

42. All documents, including emails, between or among the Council and/or Township, including, but not limited to, committees as well as officials, planning professionals, employees, agents and/or representatives, Plaintiffs, or any third parties, including members of the public related to Chabad of Toms River.

    *RESPONSE: Defendants object on the ground that the Chabad of Toms River is not relevant to the denial of Plaintiff's deficient application and failure to seek a variance for the period of August 2020 through January 2021. To the extent that such communications exist Plaintiffs are referred to the Document Production.*

43. All documents, including emails, between or among the Council and/or Township, including, but not limited to, committees as well as officials, planning professionals, employees, agents and/or representatives, Plaintiffs, or any third parties, including members of the public related to any anti-Semitic incidents in Toms River, including but not limited to, anti-semetic graffiti in parks and playgrounds including "Burn the Jews" at Riderwood Park, "Hitler" with a heart symbol and other anti-Semitic comments at Skipper's Cove Playground, and "Jews Go Back to Lakewood" at Riverwood Park.

    *RESPONSE: Subject to and without waiving any objection, Plaintiffs are directed to Defendants' document production at TOMS RIVER0002198-0002205; 0002321-2327; TOMS RIVER0004813(TWP005849);0005268(TWP005944); 0005873-5874(TWP006549-006550);0006092-6095 (TWP006768-6771).*

44. All documents, including but not limited to, transcripts, reports, minutes, resolutions, and correspondence including emails, between or among the Council and/or Township, including, but not limited to, committees as well as officials, planning professionals, employees, agents and/or representatives, Plaintiffs, or any third parties, including members of the public related to the Township's compliance with the Religious Land Use and Institutional Persons Act.

    *RESPONSE: At present Defendant is still reviewing documents demanded via Plaintiff's ESI requests. To the extent that such documentation exists in said response, the same will be produced. Defendants reserve the right to supplement or amend this response as discovery continues.*

45. All documents, including but not limited to, transcripts, reports, minutes, resolutions, and correspondence including emails, between or among the Council and/or Township, including, but not limited to, committees as well as officials, planning professionals, employees, agents and/or representatives, Plaintiffs, or any third parties, including members of the public related to Marci Hamilton.

    **RESPONSE**: Defendants object on the ground that this request is vague and seeks to uncover information that is subject to Attorney Client Privilege. However, in an effort to be responsive, Defendants attach the contract entered into with Ms. Hamilton at TOMS RIVER00001942-0001951; 0003784-3787(TWP004460-004463)

46. Copies of all Certifications of RLUIPA Training and Receipt of Consent Order (Consent Order Exhibit D) you completed.

    *RESPONSE: See General Objections, subject to and without waiving any objection, see the attached at TOMS RIVER_BB_0000027- TOMS RIVER_BB_0000112.*

47. Copies of all communications related to Notice to Future Religious Applicants (Consent Order Exhibit B), copies of all notices sent to applicants, and a list of applicants who were sent a Notice.

    *RESPONSE: See General Objections, subject to and without waiving any objection, as of the answering of this demand the Township is not aware of any such applicants since the entry of the Consent Order in this matter.*

48. All documents related to paragraph e (Reporting, Record Keeping, and Monitoring) of the Consent Order.

    *RESPONSE*: See General Objections, subject to and without waiving any objection, see the attached at TOMS RIVER_BB_0000027- TOMS RIVER_BB_0000112; TOMS RIVER_BB_0000113- TOMS RIVER_BB_0000173.

49. The Recreation and Open Space Inventory (ROSI) for the Township of Toms River, New Jersey.

    *RESPONSE*: Provided to Plaintiff's Counsel in Khal Anshei Matter on or about March 24, 2023.

50. All communications between the Township and the State of New Jersey Green Acres Program regarding the acquisition of property through eminent domain or purchase.

    *RESPONSE*: To the extent that such communications exists they will be provided with the Township's ESI Responses which are continuing.

51. All communications relating to the Township's Open Space Fund or similar fund and the acquisition of through eminent domain or purchase.

    *RESPONSE*: To the extent that such communications exists they will be provided with the Township's ESI Responses which are continuing.

52. Provide all applications made to, and all certificates granted by, the Township pursuant to N.J. Stat. Ann. § 40:55D-68 regarding land uses rendered nonconforming by the passage of the Ordinance No. 4700-21.

    *RESPONSE*: This interrogatory is best addressed by the same interrogatory served on the ZBA. To that end, Plaintiffs are referred to the ZBA answers to interrogatories.

