# Exhibit D

METHFESSEL & WERBEL, ESQS.
2025 Lincoln Highway, Suite 200
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
1(732) 248-2355
ketterer@methwerb.com
Attorneys for Township Of Toms River, New Jersey, And Township Of Toms River Zoning Board Of Adjustment
Our File No. 90497 ELH

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAIS BRUCHA INC. AND RABBI MORDECHAI SEKULA<br><br>Plaintiff,<br><br>V.<br><br>TOWNSHIP OF TOMS RIVER, NEW JERSEY, AND TOWNSHIP OF TOMS RIVER ZONING BOARD OF ADJUSTMENT<br><br>Defendants. | Civil Action No. 3:21-cv-03239-ZNQ-RLS<br><br>Civil Action<br><br>**TOWNSHIP OF TOMS RIVER ZONING BOARD OF ADJUSTMENT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR DOCUMENTS** |

## **GENERAL OBJECTIONS**

1. Defendants' answers are subject to all pertinent objections as to admissibility that may be interposed at the time of trial, and no waiver is intended.

2. Defendants object generally to each and every interrogatory and/or demand for production of documents and materials insofar as each seeks information protected by the attorney-client, work product, and/or any other privileges, and/or was prepared in anticipation of litigation.

3. The fact that Defendants have responded to an interrogatory and/or demand for production of documents and materials is not to be construed as an admission or acceptance of any fact set forth or assumed by such interrogatory and/or demand. The responses and all documents/materials produced pursuant hereto are solely

for the purpose of and in relation to this suit and no dissemination of said information/documents/materials is authorized.

4. The responses are based on the knowledge of the individuals preparing them at the time they are served. Further information may be obtained, including through discovery of said individuals, prior to the trial of this matter. In that event, the responses will be supplemented, revised, or amended as required by the Rules of Court.

5. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent that they seek to impose obligations on the Defendants beyond those imposed by the Rules of Court.

6. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent they seek information not in the possession, custody, and/or control of the Defendants.

7. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent they seek information or documents which are not relevant to the issues raised in this law suit and are not reasonably calculated to lead to discovery of any admissible evidence.

8. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent that Defendants provide any governmental documents, reports, narratives, etc. the inclusion of those reports by Defendants should not be construed by any party as an adoptive admission of any sort. The inclusion of these documents on the part of these Defendants are only to be responsive to the request/demand and do not constitute an affirmation or adoption of any statement, intention, admission, etc. contained therein.

9. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent that they seek information and/or documents which were generated or prepared in anticipation of litigation, or after the commencement of this litigation.

10. Defendants object to the definitions of documents and definitions contained in interrogatory questions on the grounds that they are vague and overly broad and on the grounds that production of all documents encompassed within the definition as utilized by the propounding party herein, would be unduly burdensome and oppressive.

11. Nothing herein should be construed as an admission by these Defendants respecting the admissibility or relevance of any fact or document, or an admission as to the accuracy of any document, or an admission as to the characterization of a

      document, or a characterization of an admission contained within the document of any kind, including but not limited to the proffering of expert reports.

12. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent that they seek information or documents not in Defendants' possession or control, and to the extent that they seek that information or documents which the propounding party had equal access or equal opportunity of access.

13. Defendants are continuing their review and investigation of this matter and reserves the right to supplement, amend, or correct any and all responses in the future if additional information is discovered or as otherwise appropriate.

14. Each and every General Objection listed above is hereby expressly incorporated into each and every response to each and every demand for production. No response shall be considered to waive these General Objections.

## DOCUMENT REQUEST RESPONSES

1. True and complete copies of documents referenced, identified, or reviewed by You in answering the Interrogatories.

    *RESPONSE: Plaintiff is directed to the document production in this matter.*

2. True and complete copies of all insurance policies under which a person carrying on an insurance business might be liable to pay all or part of the damages sought in this action.

    *RESPONSE: A copy of the policy is located at the Office of Methfessel & Werbel at 2025 Lincoln Highway, Suite 200, Edison NJ 08818. However, the Policy declaration for this matter and the Companion matter in Khal Anshei was previously provided to Plaintiff's Counsel.*

3. All documents provided to, received from, or prepared by each witness identified by you in connection with the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(A) or in connection with any witness identified in your answers to the Interrogatories.

