# Exhibit E

METHFESSEL & WERBEL, ESQS.
2025 Lincoln Highway, Suite 200
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
1(732) 248-2355
ketterer@methwerb.com
 Attorneys for Township Of Toms River, New Jersey, And Township Of Toms River Zoning Board Of Adjustment
Our File No.  90497 ELH

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| BAIS BRUCHA INC. AND RABBI MORDECHAI SEKULA<br><br>Plaintiff,<br><br>V.<br><br>TOWNSHIP OF TOMS RIVER, NEW JERSEY, AND TOWNSHIP OF TOMS RIVER ZONING BOARD OF ADJUSTMENT<br><br>Defendants. | Civil Action No. 3:21-cv-03239-ZNQ-RLS<br><br>Civil Action<br><br>**TOWNSHIP OF TOMS RIVER ZONING BOARD OF ADJUSTMENT'S RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES** |
|---|---|

## **GENERAL OBJECTIONS**

1. Defendants' answers are subject to all pertinent objections as to admissibility that may be interposed at the time of trial, and no waiver is intended.

2. Defendants object generally to each and every interrogatory and/or demand for production of documents and materials insofar as each seeks information protected by the attorney-client, work product, and/or any other privileges, and/or was prepared in anticipation of litigation.

3. The fact that Defendants have responded to an interrogatory and/or demand for production of documents and materials is not to be construed as an admission or acceptance of any fact set forth or assumed by such interrogatory and/or demand. The responses and all documents/materials produced pursuant hereto are solely

for the purpose of and in relation to this suit and no dissemination of said information/documents/materials is authorized.

4. The responses are based on the knowledge of the individuals preparing them at the time they are served. Further information may be obtained, including through discovery of said individuals, prior to the trial of this matter. In that event, the responses will be supplemented, revised, or amended as required by the Rules of Court.

5. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent that they seek to impose obligations on the Defendants beyond those imposed by the Rules of Court.

6. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent they seek information not in the possession, custody, and/or control of the Defendants.

7. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent they seek information or documents which are not relevant to the issues raised in this law suit and are not reasonably calculated to lead to discovery of any admissible evidence.

8. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent that Defendants provide any governmental documents, reports, narratives, etc. the inclusion of those reports by Defendants should not be construed by any party as an adoptive admission of any sort. The inclusion of these documents on the part of these Defendants are only to be responsive to the request/demand and do not constitute an affirmation or adoption of any statement, intention, admission, etc. contained therein.

9. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent that they seek information and/or documents which were generated or prepared in anticipation of litigation, or after the commencement of this litigation.

10. Defendants object to the definitions of documents and definitions contained in interrogatory questions on the grounds that they are vague and overly broad and on the grounds that production of all documents encompassed within the definition as utilized by the propounding party herein, would be unduly burdensome and oppressive.

11. Nothing herein should be construed as an admission by these Defendants respecting the admissibility or relevance of any fact or document, or an admission as to the accuracy of any document, or an admission as to the characterization of a

   document, or a characterization of an admission contained within the document of any kind, including but not limited to the proffering of expert reports.

12. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent that they seek information or documents not in Defendants' possession or control, and to the extent that they seek that information or documents which the propounding party had equal access or equal opportunity of access.

13. Defendants are continuing their review and investigation of this matter and reserves the right to supplement, amend, or correct any and all responses in the future if additional information is discovered or as otherwise appropriate.

14. Each and every General Objection listed above is hereby expressly incorporated into each and every response to each and every demand for production. No response shall be considered to waive these General Objections.

## RESPONSES

1. Identify all individuals who assisted in or contributed to responding to all of Plaintiffs' interrogatories.

   *RESPONSE:  Subject to and without waiving any objection. Board Secretary Melissa Benedetto contributed to these responses with the assistance of counsel.*

2. Please state the names and present addresses of all persons known or believed by you, your attorneys, agents, representatives, or others acting on your behalf to have knowledge of any facts which are relevant to the subject matters of this action, whether pertaining to the issue of liability or damages, or who have or are believed by you, your attorneys, agents, representatives or others to have knowledge of discoverable matters pertinent to the subject matter of this action.

