# Exhibit G

Scott Ketterer- ID #225662018
METHFESSEL & WERBEL, ESQS.
2025 Lincoln Highway, Suite 200
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
1(732) 248-2355
ketterer@methwerb.com
Attorneys for Township Of Toms River, New Jersey, and Township Of Toms River Zoning Board Of Adjustment
Our File No.  90497 ELH

| BAIS BRUCHA INC. AND RABBI MORDECHAI SEKULA<br><br>Plaintiffs,<br><br>V.<br><br>TOWNSHIP OF TOMS RIVER, NEW JERSEY, AND TOWNSHIP OF TOMS RIVER ZONING BOARD OF ADJUSTMENT<br><br>Defendants. | UNITED STATES DISTRICT COURT - TRENTON<br>DOCKET NO.: 3:21-cv-03239-ZNQ-RLS<br><br>Civil Action<br><br>**RESPONSES TO THIRD REQUEST FOR DOCUMENTS** |
|---|---|

## GENERAL OBJECTIONS

1. Defendants' answers are subject to all pertinent objections as to admissibility that may be interposed at the time of trial, and no waiver is intended.

2. Defendants object generally to each and every interrogatory and/or demand for production of documents and materials insofar as each seeks information protected by the attorney-client, work product, and/or any other privileges, and/or was prepared in anticipation of litigation.

3. The fact that Defendants have responded to an interrogatory and/or demand for production of documents and materials is not to be construed as an admission or acceptance of any fact set forth or assumed by such interrogatory and/or demand. The responses and all documents/materials produced pursuant hereto are solely for the purpose of and in relation to this suit and no dissemination of said information/documents/materials is authorized.

4. The responses are based on the knowledge of the individuals preparing them at the time they are served.  Further information may be obtained, including through

discovery of said individuals, prior to the trial of this matter. In that event, the responses will be supplemented, revised, or amended as required by the Rules of Court.

5. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent that they seek to impose obligations on the Defendants beyond those imposed by the Rules of Court.

6. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent they seek information not in the possession, custody, and/or control of the Defendants.

7. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent they seek information or documents which are not relevant to the issues raised in this law suit and are not reasonably calculated to lead to discovery of any admissible evidence.

8. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent that Defendants provide any governmental documents, reports, narratives, etc. the inclusion of those reports by Defendants should not be construed by any party as an adoptive admission of any sort. The inclusion of these documents on the part of these Defendants are only to be responsive to the request/demand and do not constitute an affirmation or adoption of any statement, intention, admission, etc. contained therein.

9. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent that they seek information and/or documents which were generated or prepared in anticipation of litigation, or after the commencement of this litigation.

10. Defendants object to the definitions of documents and definitions contained in interrogatory questions on the grounds that they are vague and overly broad and on the grounds that production of all documents encompassed within the definition as utilized by the propounding party herein, would be unduly burdensome and oppressive.

11. Nothing herein should be construed as an admission by these Defendants respecting the admissibility or relevance of any fact or document, or an admission as to the accuracy of any document, or an admission as to the characterization of a document, or a characterization of an admission contained within the document of any kind, including but not limited to the proffering of expert reports.

12. Defendants object to these interrogatories and/or demands for production of documents and materials to the extent that they seek information or documents not in Defendants' possession or control, and to the extent that they seek that information or documents which the propounding party had equal access or equal opportunity of access.

13. Defendants are continuing their review and investigation of this matter and reserves the right to supplement, amend, or correct any and all responses in the future if additional information is discovered or as otherwise appropriate.

14. Each and every General Objection listed above is hereby expressly incorporated into each and every response to each and every demand for production. No response shall be considered to waive these General Objections.

## RESPONSES

1. All documents, including communications, applications, reports and resolutions, regarding and relating to applications for conditional uses, variances, site plan, subdivision, building permits, rezoning, appeals, interpretations or otherwise for any "place of assembly" as defined by Township Code § 348-8.20.O.(14) as well as schools or other educational institutions, day care centers, vocational schools, hospitals or other medical facilities, auditoriums, stadiums, halls, clubs, lodges, youth centers, social organizations or camps, convalescent or nursing homes, correctional facility or 12 correctional placement residence, conference centers, commercial recreation or theaters, within the Township or its Boards.

*RESPONSE: See General Objections. Subject to and without waiving any such objection, this demand seeks information that is not relevant to the claims advanced by Plaintiff in this matter. Moreover, this demand does not indicate a specific timeframe to which this request applies.*

2. All documents regarding "blockbusting" in the Township.

*RESPONSE: See General Objections. Subject to and without waiving any such objection, this demand seeks information which has previously been produced relative to the Route 9 litigation which Plaintiff has in its custody and control. Furthermore Plaintiffs refer to the same documents in their complaint and therefore it appears that the same are already in the custody and/or control of Plaintiffs.*

3. All documents regarding complaints about and notices of violation issued regarding real estate and for sale signs in the Township.

*RESPONSE: See General Objections. Subject to and without waiving any such objection, this demand is overly broad, and not likely to lead to relevant admissible evidence. Moreover this demand does not indicate a specific timeframe to which this request applies.*

4. All documents regarding sukkahs in the Township, including but not limited to any notice of violation, applications, or permits for sukkahs in the Township.

*RESPONSE: See General Objections. Subject to and without waiving any such objection, Plaintiffs are referred to the voluminous and continuing ESI discovery production in this matter.*

5. All documents regarding the investigation and/or monitoring of properties being utilized as purported shuls or places for worship for Orthodox Jews within the Township.

**RESPONSE**: *See General Objections. Subject to and without waiving any such objection, Plaintiffs are referred to the voluminous and continuing ESI discovery production in this matter. Further, Defendants object to the characterization relative to the investigation and/or monitoring of properties being used as shuls or places of worship. To the extent that any such investigations took place, they were prompted by complaints to code enforcement. Documents relative to any such complaints will be produced in the ongoing ESI review and production.*