# Exhibit I

# STORZER & ASSOCIATES

A PROFESSIONAL CORPORATION

WWW.STORZERLAW.COM
INFO@STORZERLAW.COM

| | |
|---|---|
| 1025 CONNECTICUT AVENUE, NORTHWEST<br>SUITE ONE THOUSAND<br>WASHINGTON, D.C. 20036<br>(202) 857-9766<br>FACSIMILE: (202) 315-3996 | BALTIMORE OFFICE<br>9433 COMMON BROOK ROAD<br>SUITE 208<br>OWINGS MILLS, MD 21117<br>(410) 559-6325 |

June 27, 2023

**VIA EMAIL**
Scott Ketterer, Esq.
Methfessel & Werbel, P.C.
2025 Lincoln Highway
Edison, NJ 08818

  Re: *Bais Brucha Inc. et al. v. Township of Toms River, New Jersey et al.*
     Case No. 3:21-cv-03239-ZNQ-RLS

Dear Scott,

  I write with respect to several deficiencies that must be addressed in Defendant, Township of Toms River Zoning Board of Adjustment's ("Board") Response to Plaintiffs' First Interrogatories and the Board's Response to Plaintiffs' First Request for Documents dated May 15, 2023. We are sending this letter in an effort to avoid Motions practice. We can schedule a meet and confer on Wednesday, July 5, 2023 at 2:00 p.m. or Thursday, July 6, 2023 at 2:00 p.m. The deficiencies are as follows:

## ANSWERS TO INTERROGATORIES

6. This Answer is nonresponsive. This Interrogatory seeks information that is readily available to the Defendant and is relevant to Plaintiffs' claims. This Interrogatory seeks the governmental interests which were furthered by denying the Plaintiffs' permit application. Defendant's Answer does not state a governmental interest, if any. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought.

7. This Answer is nonresponsive. This Interrogatory seeks information that is readily available to the Defendant and is relevant to Plaintiffs' claims. This Interrogatory seeks the governmental interests which were furthered by denying the Plaintiffs' permit application. This information is readily available to the Defendant and is relevant to Plaintiffs' claims. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. (Please note that this Interrogatory 7 asks for the governmental interests related to Plaintiffs' Zoning Interpretation Application, Interrogatory 6 asks for the governmental interests related to Plaintiffs Zoning Permit Application.)

9. This Answer is nonresponsive. This Interrogatory seeks information that is readily available to the Defendant and is relevant to Plaintiffs' claims. As stated in paragraph 11 of the instructions of Plaintiffs' First Set of Interrogatories to Defendant Township of Toms River Zoning Board of Adjustment: "Unless otherwise specified, the relevant time period to which



these interrogatories and requests refer is January 1, 2009 to the present day." Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought.

10. This Answer is nonresponsive. This Interrogatory seeks information that is readily available to the Defendant and is relevant to Plaintiffs' claims. As stated in paragraph 11 of the instructions of Plaintiffs' First Set of Interrogatories to Defendant Township of Toms River Zoning Board of Adjustment: "Unless otherwise specified, the relevant time period to which these interrogatories and requests refer is January 1, 2009 to the present day." Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought.

11. This Answer is nonresponsive. This Interrogatory seeks information that is readily available to the Defendant and is relevant to Plaintiffs' claims. As stated in paragraph 11 of the instructions of Plaintiffs' First Set of Interrogatories to Defendant Township of Toms River Zoning Board of Adjustment: "Unless otherwise specified, the relevant time period to which these interrogatories and requests refer is January 1, 2009 to the present day." Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought.

12. This Answer is nonresponsive. This Interrogatory seeks information that is readily available to the Defendant and is relevant to Plaintiffs' claims. This interrogatory seeks information regarding lawsuits relevant to Plaintiffs' claims in which the Board was a party. And, as stated in paragraph 11 of the instructions of Plaintiffs' First Set of Interrogatories to Defendant Township of Toms River Zoning Board of Adjustment: "Unless otherwise specified, the relevant time period to which these interrogatories and requests refer is January 1, 2009 to the present day." Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought.

