# Exhibit K

# STORZER & ASSOCIATES

A Professional Corporation

www.storzerlaw.com
info@storzerlaw.com

| | |
|---|---|
| 1025 Connecticut Avenue, Northwest<br>Suite One Thousand<br>Washington, D.C. 20036<br>(202) 857-9766<br>Facsimile: (202) 315-3996 | Baltimore Office<br>9433 Common Brook Road<br>Suite 208<br>Owings Mills, MD 21117<br>(410) 559-6325 |

August 7, 2023

**VIA EMAIL**
Scott Ketterer, Esq.
Methfessel & Werbel, P.C.
2025 Lincoln Highway
Edison, NJ 08818

    Re: *Bais Brucha Inc., et al. v. Township of Toms River, New Jersey, et al.*
       Case No. 3:21-cv-03239-ZNQ-RLS

Dear Scott:

  I write with respect to the deficiencies in all of the Defendant Township of Toms River's ("Township") Responses to Third Request for Documents dated June 7, 2023 that must be addressed. The Township's failure to properly respond has harmed Plaintiffs because they must now delay their preparation for depositions. We are sending this letter in an effort to avoid Motions practice. We propose a meet and confer on Tuesday, August 8, 2023 at 2:00 PM. The deficiencies are as follows:

## Defendant Township's Responses to Plaintiffs' Document Requests

1. *All documents, including communications, applications, reports and resolutions, regarding and relating to applications for conditional uses, variances, site plan, subdivision, building permits, rezoning, appeals, interpretations or otherwise for any "place of assembly" as defined by Township Code § 348-8.20.O.(14) as well as schools or other educational institutions, day care centers, vocational schools, hospitals or other medical facilities, auditoriums, stadiums, halls, clubs, lodges, youth centers, social organizations or camps, convalescent or nursing homes, correctional facility or 12 correctional placement residence, conference centers, commercial recreation or theaters, within the Township or its Boards.*

  **RESPONSE**: See General Objections. Subject to and without waiving any such objection, this demand seeks information that is not relevant to the claims advanced by Plaintiff in this matter. Moreover, this demand does not indicate a specific timeframe to which this request applies.

**Plaintiffs' objection:** This Response is non-responsive. This Request seeks documents that are readily available to Defendant Township. The documents requested are entirely germain to Plaintiffs' claims under the Religious Land Use and Institutionalized Persons Act and the U.S. Constitution. Furthermore, the Request applies to the timeframe specified in section thirteen of

1

Plaintiffs' Third Set of Requests for Production of Documents to Defendant Township of Toms River, New Jersey which reads in part: "Unless otherwise specified, the relevant time period to which these requests refer is January 1, 2009 to the present day. However, if any information prior to January 1, 2009 is necessary for a correct or complete understanding of any request, the earlier information is to be provided as well." Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought.

2. *All documents regarding "blockbusting" in the Township.*

> **RESPONSE**: See General Objections. Subject to and without waiving any such objection, this demand seeks information which has previously been produced relative to the Route 9 litigation which Plaintiff has in its custody and control. Furthermore Plaintiffs refer to the same documents in their complaint and therefore it appears that the same are already in the custody and/or control of Plaintiffs.

**Plaintiffs' objection:** This Response is non-responsive. This Request seeks documents that are readily available to the Defendant Township and are relevant to Plaintiffs' claims. The Defendant Township's Response directs Plaintiffs to documents produced in a separate case, but does not state which specific documents it refers to as responsive to Plaintiffs' Request. Per the Court's Order of August 4, 2022 (ECF No. 42), if "Defendants believe that they have produced responsive documents in any of the Toms River Cases, Defendants <u>may identify the documents by Bates number</u> that have been previously produced that it claims are responsive to the document requests in lieu of re-producing the documents." Defendant Township's duty under the Federal Rules of Civil Procedure cannot be met by referring to unidentified documents produced in a separate litigation. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought.

3. *All documents regarding complaints about and notices of violation issued regarding real estate and for sale signs in the Township.*

> **RESPONSE**: See General Objections. Subject to and without waiving any such objection, this demand is overly broad, and not likely to lead to relevant admissible evidence. Moreover this demand does not indicate a specific timeframe to which this request applies.

**Plaintiffs' objection:** This Response is non-responsive. This Request seeks documents that are readily available to Defendant Township and are relevant to Plaintiffs' claims. The First Amended Complaint sets out allegations in paragraphs 111-130 regarding the animus expressed by Township residents against the Orthodox Jewish community as well as the Township's willingness to enact laws in response. The Request applies to the timeframe specified in section thirteen of Plaintiffs' Third Set of Requests for Production of Documents to Defendant Township of Toms River, New Jersey which reads in part: "Unless otherwise specified, the relevant time period to which these requests refer is January 1, 2009 to the present day. However, if any information prior to January 1, 2009 is necessary for a correct or complete understanding of any request, the earlier information is to be provided as well." Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought.

4. *All documents regarding sukkahs in the Township, including but not limited to any notice of violation, applications, or permits for sukkahs in the Township.*

> **RESPONSE**: See General Objections. Subject to and without waiving any such objection, Plaintiffs are referred to the voluminous and continuing ESI discovery production in this matter.

**Plaintiffs' objection:** This Response is non-responsive. This Request seeks documents that are readily available to the Defendant Township and are relevant to Plaintiffs' claims. Please confirm what documents will be produced, when they will be produced, and whether they satisfy Defendants' obligations under the Federal Rules of Civil Procedure regarding this request. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought.

5. *All documents regarding the investigation and/or monitoring of properties being utilized as purported shuls or places for worship for Orthodox Jews within the Township.*

> **RESPONSE**: See General Objections. Subject to and without waiving any such objection, Plaintiffs are referred to the voluminous and continuing ESI discovery production in this matter. Further, Defendants object to the characterization relative to the investigation and/or monitoring of properties being used as shuls or places of worship. To the extent that any such investigations took place, they were prompted by complaints to code enforcement. Documents relative to any such complaints will be produced in the ongoing ESI review and production.

**Plaintiff's objection:** This Response is non-responsive. This Request seeks documents that are readily available to the Defendant Township and are relevant to Plaintiffs' claims. The First Amended Complaint sets out allegations in paragraphs 111-130 regarding the animus expressed by Township residents against the Orthodox Jewish community as well as the Township's willingness to enact laws in response. The Defendant Township's Response directs Plaintiffs to documents previously produced, but does not state which specific documents it refers to as responsive to Plaintiffs' Request. To the extent they may be part of those documents produced in the 1940 litigation, per the Court's Order of August 4, 2022 (ECF No. 42), if "Defendants believe that they have produced responsive documents in any of the Toms River Cases, Defendants <u>may identify the documents by Bates number</u> that have been previously produced that it claims are responsive to the document requests in lieu of re-producing the documents." Defendant Township's duty under the Federal Rules of Civil Procedure cannot be met by referring to unidentified documents produced in a separate litigation. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought.

Very Truly Yours,

*Samuel Speed*

Samuel Speed

cc: Counsel of Record via email