53. Provide all applications made to, and all certificates granted by, the Township pursuant to N.J. Stat. Ann. § 40:55D-68 regarding land uses rendered nonconforming by the passage of the Ordinance No. 4752-22.

    *RESPONSE*: This interrogatory is best addressed by the same interrogatory served on the ZBA. To that end, Plaintiffs are referred to the ZBA answers to interrogatories.

54. All communications related to the Board's statement in paragraph 5 of Resolution 2021-08: "The Zoning Board of Adjustment is not a local government pursuant to RLUIPA."

    ***RESPONSE***: *This demand is best addressed by the same interrogatory served on the ZBA. To that end, Plaintiffs are referred to the ZBA answers to interrogatories and document demands.*

55. All communications related to the Board's statement in paragraph 4 of Resolution 2021-09: "The Zoning Board of Adjustment is not a local government pursuant to RLUIPA."

    ***RESPONSE***: *This demand is best addressed by the same interrogatory served on the ZBA. To that end, Plaintiffs are referred to the ZBA answers to interrogatories and document demands.*

56. All documents, including but not limited to, transcripts, reports, minutes, resolutions, and correspondence including emails, between or among the Township, Township Council, any of the Township's bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives, Township Staff, and any other Persons acting or purporting to act on behalf of the Township, the Plaintiffs or any third parties, including members of the public, related to *mikvehs*, including applications to construct, use, or establish them, including but not limited to, the applications made by St. Joseph's Roman Catholic Church in 2018 and 2015, St. Luke's Roman Catholic Church in 2013, and the Siddhivinayak Temple in 2013.

    ***RESPONSE:*** *Subject to and without waiving any such objection, Defendants are still conducting their search and reserve the right to supplement or amend this response as discovery continues.*

57. All documents and communications including enforcement records related to bans on real estate solicitation and canvassing and "No Knock" ordinances.

    ***RESPONSE***: *Subject to and without waiving any objection, Plaintiff is referred to TOMS RIVER0000171-0000422 which was produced in the Khal Anshei Matter as Toms River Document Production 3.*

58. All photographs, videotapes, audiotapes or other forms of electronic recording, sketches, reproductions, charts or maps were made with respect to anything that is relevant to the subject matter of the Plaintiffs' First Amended Complaint.

    *RESPONSE: Subject to and without waiving any objection, there are no documents responsive to this request. Furthermore, Plaintiff has an equal access to the documents submitted with the subject application, the denial and the subsequent appeal. In an effort to be responsive to this request, Plaintiff is directed to the Township's Website at the following addressed Zoning Board Agendas and Minutes: https://tomsrivertownship.com/AgendaCenter/Zoning-Board-of-Adjustment-4; Archived Township Meeting Videos https://tomsriver.viebit.com/; Council Agendas and Meeting Minutes: https://tomsrivertownship.com/AgendaCenter/Township-Council-2.*

59. All resolutions from the Township's Planning Board regarding churches and places of worship within the Township.

    *RESPONSE: Defendants object as this interrogatory fails to specify a timeline and further objects on the ground that this request is overly broad, unduly burdensome and not reasonably calculated to lead to relevant admissible evidence. Further this request goes beyond the scope of determining damages in this matter.*

60. All documents regarding applications, including applications for conditional uses, variances, site plan, subdivision, building permits, rezoning, appeals, interpretations or otherwise, for churches and places of worship within the Township.

    *RESPONSE: This demand is best directed to the ZBA.*

61. All documents and communications relating to Citizens United to Protect our Neighborhoods ("CUPON").

    *RESPONSE: Defendants are not currently aware of such documents or communications and therefore are unable to produce documents responsive to Plaintiff's complaint. Defendants reserve the right to supplement or amend this response as discovery continues.*

62. All documents related to any of the allegations in Plaintiffs' First Amended Complaint.

>**RESPONSE**: *This seeks substantially similar information as demand 5. Please refer to the response at Demand 5.*

## CERTIFICATION

OUR FILE NO.: 90497

I hereby certify that the foregoing responses to Plaintiff's Demand for Documents are true; that said responses were prepared with the assistance and advice of counsel and the assistance of employees and representatives of the defendant which I have relied; that the answers set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these answers; that consequently, the party answering these demands reserves the right to make any changes in the answers if it appears at any time that the omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the said answers are true to the best of my knowledge, information and belief.

Printed Name: Louis Amoruso

Signature: [signature]

Title: Business Administrator

Date: 5/2/23