    *RESPONSE: Defendants are still reviewing a significant number of documents and have not specifically identified such communications. To the extent that such communication may be revealed during this review the same will be produced subject to any privilege that may apply. As such Plaintiffs will be referred to the document and ESI production in this matter which remains ongoing.*

4. All documents referenced, relied upon, or identified in your Initial Disclosures.

>   *RESPONSE: Defendants are still reviewing a significant number of documents and have not specifically identified such communications. To the extent that such communication may be revealed during this review the same will be produced subject to any privilege that may apply. As such Plaintiffs will be referred to the document and ESI production in this matter which remains ongoing.*

5. All documents relating to the events, facts or allegations set forth in Plaintiffs' First Amended Complaint.

>   *RESPONSE: Defendants object as this interrogatory is vague, overbroad and not reasonably calculated to lead to the discovery of relevant admissible evidence. Furthermore, Plaintiffs complaint details a number of "events" that bear no relation to application that was denied. Subject to and without waiving any objection, Plaintiff is directed to the Defendants Document Production referring to the subject application, denial, and appeal documents in this matter which Plaintiffs have equal access to.*

6. All documents relating to the information set forth in your Answer.

>   *RESPONSE: Defendants are still reviewing a significant number of documents and have not specifically identified such communications. To the extent that such communication may be revealed during this review the same will be produced subject to any privilege that may apply. As such Plaintiffs will be referred to the document and ESI production in this matter which remains ongoing.*

7. All documents which support your Affirmative Defenses.

>   *RESPONSE: Defendants are still reviewing a significant number of documents and have not specifically identified such communications. To the extent that such communication may be revealed during this review the same will be produced subject to any privilege that may apply. As such Plaintiffs will be referred to the document and ESI production in this matter which remains ongoing.*

8. All documents reflecting any public statements made by You regarding Plaintiffs, the Subject Property, Plaintiffs' Zoning Permit Application, and/or Plaintiffs' Zoning Interpretation Application.

>   *RESPONSE: Defendants object as the term public statements is not sufficiently defined. In an effort to be responsive to this request, other than the statements made in the course of the public hearing on the Plaintiff's Application, Defendant*

*has not made public statements regarding the subject property or Plaintiff's Application.*

9. All documents, including, but not limited to, transcripts, reports, minutes, resolutions, and correspondence, in Your possession, including, but not limited to, planning professionals, employees, agents and/or representatives, related to Plaintiffs' Zoning Permit Application and/or Plaintiffs' Zoning Interpretation Application to build a place of worship on the Subject Property.

> **RESPONSE:** *Plaintiffs are directed to the Township's Document Production in this matter with specific reference to the Plaintiffs application, denial and appeal which Plaintiff has equal access to.*

10. All documents, including, but not limited to, transcripts, reports, minutes, resolutions, and correspondence, in Your possession, including, but not limited to, planning professionals, employees, agents and/or representatives, related to the appeal of the denial of Plaintiffs' Zoning Permit Application to build a place of worship on the Subject Property and denial of Plaintiffs' Zoning Interpretation Application.

> **RESPONSE**: *See response to demand 9.*

11. All documents, including, but not limited to, transcripts, reports, minutes, resolutions, and correspondence, in Your possession, including, but not limited to, planning professionals, employees, agents and/or representatives, related to Plaintiffs' Zoning Permit Application and its proposed development and land use on the Subject Property.

> **RESPONSE**: *See response to demand 9.*

12. All documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence in Your possession, including, but not limited to, planning professionals, employees, agents and/or representatives, related to the Department of Justice's ("DOJ") investigation of the Township related to the Township's zoning regulations for places of worship.

> **RESPONSE**: *See response to demand 9.*

13. All documents reflecting any and all meetings, calendar items and/or appointments relating to Plaintiffs, Plaintiffs' Zoning Permit Application, Plaintiffs' Zoning Interpretation Application and/or the Subject Property.

> **RESPONSE**: *See response to demand 9.*

14. All documents subpoenaed by You or obtained from third parties in connection with this lawsuit.

>   **RESPONSE:** *No subpoenas were issued in this matter and therefore there are no documents responsive to this request.*

15. All documents, including communications and emails, postings and messages via social media or media sites, between the Board, and any of its officials and/or employees, concerning the Plaintiffs, Plaintiffs' Zoning Permit Application, Plaintiffs' Zoning Interpretation Application, and/or Plaintiffs' use or proposed use of the Subject Property.

>   **RESPONSE**: *Subject to and without waiving any objection, Defendant is not currently aware of any such mails, postings and messages via social media or media sites, between the Board, and any of its officials and/or employees, concerning the Plaintiff, Plaintiff's Application, use or proposed use of the Subject Property. Defendant reserves the right to supplement or amend this response as discovery continues.*

16. All press releases concerning this litigation and/or the Parties.

>   **RESPONSE**: *Subject to and without waiving any objection, there are no documents responsive to this request.*

17. Any and all appointment books, notebooks, journals, diaries, calendars, day-timers, e-mails or other such documents that contain, evidence, describe, or refer to any facts at issue in this lawsuit.