   *RESPONSE: Subject to and without waiving any general objection, Plaintiffs are referred to Defendants' initial disclosures which were served with Defendants demands.*

3. Please list all communications, including emails, between or among the Board and any of its officials, officers, members, employees, consultants, contractors, agents, and representatives, Staff, and any other Persons acting or purporting to act on behalf of the Board, the Plaintiff, or any third parties relating to the regulation of religious land uses in the Township.

   *RESPONSE:  This interrogatory is an instruction and furthermore requests substantially similar information to that which is requested in Plaintiffs' document demands. To that end, and to the extent that such communications exist,*

> *Plaintiff is directed to the Township's Document Production. In addition Document Production is being conducted on a rolling basis and to that end the Zoning Board shall rely on the document production.*

4. Please list all communications, including emails, between or among the Board, among the Board and any of its officials, officers, members, employees, consultants, contractors, agents, and representatives, Staff, and any other Persons acting or purporting to act on behalf of the Township, the Plaintiff, or any third parties relating to Plaintiffs' Zoning Permit Application or Plaintiffs Zoning Interpretation Application or both. For each such communication, please state the names of all parties to such communications, the substance of the communication, and the approximate date of such communications.

> ***RESPONSE:*** *This interrogatory is an instruction and furthermore requests substantially similar information to that which is requested in Plaintiffs' document demands. To that end, and to the extent that such communications exist, Plaintiff is directed to the Township's Document Production.*

5. Please list all communications, including emails, between or among the Board and any of its officials, officers, members, employees, consultants, contractors, agents, and representatives, Staff, and any other Persons acting or purporting to act on behalf of the Township, the Plaintiff, or any third parties relating to Plaintiffs' Zoning Permit Application or Plaintiffs Zoning Interpretation Application or both. For each such communication, please state the names of all parties to such communications, the substance of the communication, and the approximate date of such communications.

> ***RESPONSE:*** *This interrogatory is an instruction and furthermore requests substantially similar information to that which is requested in Plaintiffs' document demands. To that end, and to the extent that such communications exist, Plaintiff is directed to the Township's Document Production.*

6. Please identify all governmental interests that the Board contends are furthered by the denial of Plaintiffs' Zoning Permit Application. For each such governmental interest asserted, set forth in detail the nature of the interest, whether the Defendant considered any less restrictive means to achieve such interest other than denying Plaintiffs' application, if so, the reason each such less restrictive means was rejected.

> ***RESPONSE****: Defendants object on the ground that this interrogatory seeks a legal conclusion as to the identification of "governmental interests" and "less restrictive means to achieve such interest". Subject to and without waiving any objection, Plaintiff's application was deficient, failed to meet the criteria for the*

> *lot in question and despite the availability of a variance application, Plaintiffs failed to seek a variance. The availability of a variance existed and Plaintiff chose not to avail themselves of the same and to date have not filed an application seeking variances. Plaintiff is also referred to the resolution affirming the denial in this matter which specifically refers to a variance being available to Plaintiffs.*

7. Please identify all governmental interests that the Board contends are furthered by the denial of Plaintiffs' Zoning Interpretation Application. For each such governmental interest asserted, set forth in detail the nature of the interest, whether the Defendant considered any less restrictive means to achieve such interest other than denying Plaintiffs' application, if so, the reason each such less restrictive means was rejected.

> ***RESPONSE***: *This demand appears to be an exact duplicate of interrogatory 6. To that end Plaintiffs are directed to interrogatory 6.*

8. Identify any Zoning Board member, employee, agent, and attorney who made any public statements in any capacity, whether official or unofficial, in blogs, online forums, newspapers or at civic or governmental meetings relating to the Subject Property, Plaintiffs' proposed synagogue, and/or development related to Hasidic Jews or Orthodox Jews, whether such statements were made under the individual's actual name, an alias or anonymously, and identify any such statement.

> ***RESPONSE***: *Subject to and without waiving any objection, the Board is not aware of such statements being made. Defendants reserve the right to supplement or amend this response as discovery continues.*

9. Please state whether Defendant has ever denied a land use application, appeal, petition, or other request of any nature for a church of place of worship, and, if the answer is in the affirmative, set forth in detail the identity of the applicant, application number, date of application, requested relief, tax parcel involved, date of denial, and reason for denial.