13. This Answer is nonresponsive. This Interrogatory seeks information that is readily available to the Defendant and is relevant to Plaintiffs' claims. Please identify all complaints of discrimination on any protected classification covered by the federal Fair Housing Act or New Jersey Law Against Discrimination, including on the basis of race, creed, color, national origin, or familial status, whether informal or formal, written or oral, that have been made against the Board in any form. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought.

17. This Answer is nonresponsive. This Interrogatory seeks information that is readily available to the Defendant and is relevant to Plaintiffs' claims. This Interrogatory seeks the "administrative remedies" that the Board found the Plaintiffs to have failed to exhaust. Paragraph 10 of the Board's findings of fact and conclusions of law in Resolution 2021-06 in Appeal No. 13687 does not list administrative remedies it refers to. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought.

18. This Answer is nonresponsive. This Interrogatory seeks information that is readily available to the Defendant and is relevant to Plaintiffs' claims. This Interrogatory seeks the "administrative



remedies" that the Board found the Plaintiffs to have failed to exhaust. Paragraph 9 of the Board's findings of fact and conclusions of law in Resolution 2021-07 in Appeal No. 13687 does not list the administrative remedies it refers to. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought.

19. This Answer is nonresponsive. This Interrogatory seeks information that is readily available to the Defendant and is relevant to Plaintiffs' claims. Defendant in its Answer to First Amended Complaint (ECF No. 63 at ¶¶ 86 and 88) stated there were "various other reasons for the application's denial including the failure to obtain approval for its site plan." This interrogatory seeks the factual basis for this assertion. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought.

20. This Answer is nonresponsive. This Interrogatory seeks information that is readily available to the Defendant and is relevant to Plaintiffs' claims. This Interrogatory seeks the regulatory interests which were furthered by denying Plaintiffs' Zoning Permit Application. It is impossible to determine from Defendant's Answer whether the Board acted in furtherance of a regulatory interest, if any. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought.

21. This Answer is nonresponsive. This Interrogatory seeks information that is readily available to the Defendant and is relevant to Plaintiffs' claims. This Interrogatory seeks the regulatory interests which were furthered by denying Plaintiffs Zoning Interpretation Application. It is impossible to determine from Defendant's Answer whether the Board acted in furtherance of a regulatory interest, if any. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought.

## RESPONSES TO DOCUMENT REQUESTS

2. This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. On December 21, 2022, Defendant provided a three page document containing the insurance policy declarations for the "Public Officials and Employment Liability Coverage" for the Township of Toms River. This document was nonresponsive because it did not provide sufficient information regarding Defendant's insurance coverage and the entire policy is requested. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(a)(1)(A)(iv), please provide the information sought.

3. This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought.

5. This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought.



8. This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. There are two Plaintiffs in this litigation and Defendant's Response only refers to a singular "Plaintiff". Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought.

12. This Response is nonresponsive in that it refers to Defendant's Response to Request 9. Request 9 refers to Plaintiffs Zoning Interpretation Application and this Request refers to the Department of Justice's investigation of the Township. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought.

13. This Response is nonresponsive in that it refers to Defendant's Response to Request 9. That Request refers to the Plaintiffs Zoning Interpretation Application and this Request refers to the Plaintiffs Zoning Permit Application. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought.

29. Please confirm that no documents are being withheld.

30. This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and is relevant to Plaintiffs' claims. As stated in paragraph 12 of the instructions of Plaintiffs' First Set of Requests for Production of Documents to Defendant Township of Toms River Zoning Board of Adjustment: "Unless otherwise specified, the relevant time period to which these requests refer is January 1, 2009 to the present day." Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought.

31. This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought.

32. This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought.

33. This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought.

Very Truly Yours,

Samuel Speed

cc:  Counsel of Record via email