>   **RESPONSE**: *Subject to and without waiving any objection, there are no documents responsive to this request other than the notice of hearing in this matter which Plaintiffs have in their possession*

18. All documents, including but not limited to, transcripts, reports, minutes, resolutions, and correspondence including emails, between or among Board members, the Board, Township Council, any of the Township's bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives, Township Staff, and any other Persons acting or purporting to act on behalf of the Township, the Plaintiffs or any third parties, including members of the public, related to the Jewish community, Jewish persons or the Jewish religion, including the Orthodox Jewish community, persons or religion.

>   **RESPONSE**: *Defendants object on the ground that this request is overly broad, duplicative of the requests made to the Township and seeks documents not within the control of the Zoning Board. To the extent that any electronic communications*

> *exist, the same will be produced subsequent to the Electronically Stored Information search undertaken as part of the discovery requests in this matter. Should that search return any documents which are responsive to this demand, defendants will provide the same. Further, Defendants reserve the right to supplement or amend this response as discovery continues.*

19. All documents, including but not limited to, transcripts, reports, minutes, resolutions, and correspondence including emails, between or among Board members, the Board, Township Council, any of the Township's bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives, Township Staff, and any other Persons acting or purporting to act on behalf of the Township, the Plaintiffs or any third parties, including members of the public related to Jews, including Orthodox Jews, moving to Toms River.

   *RESPONSE: Plaintiffs are referred to the response to Demand 18.*

20. All documents, including but not limited to, transcripts, reports, minutes, resolutions, and correspondence including emails, between or among Board members, the Board, Township Council, any of the Township's bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives, Township Staff, and any other Persons acting or purporting to act on behalf of the Township, the Plaintiffs or any third parties, including members of the public related to efforts to prevent Orthodox Jews from moving to Toms River.

   *RESPONSE: Plaintiffs are referred to the response to Demand 18.*

21. All documents, including but not limited to, transcripts, reports, minutes, resolutions, and correspondence including emails, between or among Board members, the Board, Township Council, any of the Township's bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives, Township Staff, and any other Persons acting or purporting to act on behalf of the Township, the Plaintiffs or any third parties, including members of the public related to efforts to prevent synagogues from being constructed in Toms River.

   *RESPONSE: Plaintiffs are referred to the response to Demand 18.*

22. All documents, including but not limited to, transcripts, reports, minutes, resolutions, and correspondence including emails, between or among Board members, the Board, Township Council, any of the Township's bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives, Township Staff, and any other Persons acting or purporting to act on behalf of the Township, the Plaintiffs or any

third parties, including members of the public related to the Orthodox Jewish community in Lakewood, New Jersey.

   ***RESPONSE***: *Plaintiffs are referred to the response to Demand 18.*

23. All documents, including but not limited to, transcripts, reports, minutes, resolutions, and correspondence including emails, between or among Board members, the Board, Township Council, any of the Township's bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives, Township Staff, and any other Persons acting or purporting to act on behalf of the Township, the Plaintiffs or any third parties, including members of the public related to the "Toms River Strong" movement or containing the phrase "Toms River Strong."

   ***RESPONSE***: *Plaintiffs are referred to the response to Demand 18.*

24. All documents, including but not limited to, transcripts, reports, minutes, resolutions, and correspondence including emails, between or among Board members, the Board, Township Council, any of the Township's bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives, Township Staff, and any other Persons acting or purporting to act on behalf of the Township, the Plaintiffs or any third parties, including members of the public related to "Rise Up Ocean County" or containing the phrase "Rise Up Ocean County."

   ***RESPONSE***: *Plaintiffs are referred to the response to Demand 18.*

25. All documents, including emails, between or among the Board, including, but not limited to, committees as well as officials, planning professionals, employees, agents and/or representatives, Plaintiffs, or any third parties, including members of the public related to Chabad of Toms River.

   ***RESPONSE***: *Plaintiffs are referred to the response to Demand 18.*

26. All documents, including but not limited to, transcripts, reports, minutes, resolutions, and correspondence including emails, between or among the Board, including, but not limited to, committees as well as officials, planning professionals, employees, agents and/or representatives, Plaintiffs, or any third parties, including members of the public related to the ZBA's compliance with the Religious Land Use and Institutional Persons Act.

   ***RESPONSE***: *Plaintiffs are referred to the response to Demand 18.*

27. All documents, including but not limited to, transcripts, reports, minutes, resolutions, and correspondence including emails, between or among the Board, including, but not limited to, committees as well as officials, planning professionals, employees, agents and/or representatives, Plaintiffs, or any third parties, including members of the public related to Marci Hamilton.