> ***RESPONSE:*** *Defendants object on the ground that this interrogatory is not limited to a particular timeframe, and is overly broad. Defendants reserve the right to supplement or amend this response as discovery continues.*

10. Identify all applications, appeals, petition, or another request of any nature that have been filed with the Board, including applications and appeals for conditional uses, variances, site plan, subdivision, building permits, rezoning, appeals, interpretations or otherwise, for religious institutions, mikvahs, and/or houses of worship within the Township.

> ***RESPONSE:*** *This interrogatory is an instruction and furthermore requests substantially similar information to that which is requested in Plaintiffs' document demands. Furthermore, this request is overly broad, unduly burdensome and fails to specify a relevant timeline. Subject to and notwithstanding these objections, Plaintiff is directed to the Township's Document Production, the review of which is ongoing.*

11. Identify all applications that have been filed with the Board, including applications for conditional uses, variances, site plan, subdivision, building permits, rezoning, appeals, interpretations or otherwise, for any assembly or institutional land uses, including but not limited to schools or other educational institutions, day care centers, vocational schools, hospitals or other medical facilities, auditoriums, stadiums, halls, clubs, lodges, youth centers, social organizations or camps, convalescent or nursing homes, correctional facility or correctional placement residence, conference centers, commercial recreation or theaters, within the Township.

> ***RESPONSE:*** *This interrogatory is an instruction and furthermore requests substantially similar information to that which is requested in Plaintiffs' document demands. Furthermore, this request is overly broad, unduly burdensome and fails to specify a relevant timeline. Subject to and notwithstanding these objections, Plaintiff is directed to the Township's Document Production.*

12. Identify all lawsuits in any court to which the Board has been a party arising from any claim relating to land use; zoning; housing; real estate transactions; or compliance with federal, state, or local civil rights or nondiscrimination ordinances, statutes, or laws applicable to housing.

> ***RESPONSE:*** *This interrogatory is an instruction and furthermore requests substantially similar information to that which is requested in Plaintiffs' document demands. Furthermore, this request is overly broad, unduly burdensome and fails to specify a relevant timeline. Subject to and notwithstanding these objections, Plaintiff is directed to the Township's Document Production.*

13. Identify all complaints of discrimination on any protected classification covered by the federal Fair Housing Act or New Jersey Law Against Discrimination, including on the basis of race, creed, color, national origin, or familial status, whether informal or formal, written or oral, that have been made against the Board in any form.

> *RESPONSE: This interrogatory is an instruction and furthermore requests substantially similar information to that which is requested in Plaintiffs' document demands. Defendants also object on the ground that the Fair Housing Act is inapplicable to the instant matter. Furthermore, this request is overly broad, unduly burdensome and fails to specify a relevant timeline. Subject to and notwithstanding these objections, Plaintiff is directed to the Township's Document Production. Furthermore, Defendants reserve the right to supplement or amend this response as discovery continues.*

14. State the factual basis for Your conclusion that "The Zoning Board of Adjustment is not a local government pursuant to RLUIPA," as stated in paragraph 5 of the Zoning Board's findings of fact and conclusions of law in Resolution 2021-06 in Appeal No. 13687.

> *RESPONSE: This interrogatory calls for a legal conclusion. Subject to and without waiving any objection. The Zoning Board cannot modify or overturn ordinances as the Board only is granted the authority to hear and decide requests for interpretation of the zoning map or ordinance or for decisions upon other special questions upon which such board is authorized to pass by any zoning or official map ordinance, in accordance with this act. See N.J.S.A. §§40:55D-70b.*

15. State the basis for Your conclusion that "The Zoning Board of Adjustment is not a local government pursuant to RLUIPA," as stated in paragraph 4 of the Zoning Board's findings of fact and conclusions of law in Resolution 2021-07 in Appeal No. 13687.

> *RESPONSE: See answer to interrogatory 14.*

16. Please state whether the Zoning Board believes itself subject to the terms of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, *et seq.*, and, if the answer is in the negative, set forth in detail the factual basis for such belief.