> *RESPONSE: Defendants are still reviewing a significant number of documents and have not specifically identified such communications. To the extent that such communication may be revealed during this review the same will be produced subject to any privilege that may apply. As such Plaintiffs will be referred to the document and ESI production in this matter which remains ongoing.*

28. All photographs, videotapes, audiotapes or other forms of electronic recording, sketches, reproductions, charts or maps were made with respect to anything that is relevant to the subject matter of Plaintiffs' First Amended Complaint.

> *RESPONSE: See General Objections. Subject to and without waiving any objection, Plaintiffs are directed to the Township's Document Production in this matter.*

29. All documents related to any of the allegations in Plaintiffs' First Amended Complaint.

> *RESPONSE: Defendants object on the ground that this request is overly broad, unduly burdensome and vague. However, in an effort to be responsive to this request, the Plaintiff is directed to the Township's Document Production in this matter.*

30. All Resolutions adopted by the Board regarding churches and places of worship within the Township.

> *RESPONSE: See General Objections. Defendants object on the ground that this request fails to identify a relevant timeline and that the same is vague as to regarding churches and places of worship. As discovery remains ongoing, Defendants reserve the right to supplement or amend this response.*

31. All documents regarding applications that have been filed with the Board, including applications for conditional uses, variances, site plan, subdivision, building permits, rezoning, appeals, interpretations or otherwise, for churches, mikvahs, and places of worship within the Township.

> ***RESPONSE****: Defendants object on the ground that this request is overly broad, unduly burdensome and vague. However, in an effort to be responsive to this request and to the extent that such documentation has been provided previously to the Plaintiff. As such Plaintiff is directed to the Township's Document Production in this matter. As discovery remains ongoing, Defendants reserve the right to supplement or amend this response.*

32. All resolutions of the Board regarding churches, mikvahs, and places of worship within the Township.

> ***RESPONSE****: Defendants object on the ground that this request is overly broad, unduly burdensome and vague. However, in an effort to be responsive to this request and to the extent that such documentation has been provided previously to the Plaintiff. As such Plaintiff is directed to the Township's Document Production in this matter. As discovery remains ongoing, Defendants reserve the right to supplement or amend this response.*

33. Any documents provided to a state or federal agency related to an investigation of either Defendant.

> ***RESPONSE****: Defendants object on the ground that this request is overly broad, unduly burdensome and vague. As discovery remains ongoing, Defendants reserve the right to supplement or amend this response.*

34. Provide all applications made to, and all certificates granted by, the Board pursuant to N.J. Stat. Ann.§ 40:55D-68 regarding land uses rendered nonconforming by the passage of the Ordinance No. 4700-21.

> ***RESPONSE****: See General Objections. Subject to and without waiving any objection. To date, the Board has not received any applications seeking a Certificate of Non-Conformity as a result of the passage of Ordinance No. 4700-21.*

35. Provide all applications made to, and all certificates granted by, the Board pursuant to N.J. Stat. Ann. § 40:55D-68 regarding land uses rendered nonconforming by the passage of the Ordinance No. 4752-22.

> ***RESPONSE:*** *See General Objections. Subject to and without waiving any objection. To date, the Board has not received any applications seeking a Certificate of Non-Conformity as a result of the passage of Ordinance No. Ordinance No. 4752-22.*

36. Copies of all Certifications of RLUIPA Training and Receipt of Consent Order (Consent Order Exhibit D) you completed.

> ***RESPONSE****: See General Objections. Subject to and without waiving any objection, these documents are not in the Board's possession and upon information and belief will be produced by the Township in its document production.*

37. Copies of all communications related to Notice to Future Religious Applicants (Consent Order Exhibit B), copies of all notices sent to applicants, and a list of applicants who were sent a Notice.

> ***RESPONSE****: See General Objections. Subject to and without waiving any objection – such notices have not been sent. To the extent that the Board receives such applications the Board reserves the right to supplement or amend this response.*

38. All documents related to paragraph e (Reporting, Record Keeping, and Monitoring) of the Consent Order.

> ***RESPONSE****: See Response to 36.*

# CERTIFICATION

OUR FILE NO.: 90497

I hereby certify that the foregoing responses to Plaintiff's Demand for Documents are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

I hereby certify that the copies of the reports annexed hereto provided by either treating physicians or proposed expert witnesses are exact copies of the entire report or reports provided; that the existence of other reports of said doctors or experts, either written or oral, are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

Printed Name: Melissa Benedetto

Signature: *(signed)* Melissa Benedetto

Title: Zoning Board of Adjustment Sec.

Date: 5-8-23