> *RESPONSE: Defendants Object as this response calls for a legal conclusion. Further Plaintiffs are referred to response 14.*

17. Identify the "administrative remedies" that the Zoning Board found the Plaintiffs to have failed to exhaust, as stated in paragraph 10 of the Zoning Board's findings of fact and conclusions of law in Resolution 2021-06 in Appeal No. 13687.

> **RESPONSE**: *Defendants Object to this interrogatory as the remedies were identified in the resolution. Further, such documents are equally available to Plaintiffs. In an effort to be responsive to this request, Plaintiffs are directed to TOMS RIVER_BB_0000001- 0000026.*

18. Identify the "administrative remedies" that the Zoning Board found the Plaintiffs to have failed to exhaust, as stated in paragraph 9 of the Zoning Board's findings of fact and conclusions of law in Resolution 2021-07 in Appeal No. 13687.

> **RESPONSE**: *Defendants Object to this interrogatory as the remedies were identified in the resolution. Further, such documents are equally available to Plaintiffs. In an effort to be responsive to this request, Plaintiffs are directed to TOMS RIVER_BB_0000001- 0000026.*

19. Please state whether site plan approval pursuant to Section 348-6.2 D of the Township of Toms River Land Use Code must be obtained prior to the issuance of a zoning permit and, if the answer is in the affirmative, set forth in detail the factual basis for such statement.

> **RESPONSE:** *Plaintiff is directed to the Township of Toms River Municipal Code at §348-6.2D. The ordinance requirements are plainly stated and speak for themselves. Plaintiff is referred to Section 348-6.2(D)(1) which can be accessed at:*
> *https://ecode360.com/12010732?highlight=&searchId=14228094292146376#12010732*

20. Please identify all regulatory interests that the Board contends are furthered by the denial of Plaintiffs' Zoning Permit Application to build a place of worship on the Subject Property. For each such regulatory interest asserted, set forth in detail the nature of the interest, whether the Defendant considered any less restrictive means to achieve such interest other than denying Plaintiffs' Zoning Permit Application, and if so, the reason each such less restrictive means was rejected.

> **RESPONSE:** *See general objections. Subject to and without waiving any objection, see the response to interrogatory 6 as this response seeks substantially similar information. Further, the Zoning Board complied with the Township's Zoning Ordinances which existed at the time. The same have been amended since the filing of this matter which allow houses of worship in the RR Zone as a conditional use. To the extent that the proposed use may require additional*

*deviation from the Ordinance, Plaintiffs are free to seek variances for such departures.*

21. Please identify all regulatory interests that the Board contends are furthered by the denial of Plaintiffs' Zoning Interpretation Application to build a place of worship on the Subject Property. For each such regulatory interest asserted, set forth in detail the nature of the interest, whether the Defendant considered any less restrictive means to achieve such interest other than denying Plaintiffs' Zoning Interpretation Application, and if so, the reason each such less restrictive means was rejected.

*__RESPONSE:__ See general objections. Subject to and without waiving any objection, see the response to interrogatory 6 as this response seeks substantially similar information. Further, the Zoning Board complied with the Township's Zoning Ordinances which existed at the time. The same have been amended since the filing of this matter which allow houses of worship in the RR Zone as a conditional use. To the extent that the proposed use may require additional deviation from the Ordinance, Plaintiffs are free to seek variances for such departures.*

22. Please state the factual basis for your Defense that Plaintiffs' Complaint (ECF 1) or Plaintiffs' First Amended Complaint are barred by the applicable statute of limitations.

*__RESPONSE__: Defendants are required to plead all defenses or otherwise they are waived. As such to the extent that any applicable statute of limitations or any other defense could apply to this litigation Defendants refuse to waive the same.*

## CERTIFICATION

I hereby certify that I have read the foregoing Answers to Interrogatories and know the contents thereof; that said answers were prepared with the assistance and advice of counsel and the assistance of employees and representatives of the defendant which I have relied; that the answers set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these answers; that consequently, the party answering these Interrogatories reserves the right to make any changes in the answers if it appears at any time that the omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the said answers are true to the best of my knowledge, information and belief.

NAME: _Melissa Benedetto_

SIGNATURE: _Melissa Benedetto_
            _Zoning Board Sec._

DATE: _5-15-23_