# Exhibit M

| | First Set of Interrogatories to Defendant (Township) | | | |
|---|---|---|---|---|
| Interrogatory # | Plaintiff's Interrogatory | Defendant's Answer | Issue | Deficiency |
| 10 | Please state the governmental purpose of the parking requirements for churches and places of worship in the Township Code. | No answer provided | No answer provided -- Governmental purpose for the parking requirements for churches and places of worship | The governmental purpose behind the regulations at issue is integral to Plaintiff's RLUIPA Substantial Burden claim (Count I), Equal Protection claim (Count V) and Free Exercise claim (Count VI) since each employs a "strict scrutiny" analysis in which the government bears the burden of establishing that its regulation is the least restrictive means of advancing a governmental interest. Plaintiff is entitled to explore what information the Defendant might use to meet its statutory burden of persuasion (42 U.S.C. 2000cc-2(b)). This information is uniquely available to the Defendant and not otherwise available to the Plaintiff. |
| 11 | Please state the governmental purpose for removing churches and places of worship as a conditional use in the Rural Residential zoning district in 2009. | See General Objections. Further Defendants object on the ground that this interrogatory seeks a legal conclusion as to governmental purpose. | Nonresponsive -- The governmental purpose for removing removing churches and places of worship as a conditional use in the Rural Residential zoning district in 2009. | As stated above, this information is necessary for Plaintiff to assess that information that Defendant might use to meet its burden under RLUIPA and constitutional jurisprudence. Interrogatory Number 11 does not seek a "legal conclusion" as it does not seek counsels' mental impressions or the application of law to facts; rather, Interrogatory Number 11 seeks the past facts or reasoning for taking a particular action -- which are facts that do not bear on an ultimate issue in this case. Defendant's obfuscation may be intended to prevent clear legal analysis, but the same is merely evidence of discovery malfeasance. |

| First Set of Interrogatories to Defendant (Township) | | | | |
|---|---|---|---|---|
| Interrogatory # | Plaintiff's Interrogatory | Defendant's Answer | Issue | Deficiency |
| 12 | Please identify all regulatory interests that the Township contends are furthered by the denial of Plaintiffs' Zoning Permit Application to build a place of worship on the Subject Property. For each such regulatory interest asserted, set forth in detail the nature of the interest, whether the Defendant considered any less restrictive means to achieve such interest other than denying Plaintiffs' Zoning Permit Application, if so, the reason each such less restrictive means was rejected. | See General Objections. Further Defendants object on the ground that this interrogatory seeks a legal conclusion as to governmental purpose. Subject to and without waiving any objection, the Township has an interest in maintaining its zoning plan and relevant ordinances. Plaintiff's application was woefully deficient and provided little detail for the Zoning Official to review. Such deficiencies were noted and Plaintiff was also informed that they should seek a variance. To the extent that Plaintiff needed to deviate from the existing zoning ordinance, variances are required and place no significant barrier Plaintiff's efforts to make use of their land as desired. | Defendant's response relies upon boilerplate objections that do not meet the specificty requirements of FRCP 33(b)(4) and directs Plaintiff to a document production that is materially incomplete. | Defendant's answer to Interrogatory Number 12 does not specify whether any less restrictive means to achieve its interests "in maintain its zoning plan and relevant ordinances" were considered when evaluating Plaintiff's application. Plaintiff seeks a complete answer to this Interrogatory. |
| 13 | Identify any Township official, Council member, employee, agent, and attorney who made any public statements in any capacity, whether official or unofficial, in blogs, online forums, newspapers or at civic or governmental meetings relating to the Subject Property, Plaintiffs' proposed synagogue, and/or land development related to Hasidic Jews or Orthodox Jews, whether such statements were made under the individual's actual name, an alias or anonymously, and identify any such statement. | Subject to and notwithstanding any objection, Defendant is unaware of such statements being made relative to the Subject Property. Defendants object to the balance of this interrogatory as it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant admissible evidence. | Defendant's response relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4) and directs Plaintiff to a document production that is materially incomplete. | Defendant has not answered half of this question, specifically whether any Township official, Council Member, employee, agent or attorney made any public statements relating to Plaintiff's proposed synagogue or land deelopment related to Hasidic Jews or Orthodox Jews. Plaintiff requires this information to support its RLUIPA Nondiscrimination claim (Count II) and Equal Protection claim (Count V) since contemporary statements by decisionmakers is part of the accepted analysis for such claims. This information is readily available to Defendant and not readily available to Plaintiff. |

| | First Set of Interrogatories to Defendant (Township) | | | |
|---|---|---|---|---|
| Interrogatory # | Plaintiff's Interrogatory | Defendant's Answer | Issue | Deficiency |
| 14 | Please state whether the Defendant has ever denied a land use application of any nature for a church or place of worship, and, if the answer is in the affirmative, set forth in detail the identity of the applicant, application number, date of application, requested relief, tax parcel involved, date of denial, and reason for denial. | To answering Defendant's knowledge, none other than the instant matter and Khal Anshei. Further this interrogatory is overly broad insofar as it seeks a "land use application of any nature." Further this interrogatory fails to specify a relevant time period. Defendants reserve the right to amend this answer as discovery continues. | Nonresponsive; information is readily available, relevant to Plaintiff's claims, and narrows the request by providing specific time periods for which the information is sought. ----- Whether the Defendant has ever denied a land use application of any nature for a church or place of worship, and the application information including the reasons for denial | This Answer is nonresponsive. This Interrogatory seeks information that is readily available to the Defendant and is relevant to Plaintiffs' claims. As stated in paragraph 11 of the Instructions set out in Plaintiffs' First Set of Interrogatories to Defendant Township: "Unless otherwise specified, the relevant time period to which these interrogatories and requests refer is January 1, 2009 to the present day." Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |
| 15 | Identify all applications that have been filed with the Township, including applications for conditional uses, variances, site plan, subdivision, building permits, rezoning, appeals, interpretations or otherwise, for religious institutions, churches, and/or places of worship within the Township. | Subject to and without waiving any objection, this interrogatory is overly broad, does not define a relevant scope, does not define "religious institutions". To the extent that this request can be reasonably understood should such information is included in Defendants' document production. | Defendant's response relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4) and directs Plaintiff to a document production that is materially incomplete. | This answer once again includes boilerplate objections that do not meet the requirements of FRCP 33(b)(4). Other applications within the Township related to religious institutions, church, and/or places of worship is relevant for Counts II, III and V of Plaintiff's Amended Complaint, which can require the designation of comparators. Plaintiff's Instructions, paragraph 11, provides a narrow time frame in which Defendant can search this information, which is readily available to it. Defendant's unilateral choice to convert this Interrogatory into a request for production is inappropriate unless Defendant seeks to make an election pursuant to FRCP 33(d), but Defendant has not yet provided the information necessary for such an election. |

| Interrogatory # | Plaintiff's Interrogatory | Defendant's Answer | Issue | Deficiency |
|---|---|---|---|---|
| First Set of Interrogatories to Defendant (Township) | | | | |
| 16 | Identify all lawsuits in any court to which the Township has been a party arising from any civil rights claims relating to land use; zoning; housing; real estate transactions; or compliance with federal, state, or local civil rights or nondiscrimination ordinances, statutes, or laws applicable to housing. | Defendants object on the ground that this interrogatory is overly broad and not reasonably calculated to lead to relevant admissible evidence. Further this interrogatory fails to specify a relevant time period. However, in an effort to be responsive to this interrogatory Defendants identify the following. 1. 1940 Route 9, LLC v. Toms River Docket No.: 3:18-cv-08008 2. Bais Brucha and Rabbi Mordechai Sekula v. Toms River and Toms River Zoning Board of Adjustment. Docket No.:3:21-cv-03239 3. Chabad Jewish Center of Toms River, Inc. and Rabbi Moshe Gourarie and The Toms River Township Zoning Board of Adjustment. Docket No.: 3:16-01599 Further Plaintiff has knowledge of these matters as Plaintiff's Counsel is also handling the same matters. To the extent that there have been any omissions, Defendants reserve the right to amend this response as discovery continues. | Defendant's response relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4) and directs Plaintiff to a document production that is materially incomplete. | Defendant's boilerplate objections again fail to meet the requirements of FRCP 33(b)(4). Further, Paragraph 11 of Plaintiff's Instructions sets forth a time frame of January 1, 2009 to present. Plaintiffs have identified two cases that were not included: Donald A. Guardian v. Twp. of Toms River, et al., OCN-L-000632-21 and In the Matter of the Township of Toms River, OCN-L-001867-15. Defendants have failed to engage in the inquiry required of them pursuant to Federal Rule of Civil Procedure 26(b)(1). Plaintiff requests that Defendant amend its answer and certify that it has engaged in the required inquiry. |
| 17 | Identify all persons who participated in any way in the review of Plaintiffs' Zoning Permit Application or Plaintiffs' Zoning Interpretation Application or who participated in any way in decisions relating to Plaintiffs' Zoning Permit Application or Plaintiffs' Zoning Interpretation Application including the nature and extent of each person's role. | Subject to and notwithstanding any objection, the denial and subsequent appeal indicated the individuals who participated in the review of Plaintiff's application. | Defendant's response relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4) and directs Plaintiff to a document production that is materially incomplete. | This Answer is nonresponsive. This Interrogatory seeks information that is readily available to the Defendant and is relevant to Plaintiffs' claims. Defendant has neither identified all persons who participated in any way in the review of, or in the decisions relating to, Plaintiffs' applications, nor has the Defendant included the nature and extent of each person's role. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |

| | First Set of Interrogatories to Defendant (Township) | | | |
|---|---|---|---|---|
| Interrogatory # | Plaintiff's Interrogatory | Defendant's Answer | Issue | Deficiency |
| 22 | Please provide the name and affiliation of any person who took part in the drafting, or provided comments on any drafts, of Ordinance 4700-21 as well as the authors or contributors to any Documents and Communication related to the Township's decision to enact Ordinance 4700-21. | See General Objections. Subject to and without waiving any objection, Township Attorneys Greg McGuckin and Anthony Merlino; special counsel Marci Hamilton; Township Planner Dave Roberts; Township Engineer Bob Chankalian. | Defendant's response relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4) and directs Plaintiff to a document production that is materially incomplete. | This Answer is incomplete. This Interrogatory seeks information that is readily available to the Defendant and is relevant to Plaintiffs' claims. For example, Ms. Hamilton is presented as "special counsel" but it is unclear what entity engaged her services. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |
| 23 | Please state the regulatory purpose for Ordinance No. 4558-17. | Defendants object as this interrogatory calls for a legal conclusion. However in an effort to be responsive to this request Plaintiffs are referred to the January 22, 2018 Report which is entitled "Report on Amendments to Land Use Ordinances Governing Houses of Worship." | Defendant's response relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4) and directs Plaintiff to a document production that is materially incomplete. | Defendant's nonresponsive answer requires Plaintiff to review the entirety of the Township's "January 22, 2018 Report" and guess at what the regulatory purpose might be. This is inappropriate and does not "specify . . . in sufficient detial to enable [Plaintiff] to locate and identify [the information] as readily as the responding party could; . . ." FRCP 33(d)(1). This Interrogatory seeks information that is readily available to the Defendant and is necessary for Plaintiffs' claims as stated above. Defendant's Answer does not state a regulatory purpose for Ordinance No. 4558-17, if any. Interrogatory Number 23 does not seek a legal conclusion for the reasons stated above. |

| | First Set of Interrogatories to Defendant (Township) | | | |
|---|---|---|---|---|
| Interrogatory # | Plaintiff's Interrogatory | Defendant's Answer | Issue | Deficiency |
| 25 | All documents, including emails, between or among the Council and/or Township, including, but not limited to, committees as well as officials, planning professionals, employees, agents, and/or representatives, Plaintiffs, or third parties including members of the public related to any anti-semitic incidents in Toms River, including but not limited to, anti-semitic graffiti in parks and playgrounds including "Burn the Jews" at Riderwood Park, "Hitler" with a heart symbol and other anti-semitic comments at Skipper's Cove Playground and "Jews Go Back to Lakewood" at Riverwood Park. | Defendants are still conducting their review of the ESI in this matter and reserve the right to supplement or amend this response as discovery continues | Defendant's response relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4) and directs Plaintiff to a document production that is materially incomplete. | This Answer is nonresponsive. This Interrogatory seeks information that is readily available to the Defendant and is relevant to Plaintiffs' claims. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |
| 26 | Identify any Township official, Council member, employee, agent, or attorney who initiated, took part-in, supervised, or ratified the Notice of Violation and Order to Terminate issued to Plaintiffs on April 17, 2019. | See General Objections. Subject to and without waiving any objection, such notice was issued by the Zoning after investigating a complaint. | Defendant's response relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4) and directs Plaintiff to a document production that is materially incomplete. | Defendant's answer lacks the specificity required by Interrogatory 26 and is nonresponsive because it does not provide Plaintiff with sufficient information to prepare for further discovery or to identify other facts that may be relevant to its case. Plaintiff is entitled to the names of the individuals involved. Referring to the entire department does not provide sufficient information. |
| 27 | Please state all facts that support your decision to issue the Notice of Violation and Order to Terminate to Plaintiffs on April 17, 2019. | See response to 26. | Defendant's response relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4) and directs Plaintiff to a document production that is materially incomplete. | Defendant has not answered this question. Plaintiff is entitled to a recitation of facts sufficient to allow it to explore Defendant's Affirmative Defenses as well as to gather more facts relevant to its claims. By stonewalling through its vague and underinclusive response, Defendant wrongfully frustrates the purpose of discovery. Plaintiff seeks a complete answer to Interrogatory 27. |

| First Set of Interrogatories to Defendant (Township) | | | | |
|---|---|---|---|---|
| Interrogatory # | Plaintiff's Interrogatory | Defendant's Answer | Issue | Deficiency |
| 28 | Identify any Township official, Council member, employee, agent, and attorney who initiated, took part-in, supervised, authorized, or ratified the visit by Township employee Tony Vazquez to the Subject Property on Friday, February 5, 2021. | Mr. Vazquez was dispatched on a complaint that indicated the property was being used as a rental. The Complaint was received on Feb. 2, 2021 as to piles of trash and between 40-50 people at the property on Friday through Saturday. He was to advise Stan Ferriolo of his findings as to whether the property was a rental. In short, Mr. Vazquez was performing his duties as a Code Enforcement Official responding to a complaint made regarding the property. | Defendant's response relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4) and directs Plaintiff to a document production that is materially incomplete. | This Answer is incomplete. This Interrogatory seeks information that is readily available to the Defendant and is relevant to Plaintiffs' claims. For example, Defendant refers to Stan Ferriolo but does not state who he is, his job title, if any, or why Mr. Vazquez was advising him of his findings. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |

| First Set of Interrogatories to Defendant (Zoning Board of Adjustment) | | | | |
|---|---|---|---|---|
| Interrogatory # | Plaintiff's Interrogatory | Defendant Answer | Issue | Deficiency |
| 4 | Please list all communications, including emails, between or among the Board, among the Board and any of its officials, officers, members, employees, consultants, contractors, agents, and representatives, Staff, and any other Persons acting or purporting to act on behalf of the Township, the Plaintiff, or any third parties relating to Plaintiffs' Zoning Permit Application or Plaintiffs Zoning Interpretation Application or both. For each such communication, please state the names of all parties to such communications, the substance of the communication, and the approximate date of such communications. | This interrogatory is an instruction and furthermore requests substantially similar information to that which is requested in Plaintiffs' document demands. To that end, and to the extent that such communications exist, Plaintiff is directed to the Township's Document Production. | This Interrogatory requests a response; it is not an instruction. This Answer is nonresponsive. Defendant directs Plaintiffs to a document production that is materially incomplete. | Defendant refers Plaintiff to its document production, but has not yet produced documents or the privilege log required pursuant to FRCP 34. Further, Defendant cannot confirm that all documents have been produced. Plaintiff requests that Defendant either produce the same with confirmation that all documents have been produced or logged on a privilege log, or provide the comprehensive information sought by FRCP 33(d). |
| 5 | Please list all communications, including emails, between or among the Board and any of its officials, officers, members, employees, consultants, contractors, agents, and representatives, Staff, and any other Persons acting or purporting to act on behalf of the Township, the Plaintiff, or any third parties relating to Plaintiffs' Zoning Permit Application or Plaintiffs Zoning Interpretation Application or both. For each such communication, please state the names of all parties to such communications, the substance of the communication, and the approximate date of such communications. | This interrogatory is an instruction and furthermore requests substantially similar information to that which is requested in Plaintiffs' document demands. To that end, and to the extent that such communications exist, Plaintiff is directed to the Township's Document Production. | This Interrogatory requests a response; it is not an instruction. This Answer is nonresponsive. Defendant directs Plaintiffs to a document production that is materially incomplete. | Defendant refers Plaintiff to its document production, but has not yet produced documents or the privilege log required pursuant to FRCP 34. Further, Defendant cannot confirm that all documents have been produced. Plaintiff requests that Defendant either produce the same with confirmation that all documents have been produced or logged on a privilege log, or provide the comprehensive information sought by FRCP 33(d). |

| First Set of Interrogatories to Defendant (Zoning Board of Adjustment) | | | | |
|---|---|---|---|---|
| Interrogatory # | Plaintiff's Interrogatory | Defendant Answer | Issue | Deficiency |
| 6 | Please identify all governmental interests that the Board contends are furthered by the denial of Plaintiffs' Zoning Permit Application. For each such governmental interest asserted, set forth in detail the nature of the interest, whether the Defendant considered any less restrictive means to achieve such interest other than denying Plaintiffs' application, if so, the reason each such less restrictive means was rejected. | Defendants object on the ground that this interrogatory seeks a legal conclusion as to the identification of "governmental interests" and "less restrictive means to achieve such interest". Subject to and without waiving any objection, Plaintiff's application was deficient, failed to meet the criteria for the lot in question and despite the availability of a variance application, Plaintiffs failed to seek a variance. The availability of a variance existed and Plaintiff chose not to avail themselves of the same and to date have not filed an application seeking variances. Plaintiff is also referred to the resolution affirming the denial in this matter which specifically refers to a variance being available to Plaintiffs. | Nonresponsive; answer only reflects the reason for the denial but fails to answer the nature of the interest behind the denial and whether there were less restrictive means to achieve Defendant's interests. | The governmental interest in deying Plaintiff's application is integral to Plaintiff's RLUIPA Substantial Burden claim (Count I), Equal Protection claim (Count V) and Free Exercise claim (Count VI) since each employs a "strict scrutiny" analysis in which the government bears the burden of establishing that its regulation is the least restrictive means of advancing a governmental interest. Plaintiff is entitled to explore what information the Defendant might use to meet its statutory burden of persuasion (42 U.S.C. 2000cc-2(b)). This information is uniquely available to the Defendant and not otherwise available to the Plaintiff. |
| 9 | Please state whether Defendant has ever denied a land use application, appeal, petition, or other request of any nature for a church of place of worship, and, if the answer is in the affirmative, set forth in detail the identity of the applicant, application number, date of application, requested relief, tax parcel involved, date of denial, and reason for denial. | Defendants object on the ground that this interrogatory is not limited to a particular timeframe, and is overly broad. Defendants reserve the right to supplement or amend this response as discovery continues. | Nonresponsive; scope is sufficiently narrow, as paragraph 11 of the instructions noted that "[u]nless otherwise specified, the relevant time period to which these interrogatories and requests refer is January 1, 2009 to the present day.  Still awaiting documents AND Defendants cannot confirm that all documents have been produced. No privilege log has been provided by Defendants. | This Answer is nonresponsive. This Interrogatory seeks information that is readily available to the Defendant and is relevant to Plaintiffs' claims. Paragraph 11 of the instructions of Plaintiffs' First Set of Interrogatories to Defendant Township of Toms River Zoning Board of Adjustment sets forth a timeframe of January 1, 2009 to the present day. Plaintiffs are entitled to information about possible comparators, as the same is relevant to Plaintiffs' prima facie case for Counts II, III and V. Further, Defendnat has failed to state its overbreadth objection with specificity. |

| First Set of Interrogatories to Defendant (Zoning Board of Adjustment) | | | | |
|---|---|---|---|---|
| Interrogatory # | Plaintiff's Interrogatory | Defendant Answer | Issue | Deficiency |
| 10 | Identify all applications, appeals, petition, or another request of any nature that have been filed with the Board, including applications and appeals for conditional uses, variances, site plan, subdivision, building permits, rezoning, appeals, interpretations or otherwise, for religious institutions, mikvahs, and/or houses of worship within the Township. | This interrogatory is an instruction and furthermore requests substantially similar information to that which is requested in Plaintiffs'document demands. Furthermore, this request is overly broad, unduly burdensome and fails to specify a relevant timeline. Subject to and notwithstanding these objections, Plaintiff is directed to the Township's Document Production, the review of which is ongoing. | Nonresponsive; not overly broad as described above; still have not received the documents. Still awaiting documents AND Defendants cannot confirm that all documents have been produced. No privilege log has been provided by Defendants. | Paragraph 11 of the Intructions provides a narrow timeline. Defendant further fails to specify the basis for its other boilerplate objections. If Defendant chooses to make an election pursuant to FRCP 33(d), then it should be required to provide the information required by the Rule. |
| 11 | Identify all applications that have been filed with the Board, including applications for conditional uses, variances, site plan, subdivision, building permits, rezoning, appeals, interpretations or otherwise, for any assembly or institutional land uses, including but not limited to schools or other educational institutions, day care centers, vocational schools, hospitals or other medical facilities, auditoriums, stadiums, halls, clubs, lodges, youth centers, social organizations or camps, convalescent or nursing homes, correctional facility or correctional placement residence, conference centers, commercial recreation or theaters, within the Township. | This interrogatory is an instruction and furthermore requests substantially similar information to that which is requested in Plaintiffs' document demands. Furthermore, this request is overly broad, unduly burdensome and fails to specify a relevant timeline. Subject to and notwithstanding these objections, Plaintiff is directed to the Township's Document Production. | This Interrogatory requests a response; it is not an instruction. This Answer is nonresponsive. Defendant directs Plaintiffs to a document production that is materially incomplete. | Paragraph 11 of the Intructions provides a narrow timeline. Defendant further fails to specify the basis for its other boilerplate objections. If Defendant chooses to make an election pursuant to FRCP 33(d), then it should be required to provide the information required by the Rule. |

| First Set of Interrogatories to Defendant (Zoning Board of Adjustment) | | | | |
|---|---|---|---|---|
| Interrogatory # | Plaintiff's Interrogatory | Defendant Answer | Issue | Deficiency |
| 12 | Identify all lawsuits in any court to which the Board has been a party arising from any claim relating to land use; zoning; housing; real estate transactions; or compliance with federal, state, or local civil rights or nondiscrimination ordinances, statutes, or laws applicable to housing. | This interrogatory is an instruction and furthermore requests substantially similar information to that which is requested in Plaintiffs' document demands. Furthermore, this request is overly broad, unduly burdensome and fails to specify a relevant timeline. Subject to and notwithstanding these objections, Plaintiff is directed to the Township's Document Production. | This Interrogatory requests a response; it is not an instruction. To the extent that the Defendants have produced any documents that could be deemed responsive, there is no way for Plaintiffs to know whether all responsive documents have been produced. No privilege log. | This Answer is nonresponsive. This Interrogatory seeks information that is readily available to the Defendant and is relevant to Plaintiffs' claims. This interrogatory seeks information regarding lawsuits relevant to Plaintiffs' claims in which the Board was a party. Paragraph 11 of the instructions provides a timeframe of January 1, 2009 to the present. Defendant has failed to provide specific objections as required. Further, Defendant cannot unilaterally choose to convert this Interrogatory into a Request for Production. If Defendant wishes to make an election pursuant to FRCP 33(d), then it should be required to provide the information required by that Rule. |

| First Set of Interrogatories to Defendant (Zoning Board of Adjustment) | | | | |
|---|---|---|---|---|
| Interrogatory # | Plaintiff's Interrogatory | Defendant Answer | Issue | Deficiency |
| 13 | Identify all complaints of discrimination on any protected classification covered by the federal Fair Housing Act or New Jersey Law Against Discrimination, including on the basis of race, creed, color, national origin, or familial status, whether informal or formal, written or oral, that have been made against the Board in any form. | This interrogatory is an instruction and furthermore requests substantially similar information to that which is requested in Plaintiffs' document demands. Defendants also object on the ground that the Fair Housing Act is inapplicable to the instant matter. Furthermore, this request is overly broad, unduly burdensome and fails to specify a relevant timeline. Subject to and notwithstanding these objections, Plaintiff is directed to the Township's Document Production. Furthermore, Defendants reserve the right to supplement or amend this response as discovery continues. | Nonresponsive; not overly broad as described above; still have not received the documents; insuficient grounds to claim FHA irrelevant.  To the extent that the Defendants have produced any documents that could be deemed responsive, there is no way for Plaintiffs to know whether all responsive documents have been produced. No privilege log. | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4). This Interrogatory seeks information that is readily available to the Defendant and is relevant to Plaintiffs' claims. This interrogatory seeks information regarding lawsuits relevant to Plaintiffs' claims in which the Board was a party. Paragraph 11 of the instructions provides a timeframe of January 1, 2009 to the present.  Defendant has failed to provide specific objections as required. Further, Defendant cannot unilaterally choose to convert this Interrogatory into a Request for Production. If Defendant wishes to make an election pursuant to FRCP 33(d), then it should be required to provide the information required by that Rule. |
| 17 | Identify the "administrative remedies" that the Zoning Board found the Plaintiffs to have failed to exhaust, as stated in paragraph 10 of the Zoning Board's findings of fact and conclusions of law in Resolution 2021-06 in Appeal No. 13687. | Defendants Object to this interrogatory as the remedies were identified in the resolution. Further, such documents are equally available to Plaintiffs. In an effort to be responsive to this request, Plaintiffs are directed to TOMS RIVER_BB_0000001-0000026. | This Interrogatory requests a response; it is not an instruction. This Answer is nonresponsive. Defendant directs Plaintiffs to a document production that is materially incomplete. | The information sought is relevant to this action. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), Plaintiff seeks the requested information. Please also indicate whether documents are being withheld on any basis. If documents are being withheld, please state the basis. |

| First Set of Interrogatories to Defendant (Zoning Board of Adjustment) | | | | |
|---|---|---|---|---|
| Interrogatory # | Plaintiff's Interrogatory | Defendant Answer | Issue | Deficiency |
| 18 | Identify the "administrative remedies" that the Zoning Board found the Plaintiffs to have failed to exhaust, as stated in paragraph 9 of the Zoning Board's findings of fact and conclusions of law in Resolution 2021-07 in Appeal No. 13687. | Defendants Object to this interrogatory as the remedies were identified in the resolution. Further, such documents are equally available to Plaintiffs. In an effort to be responsive to this request, Plaintiffs are directed to TOMS RIVER_BB_0000001-0000026. | This Interrogatory requests a response; it is not an instruction. This Answer is nonresponsive. Defendant directs Plaintiffs to a document production that is materially incomplete. | This Answer is nonresponsive. Paragraph 9 of the Board's findings of fact and conclusions of law in Resolution 2021-06 in Appeal No. 13687 does not list the administrative remedies it refers to. Further, identifying 26 pages for Plaintiffs to hunt through and guess at, does not meet the standard set forth in FRCP 33(d). Plaintiffs are entitled to a specific answer to this narrowly-tailored interrogatory. |
| 19 | Please state whether site plan approval pursuant to Section 348-6.2 D of the Township of Toms River Land Use Code must be obtained prior to the issuance of a zoning permit and, if the answer is in the affirmative, set forth in detail the factual basis for such statement. | Plaintiff is directed to the Township of Toms River Municipal Code at §348-6.2D. The ordinance requirements are plainly stated and speak for themselves. Plaintiff is referred to Section 348-6.2(D)(1) which can be accessed at: https://ecode360.com/12010732?highlight=&searchId=14228094292146376#12010732 | This Interrogatory requests a response; it is not an instruction. This Answer is nonresponsive. Defendant directs Plaintiffs to a document production that is materially incomplete. | This Answer is nonresponsive. This Interrogatory seeks information that is readily available to the Defendant and is relevant to Plaintiffs' claims. Defendant in its Answer to First Amended Complaint (ECF No. 63 at ¶¶ 86 and 88) stated there were "various other reasons for the application's denial including the failure to obtain approval for its site plan." This interrogatory seeks the factual basis for this assertion. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |

| First Set of Interrogatories to Defendant (Zoning Board of Adjustment) | | | | |
|---|---|---|---|---|
| Interrogatory # | Plaintiff's Interrogatory | Defendant Answer | Issue | Deficiency |
| 20 | Please identify all regulatory interests that the Board contends are furthered by the denial of Plaintiffs' Zoning Permit Application to build a place of worship on the Subject Property. For each such regulatory interest asserted, set forth in detail the nature of the interest, whether the Defendant considered any less restrictive means to achieve such interest other than denying Plaintiffs' Zoning Permit Application, and if so, the reason each such less restrictive means was rejected. | See general objections. Subject to and without waiving any objection, see the response to interrogatory 6 as this response seeks substantially similar information. Further, the Zoning Board complied with the Township's Zoning Ordinances which existed at the time. The same have been amended since the filing of this matter which allow houses of worship in the RR Zone as a conditional use. To the extent that the proposed use may require additional deviation from the Ordinance, Plaintiffs are free to seek variances for such departures. | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4).; question doesn't ask whether the Zoning Board decision complied with Ordinances--it asks to identify the regulatory interests served by denying the Permit Application. | The information sought is relevant to this action. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), Plaintiff seeks the requested information. Please also indicate whether documents are being withheld on any basis. If documents are being withheld, please state the basis. |
| 21 | Please identify all regulatory interests that the Board contends are furthered by the denial of Plaintiffs' Zoning Interpretation Application to build a place of worship on the Subject Property. For each such regulatory interest asserted, set forth in detail the nature of the interest, whether the Defendant considered any less restrictive means to achieve such interest other than denying Plaintiffs' Zoning Interpretation Application, and if so, the reason each such less restrictive means was rejected. | See general objections. Subject to and without waiving any objection, see the response to interrogatory 6 as this response seeks substantially similar information. Further, the Zoning Board complied with the Township's Zoning Ordinances which existed at the time. The same have been amended since the filing of this matter which allow houses of worship in the RR Zone as a conditional use. To the extent that the proposed use may require additional deviation from the Ordinance, Plaintiffs are free to seek variances for such departures. | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4) | The information sought is relevant to this action. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), Plaintiff seeks the requested information. Please also indicate whether documents are being withheld on any basis. If documents are being withheld, please state the basis. |

| First Set of Document Requests to Defendant (Township) | | | | |
|---|---|---|---|---|
| Request # | Plaintiff's Request | Defendant's Response | Issue | Deficiency |
| 5 | All documents relating to the events, facts or allegations set forth in Plaintiffs' First Amended Complaint. | Defendants object as this interrogatory is vague, overbroad and not reasonably calculated to lead to the discovery of relevant admissible evidence. Furthermore, Plaintiffs complaint details a number of "events" that bear no relation to application that was denied. Subject to and without waiving any objection, Plaintiff is directed to the Defendants Document Production referring to the subject application, denial, and appeal documents in this matter. | Defendant improperly holds onto documents on the grounds that they bear no relation to the application.  To the extent that the Defendants have produced any documents that could be deemed responsive, there is no way for Plaintiffs to know whether all responsive documents have been produced. No privilege log. | This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. Defendant's objection that this Request is "vague, overbroad and not reasonably calculated to lead to the discovery of relevant admissible evidence" is inapplicable. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |
| 12 | All documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of all Toms River public bodies, including, but not limited to, the Township Council, Township Planning Board, and Township committees as well as Township officials, planning professionals, employees, agents and/or representatives, related to the introduction, development, drafting, promulgation, passage and implementation of Ordinance No. 4558-17. | This request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant admissible evidence. Furthermore Ordinance 4558-17 was repealed and replaced pursuant to litigation with the United States Department of Justice and predates Plaintiff's application to develop its lot. However in an effort to be responsive to this request Plaintiff is directed to TOMS RIVER0001729-0001833. | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4). | This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. The Defendant only cites to TOMS RIVER0001729-0001833, which contain Ordinance No. 4558-17, and to the Township Council minutes relating to the resolution adopting the same. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |

| First Set of Document Requests to Defendant (Township) | | | | |
|---|---|---|---|---|
| Request # | Plaintiff's Request | Defendant's Response | Issue | Deficiency |
| 13 | All documents, including but not limited to, transcripts, reports, minutes, resolutions, and correspondence including emails, between or among the Council and/or Township, including, but not limited to, committees as well as officials, planning professionals, employees, agents and/or representatives, Plaintiffs, or any third parties, including members of the public related to the Township regulation of churches and places of worship, including but not limited to conditional use requirements for churches and places of worship. | Defendants object on the ground that this is overly burdensome Plaintiffs are directed to the Township's January 22, 2018 Report on Amendments to Land Use Ordinances Governing Houses of Worship. See TOMS RIVER0002298-0002318. | Nonresponsive; information is readily available to the Defendants. To the extent that the Defendants have produced any documents that could be deemed responsive, there is no way for Plaintiffs to know whether all responsive documents have been produced. No privilege log. | This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. The Defendant only cites to the Township's January 22, 2018 "Report on Amendments to Land Use Ordinances Governing Houses of Worship" TOMSRIVER0002298-0002318. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |
| 14 | All documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of all Toms River public bodies, including, but not limited to, the Township Council, Township Planning Board, and Township committees as well as Township officials, planning professionals, employees, agents and/or representatives, related to the Department of Justice's ("DOJ") investigation of the Township related to the Township's zoning regulations for places of worship. | Plaintiffs referred to the response in demand 13. | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4). | This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. Defendant's reference to the Township's January 22, 2018 "Report on Amendments to Land Use Ordinances Governing Houses of Worship" TOMSRIVER0002298-0002318 is nonresponsive. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |

| First Set of Document Requests to Defendant (Township) | | | | |
|---|---|---|---|---|
| Request # | Plaintiff's Request | Defendant's Response | Issue | Deficiency |
| 15 | All documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of all Toms River public bodies, including, but not limited to, the Township Council, Township Planning Board, and Township committees as well as Township officials, planning professionals, employees, agents and/or representatives, related to the discussions and negotiations with the DOJ related to religious land uses. | Defendants Object on the Ground that this request seeks attorneyclient privileged communications. To the extent that this request does not seek privileged communications, Plaintiffs are directed to the Township's January 22, 2018 Report on Amendments to Land Use Ordinances Governing Houses of Worship. See TOMS RIVER0002298-0002318. Plaintiffs are also directed to the Township's meeting minutes of June 22, 2021 and adopted on July 13, 2021. | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificty requirements of FRCP 33(b)(4). | This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. Defendant's reference to the Township's January 22, 2018 "Report on Amendments to Land Use Ordinances Governing Houses of Worship" TOMSRIVER0002298-0002318 and the Township's meeting minutes is nonresponsive. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |
| 16 | All documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of all Toms River public bodies, including, but not limited to, the Township Council, Township Planning Board, and Township committees as well as Township officials, planning professionals, employees, agents and/or representatives, related to the Consent Order between the Township and DOJ. | Defendants Object on the Ground that this request seeks attorneyclient privileged communications. To the extent that this request does not seek privileged communications, Plaintiffs are directed to the Township's January 22, 2018 Report on Amendments to Land Use Ordinances Governing Houses of Worship. See TOMS RIVER0002298-0002318. Plaintiffs are also directed to the Township's meeting minutes of June 22, 2021 and adopted on July 13, 2021. | Nonresponsive; information should be presented not directed; is there really sufficient grounds for attorney client privilege? | This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. Defendant's reference to the Township's January 22, 2018 "Report on Amendments to Land Use Ordinances Governing Houses of Worship" TOMSRIVER0002298-0002318 and the Township's meeting minutes is nonresponsive. Furthermore, it is unclear whether the Defendant Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |

| First Set of Document Requests to Defendant (Township) | | | | |
| --- | --- | --- | --- | --- |
| Request # | Plaintiff's Request | Defendant's Response | Issue | Deficiency |
| 17 | All documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of all Toms River public bodies, including, but not limited to, the Township Council, Township Planning Board, and Township committees as well as Township officials, planning professionals, employees, agents and/or representatives, related to changes to the Township Zoning Code pertaining to churches and places of worship after the entry of the Consent Order, including but not limited to Ordinance No. 4700-21. | See General Objections. Subject to and without waiving any such objection, the Ordinance was passed at a public hearing and Plaintiffs are in possession of the memorializing resolution. Meeting minutes are publicly available and Plaintiffs have equal access to the same via the Township's Website at https://tomsrivertownship.com/AgendaCenter. | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4). | This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. Defendant's reference to the Township's meeting minutes is nonresponsive. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |
| 18 | All documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of all Toms River public bodies, including, but not limited to, the Township Council, Township Planning Board, and Township committees as well as Township officials, planning professionals, employees, agents and/or representatives, related to changes to the Township Zoning Code pertaining to churches and places of worship after the entry of the Consent Order, including but not limited to Ordinance No. 4752-22. | See General Objections. Subject to and without waiving any such objection, the Ordinance was passed at a public hearing and Plaintiffs are in possession of the memorializing resolution. Meeting minutes are publicly available and Plaintiffs have equal access to the same via the Township's Website at https://tomsrivertownship.com/AgendaCenter. | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4). | This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. Defendant's reference to the Township's meeting minutes is nonresponsive. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |

| First Set of Document Requests to Defendant (Township) | | | | |
|---|---|---|---|---|
| Request # | Plaintiff's Request | Defendant's Response | Issue | Deficiency |
| 20 | All documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of all Toms River public bodies, including, but not limited to, the Township Council, Township Planning Board, and Township committees as well as Township officials, planning professionals, employees, agents and/or representatives, related to the regulation of churches and places of worship in the Township. | See General Objections. Further it is unclear what is being requested by this interrogatory which is overly broad and not reasonably calculated to lead to relevant admissible evidence. | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificty requirements of FRCP 33(b)(4). | This Response is nonresponsive.This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |
| 21 | A true and complete copy of the current zoning map of the Township. | Plaintiffs are directed to Defendants' website at: https://www.tomsrivertownship.com/DocumentCenter/View/137/30-by-42-ZoningMap-PDF Plaintiffs are also directed to TOMS RIVER0002126 | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4). | This Response is nonresponsive.This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. The hyperlink provided - https://www.tomsrivertownship.com/DocumentCenter/View/137/30-by-42-Zoning-Map-PDF - opens to a map but this does not conform to the Court's Stipulation and Order Regarding Discovery (ECF 58) which provides at paragraph 6, subparagraph a): "The Parties agree that productions must be endorsed with sequential Bates numbers . . . ." And TOMS RIVER0002126 is a map but based on its legend was never adopted by the Township. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |

| First Set of Document Requests to Defendant (Township) | | | | |
|---|---|---|---|---|
| Request # | Plaintiff's Request | Defendant's Response | Issue | Deficiency |
| 22 | The current version of any zone plan, master plan, comprehensive plan or similar document of the Township. | Plaintiffs are directed to the publicly available master plan documents: https://www.tomsrivertownship.com/281/Master-Plan-Documents . | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4). | This Response is nonresponsive.This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. The hyperlink provided - https://www.tomsrivertownship.com/281/Master-Plan-Documents. - opens to various Master Plan elements, but they do not conform to the Court's Stipulation and Order Regarding Discovery (ECF 58) which provides at paragraph 6, subparagraph a): "The Parties agree that productions must be endorsed with sequential Bates numbers . . . ." Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |

| | | First Set of Document Requests to Defendant (Township) | | |
|---|---|---|---|---|
| Request # | Plaintiff's Request | Defendant's Response | Issue | Deficiency |
| | | | | This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. First, the Defendant's Response directs Plaintiffs to TOMS RIVER0003796-3827 but then refers to a document (TWP004472) produced in 1940 Route 9 LLC v. Twp. of Toms River, 18-cv-8008. The Defendant has not produced TOMS RIVER0003796-3827. Second, the highest Bates number using the "TOMS RIVER" nomenclature that has been produced in this litigation is TOMS RIVER0002327. Please confirm that the documents with Bates numbers between TOMS RIVER0002327 and TOMS RIVER0003796 will be produced. Second, Defendant's Response refers to TOMS RIVER0000652-TOMS RIVER0001100. The final document bears the original page number 39. The next document, TOMS RIVER0001101, is page 40, which reads: "6 Appendix: Implementing Ordinances", but no documents follow. Please complete the production. Third, the hyperlink provided - https://www.tomsrivertownship.com /281/Master-Plan-Documents - opens to various "Master Plan" elements, but they do not conform to the Court's Stipulation and Order Regarding Discovery (ECF 58) which provides at paragraph 6, subparagraph a): "The Parties agree that productions must be endorsed with sequential Bates numbers . . . ." Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please |
| | All prior versions of any zone plan, master plan, comprehensive plan or similar | Plaintiffs are directed to Defendants Document Production at TOMS RIVER0000652-TOMS RIVER0001100; 0002030-2125; 0003796-38271 . In addition Plaintiffs are directed to the publicly available master plan documents for the Township's most recent master plan adopted in 2017 and an addendum adopted in 2019: | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the | |

| First Set of Document Requests to Defendant (Township) | | | | |
|---|---|---|---|---|
| Request # | Plaintiff's Request | Defendant's Response | Issue | Deficiency |
| 25 | All documents relating to Plaintiffs, the Subject Property, Plaintiffs' Zoning Permit Application, and/or Plaintiffs' Zoning Interpretation Application. | Plaintiffs are in Possession of the Application and the Denial of the same. Likewise Plaintiff is in possession of the Zoning Board Decision as both are referenced in the Complaint. | Nonresponsive; request was for all documents *relating* to the subject matter, not just the subject matter itself. | This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. "Relating to" is a defined term in Plaintiffs' First Set of Requests for Production of Documents to Defendant Township of Toms River, New Jersey. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |
| 26 | All documents reflecting any and all meetings, calendar items and/or appointments relating to Plaintiffs, the Subject Property, Plaintiffs' Zoning Permit Application, and/or Plaintiffs' Zoning Interpretation Application. | Subject to and without waiving any objection. See response to 25. | Nonresponsive; request was for all documents *relating* to the subject matter, not just the subject matter itself. | This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. "Relating to" is a defined term in Plaintiffs' First Set of Requests for Production of Documents to Defendant Township of Toms River, New Jersey. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |

| | First Set of Document Requests to Defendant (Township) | | | |
|---|---|---|---|---|
| Request # | Plaintiff's Request | Defendant's Response | Issue | Deficiency |
| 30 | For each member of the Township Council and the Mayor for the time period of January 1, 2017 through the present date, please provide the complete downloaded account for any social media account you have maintained, including, but not limited to, Facebook, Myspace Twitter, Snapchat, Instagram, Tumblr, Reddit, LinkedIn, Whatsapp, Youtube, Tiktok, MeWe, Parler, Nextdoor, and/or Citizen page or account you maintain or maintained. | Subject to and without waiving any objection, Defendants object as this request is overly broad and not reasonably calculated to lead to relevant admissible evidence. The crux of Plaintiff's complaint is that Plaintiff's land use application was denied in September of 2020. Plaintiff did not identify when it purchased the property, but the alleged denial refers to a period beginning in August 2020 until this matter was filed in February 2021. As such this request seeks information that is far beyond the scope of the period for which damages are alleged in this matter. Furthermore, and without waiving any objection any and all such relevant documents that may be located pursuant to any e-discovery search will be provided after they are downloaded. | Nonresponsive; the time period is relevant despite being before Plaintiff's bought the property to prove Arlington Heights animus factors. | This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |

| First Set of Document Requests to Defendant (Township) | | | | |
|---|---|---|---|---|
| Request # | Plaintiff's Request | Defendant's Response | Issue | Deficiency |
| 34 | All documents, including but not limited to, transcripts, reports, minutes, resolutions, and correspondence including emails, between or among the Township, Township Council, any of the Township's bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives, Township Staff, and any other Persons acting or purporting to act on behalf of the Township, the Plaintiffs or any third parties, including members of the public, related to the Jewish community, Jewish persons or the Jewish religion, including the Orthodox Jewish community, persons or religion. | Defendants object on the ground that this interrogatory is vague and overly broad. Subject to and without waiving any objection, Defendants direct plaintiff to Defendants to the documents produced pursuant to this request. Defendants reserve the right to supplement or amend this response as discovery continues. | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4). | This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. Directing Plaintiffs generally to production is an insufficient response. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |
| 35 | All documents, including but not limited to, transcripts, reports, minutes, resolutions, and correspondence including emails, between or among the Council and/or Township, including, but not limited to, committees as well as officials, planning professionals, employees, agents and/or representatives, Plaintiffs, or any third parties, including members of the public related to Jews, including Orthodox Jews, moving to Toms River. | Defendants object on the ground that this interrogatory is vague and overly broad. Subject to and without waiving any objection, Defendants direct plaintiff to Defendants to the documents produced pursuant to this request. Defendants reserve the right to supplement or amend this response as discovery continues. | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4). | This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. Directing Plaintiffs to production is an insufficient response. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |

| First Set of Document Requests to Defendant (Township) | | | | |
|---|---|---|---|---|
| Request # | Plaintiff's Request | Defendant's Response | Issue | Deficiency |
| 36 | All documents, including but not limited to, transcripts, reports, minutes, resolutions, and correspondence including emails, between or among the Council and/or Township, including, but not limited to, committees as well as officials, planning professionals, employees, agents and/or representatives, Plaintiffs, or any third parties, including members of the public related to efforts to prevent Orthodox Jews from moving to Toms River. | Defendants object to this request as it assumes facts not inevidence. Furthermore this discovery request demands documents not relevant to the issue of damages resulting from the denial of Plaintiff's application filed in August 2020 which was denied and subsequently denied by the Zoning Board Of Adjustment. In an effort to be responsive to Plaintiff's request Plaintiff is referred to TOMS RIVER0001952-00001956; TOMS RIVER0002009-2024; TOMS RIVER0002025-2026. RIVER0002027, 2029. | This response is non-responsive. To the extent that the Defendants have produced any documents that could be deemed responsive, there is no way for Plaintiffs to know whether all responsive documents have been produced because Defendants have not produced a privilege log. | This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. Defendant's reference to documents related to "Rise Up Ocean County" is nonresponsive. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |
| 37 | All documents, including but not limited to, transcripts, reports, minutes, resolutions, and correspondence including emails, between or among the Council and/or Township, including, but not limited to, committees as well as officials, planning professionals, employees, agents and/or representatives, Plaintiffs, or any third parties, including members of the public related to efforts to prevent synagogues from being constructed in Toms River. | Defendants object to this request as it assumes facts, is vague and overly broad. Furthermore this discovery request demands documents not relevant to the issue of damages resulting from the denial of Plaintiff's application filed in August 2020. | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4). | This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. Pursuant to the Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |

| First Set of Document Requests to Defendant (Township) | | | | |
|---|---|---|---|---|
| Request # | Plaintiff's Request | Defendant's Response | Issue | Deficiency |
| 52 | Provide all applications made to, and all certificates granted by, the Township pursuant to N.J. Stat. Ann. § 40:55D-68 regarding land uses rendered nonconforming by the passage of the Ordinance No. 4700-21. | This interrogatory is best addressed by the same interrogatory served on the ZBA. To that end, Plaintiffs are referred to the ZBA answers to interrogatories. | Defendant's response has no relation to Plaintiff's request. | This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. This Request seeks information related to any applications made to the Township as provided in N.J. Stat. Ann. § 40:55D-68 which provides: "Application pursuant hereto may be made to the administrative officer within one year of the adoption of the ordinance which rendered the use or structure nonconforming . . . ." Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |
| 53 | Provide all applications made to, and all certificates granted by, the Township pursuant to N.J. Stat. Ann. § 40:55D-68 regarding land uses rendered nonconforming by the passage of the Ordinance No. 4752-22. | This interrogatory is best addressed by the same interrogatory served on the ZBA. To that end, Plaintiffs are referred to the ZBA answers to interrogatories. | Defendant's response has no relation to Plaintiff's request. | This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. This Request seeks information related to any applications made to the Township as provided in N.J. Stat. Ann. § 40:55D-68 which provides: "Application pursuant hereto may be made to the administrative officer within one year of the adoption of the ordinance which rendered the use or structure nonconforming . . . ." Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |

| First Set of Document Requests to Defendant (Township) | | | | |
|---|---|---|---|---|
| Request # | Plaintiff's Request | Defendant's Response | Issue | Deficiency |
| 54 | All communications related to the Board's statement in paragraph 5 of Resolution 2021-08: "The Zoning Board of Adjustment is not a local government pursuant to RLUIPA." | This demand is best addressed by the same interrogatory served on the ZBA. To that end, Plaintiffs are referred to the ZBA answers to interrogatories and document demands. | Defendant's response has no relation to Plaintiff's request. | This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |
| 55 | All communications related to the Board's statement in paragraph 4 of Resolution 2021-09: "The Zoning Board of Adjustment is not a local government pursuant to RLUIPA." | This demand is best addressed by the same interrogatory served on the ZBA. To that end, Plaintiffs are referred to the ZBA answers to interrogatories and document demands. | Defendant's response has no relation to Plaintiff's request. | This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |
| 59 | All resolutions from the Township's Planning Board regarding churches and places of worship within the Township. | Defendants object as this interrogatory fails to specify a timeline and further objects on the ground that this request is overly broad, unduly burdensome and not reasonably calculated to lead to relevant admissible evidence. Further this request goes beyond the scope of determining damages in this matter | Request was not for an interrogatory, and time period provided in instructions narrowed the scope. | This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. As stated in paragraph 12 of the instructions in Plaintiffs' First Set of Requests for Production of Documents to Defendant Township of Toms River: "Unless otherwise specified, the relevant time period to which these requests refer is January 1, 2009 to the present day." Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |

| First Set of Document Requests to Defendant (Township) | | | | |
|---|---|---|---|---|
| Request # | Plaintiff's Request | Defendant's Response | Issue | Deficiency |
| 60 | All documents regarding applications, including applications for conditional uses, variances, site plan, subdivision, building permits, rezoning, appeals, interpretations or otherwise, for churches and places of worship within the Township. | This demand is best directed to the ZBA. | Defendant's response has no relation to Plaintiff's request. Further, the Township code states that applications are first made to the Administrative Officer and directing Plaintiff to another party is insufficient. | This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. The Township code at § 348-6.2.A states that applications to, among others, construct a new building or change the use on any land must "first be made to the Administrative Officer for issuance of a development permit." Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |

| | Second Set of Document Requests to Defendant (Township) | | | |
|---|---|---|---|---|
| Request # | Plaintiff's Request | Defendant's Response | Issue | Deficiency |
| 1 | All documents, including communications, relating to the "Quality of Life Task Force." | See General Objections. Further, this request seeks information that is not relevant to the claims advanced by Plaintiff's in their First Amended Complaint. Defendants further object to this request insofar as it is unduly burdensome and not likely to lead to the discovery of relevant admissible evidence. However, in an effort to be responsive to this request Plaintiffs are directed to the attached documents as well as the forthcoming ESI Production. | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4). | This Response is non-responsive. This Request seeks documents that are readily available to Defendant Township and are relevant to Plaintiffs' claims. The First Amended Complaint sets out allegations in paragraphs 111-130 regarding the animus expressed by Township residents against the Orthodox Jewish community as well as the Township's willingness to enact laws in response. From the documents produced by the Township in response to Plaintiffs' First Request for Production of Documents, the Plaintiffs learned for the first time there exists a Quality of Life Task Force ("Task Force") in the Township (e.g. TOMSRIVER_ESI006201-TOMSRIVER_ESI006202 TOMSRIVER_ESI006201). Based on a document produced in Defendant Township's response to Plaintiffs' second request for 2 production—TOMS RIVER_BB_0000174—the Task Force was formed in the period of time mentioned in paragraphs 111-130 and just before the Subject Property (as defined in ECF No. 61 ¶ 1) was purchased in December of 2017. Further, Plaintiffs are within their rights to inquire into information that becomes known to them during the course of the discovery process. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |

| Second Set of Document Requests to Defendant (Township) | | | | |
|---|---|---|---|---|
| Request # | Plaintiff's Request | Defendant's Response | Issue | Deficiency |
| 2 | All communications, including emails and attachments, sent by, received by, or copied to the email address of "QualityoflifeTaskForce@trpolice .org". | See General Objections. Further, this request seeks information that is not relevant to the claims advanced by Plaintiff's in their First Amended Complaint. Defendants further object to this request insofar as it is unduly burdensome and not likely to lead to the discovery of relevant admissible evidence. However, in an effort to be responsive to this request Plaintiffs are directed to the attached documents as well as the forthcoming ESI Production. | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4). | This Response is non-responsive. This Request seeks documents that are readily available to Defendant Township and are relevant to Plaintiffs' claims. The First Amended Complaint sets out allegations in paragraphs 111-130 regarding the animus expressed by Township residents against the Orthodox Jewish community as well as the Township's willingness to enact laws in response. From the documents produced by the Defendant Township in response to Plaintiffs' First Request for Production of Documents, the Plaintiffs learned for the first time there exists a Quality of Life Task Force ("Task Force") in the Township (e.g. TOMSRIVER_ESI006201-TOMSRIVER_ESI006202 TOMSRIVER_ESI006201). Based on a document produced in Defendant Township's Response to Plaintiffs' Second Request for Production of Documents— TOMS RIVER_BB_0000174—the Task Force was founded in the period of time mentioned in paragraphs 111-130 and just before the Subject Property (as defined in ECF No. 61 ¶ 1) was purchased in December of 2017. This Request seeks documents related to the Quality of Life Task Force which are relevant to the Plaintiffs' claims regarding the hostility to houses of worship in the Township. Furthermore, Plaintiffs are within their rights to inquire further into information that becomes known to them during the course of the discovery process. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |

| Second Set of Document Requests to Defendant (Township) | | | | |
|---|---|---|---|---|
| Request # | Plaintiff's Request | Defendant's Response | Issue | Deficiency |
| 3 | All documents, including communications, reflecting the members of the "Quality of Life Task Force." | See General Objections. Further, this request seeks information that is not relevant to the claims advanced by Plaintiff's in their First Amended Complaint. Defendants further object to this request insofar as it is unduly burdensome and not likely to lead to the discovery of relevant admissible evidence. However, in an effort to be responsive to this request Plaintiffs are directed to the attached documents, specifically TOMS RIVER_BB_0000174 as well as the forthcoming ESI Production. | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4). | This Response is non-responsive. This Request seeks documents that are readily available to the Defendant Township and are relevant to Plaintiffs' claims. The First Amended Complaint sets out allegations in paragraphs 111-130 regarding the animus expressed by Township residents against the Orthodox Jewish community as well as the Township's willingness to enact laws in response. From the documents produced by the Township in response to Plaintiffs' First Request for Production of Documents, the Plaintiffs learned for the first time there exists a Quality of Life Task Force ("Task Force") in the Township (e.g. TOMSRIVER_ESI006201-TOMSRIVER_ESI006202 TOMSRIVER_ESI006201). Based on a document produced in Defendant Township's response to Plaintiffs' Second Request for Production of Documents—TOMS RIVER_BB_0000174—the Task Force was founded in the period of time mentioned in paragraphs 111-130 and just before the Subject Property (as defined in ECF No. 61 ¶ 1) was purchased in December of 2017. Furthermore, Plaintiffs are within their rights to inquire further into information that becomes known to them in the discovery process. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |

| Second Set of Document Requests to Defendant (Township) | | | | |
|---|---|---|---|---|
| Request # | Plaintiff's Request | Defendant's Response | Issue | Deficiency |
| 4 | All documents, including communications, regarding the formation of the "Quality of Life Task Force." | See General Objections. Further, this request seeks information that is not relevant to the claims advanced by Plaintiff's in their First Amended Complaint. Defendants further object to this request insofar as it is unduly burdensome and not likely to lead to the discovery of relevant admissible evidence. However, in an effort to be responsive to this request Plaintiffs are directed to the attached documents at TOMS RIVER_BB_0000174, 0000179 as well as the forthcoming ESI Production. | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificty requirements of FRCP 33(b)(4). | This Response is non-responsive. This Request seeks documents that are readily available to the Defendant Township and are relevant to Plaintiffs' claims. The First Amended Complaint sets out allegations in paragraphs 111-130 regarding the animus expressed by Township residents against the Orthodox Jewish community as well as the Township's willingness to enact laws in response. From the documents produced by the Township in response to Plaintiffs' First Request for Production of Documents, the Plaintiffs learned for the first time there exists a Quality of Life Task Force ("Task Force") in the Township (e.g. TOMSRIVER_ESI006201-TOMSRIVER_ESI006202 TOMSRIVER_ESI006201). Based on a document produced in Defendant Township's response to Plaintiffs' Second Request for Production of Documents—TOMS RIVER_BB_0000174—the Task Force was founded in the period of time mentioned in paragraphs 111-130 and just before the Subject Property (as defined in ECF No. 61 ¶ 1) was purchased in December of 2017. Furthermore, Plaintiffs' are within their rights to inquire further into information that becomes known to them in the discovery process. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |

| Third Set of Document Requests to Defendant (Township) | | | | |
|---|---|---|---|---|
| Request # | Plaintiff's Request | Defendant's Response | Issue | Deficiency |
| 1 | All documents, including communications, applications, reports and resolutions, regarding and relating to applications for conditional uses, variances, site plan, subdivision, building permits, rezoning, appeals, interpretations or otherwise for any "place of assembly" as defined by Township Code § 348-8.20.O.(14) as well as schools or other educational institutions, day care centers, vocational schools, hospitals or other medical facilities, auditoriums, stadiums, halls, clubs, lodges, youth centers, social organizations or camps, convalescent or nursing homes, correctional facility or 12 correctional placement residence, conference centers, commercial recreation or theaters, within the Township or its Boards. | See General Objections. Subject to and without waiving any such objection, this demand seeks information that is not relevant to the claims advanced by Plaintiff in this matter. Moreover, this demand does not indicate a specific timeframe to which this request applies. | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificty requirements of FRCP 33(b)(4). | This Response is non-responsive. This Request seeks documents that are readily available to Defendant Township. The documents requested are entirely germain to Plaintiffs' claims under the Religious Land Use and Institutionalized Persons Act and the U.S. Constitution. Furthermore, the Request applies to the timeframe specified in section thirteen of 2 Plaintiffs' Third Set of Requests for Production of Documents to Defendant Township of Toms River, New Jersey which reads in part: "Unless otherwise specified, the relevant time period to which these requests refer is January 1, 2009 to the present day. However, if any information prior to January 1, 2009 is necessary for a correct or complete understanding of any request, the earlier information is to be provided as well." Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |
| 2 | All documents regarding "blockbusting" in the Township. | See General Objections. Subject to and without waiving any such objection, this demand seeks information which has previously been produced relative to the Route 9 litigation which Plaintiff has in its custody and control. Furthermore Plaintiffs refer to the same documents in their complaint and therefore it appears that the same are already in the custody and/or control of Plaintiffs. | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificty requirements of FRCP 33(b)(4). | This Response is non-responsive. This Request seeks documents that are readily available to the Defendant Township and are relevant to Plaintiffs' claims. The Defendant Township's Response directs Plaintiffs to documents produced in a separate case, but does not state which specific documents it refers to as responsive to Plaintiffs' Request. Per the Court's Order of August 4, 2022 (ECF No. 42), if "Defendants believe that they have produced responsive documents in any of the Toms River Cases, Defendants may identify the documents by Bates number that have been previously produced that it claims are responsive to the document requests in lieu of re-producing the documents." Defendant Township's duty under the Federal Rules of Civil Procedure cannot be met by referring to unidentified documents produced in a separate litigation. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |

| Third Set of Document Requests to Defendant (Township) | | | | |
|---|---|---|---|---|
| Request # | Plaintiff's Request | Defendant's Response | Issue | Deficiency |
| 3 | All documents regarding complaints about and notices of violation issued regarding real estate and for sale signs in the Township. | See General Objections. Subject to and without waiving any such objection, this demand is overly broad, and not likely to lead to relevant admissible evidence. Moreover this demand does not indicate a specific timeframe to which this request applies. | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificty requirements of FRCP 33(b)(4). | This Response is non-responsive. This Request seeks documents that are readily available to Defendant Township and are relevant to Plaintiffs' claims. The First Amended Complaint sets out allegations in paragraphs 111-130 regarding the animus expressed by Township residents against the Orthodox Jewish community as well as the Township's willingness to enact laws in response. The Request applies to the timeframe specified in section thirteen of Plaintiffs' Third Set of Requests for Production of Documents to Defendant Township of Toms River, New Jersey which reads in part: "Unless otherwise specified, the relevant time period to which these requests refer is January 1, 2009 to the present day. However, if any information prior to January 1, 2009 is necessary for a correct or complete understanding of any request, the earlier information is to be provided as well." Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |
| 5 | All documents regarding the investigation and/or monitoring of properties being utilized as purported shuls or places for worship for Orthodox Jews within the Township | See General Objections. Subject to and without waiving any such objection, Plaintiffs are referred to the voluminous and continuing ESI discovery production in this matter. Further, Defendants object to the characterization relative to the investigation and/or monitoring of properties being used as shuls or places of worship. To the extent that any such investigations took place, they were prompted by complaints to code enforcement. Documents relative to any such complaints will be produced in the ongoing ESI review and production. | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificty requirements of FRCP 33(b)(4). | This Response is non-responsive. This Request seeks documents that are readily available to the Defendant Township and are relevant to Plaintiffs' claims. The First Amended Complaint sets out allegations in paragraphs 111-130 regarding the animus expressed by Township residents against the Orthodox Jewish community as well as the Township's willingness to enact laws in response. The Defendant Township's Response directs Plaintiffs to documents previously produced, but does not state which specific documents it refers to as responsive to Plaintiffs' Request. To the extent they may be part of those documents produced in the 1940 litigation, per the Court's Order of August 4, 2022 (ECF No. 42), if "Defendants believe that they have produced responsive documents in any of the Toms River Cases, Defendants may identify the documents by Bates number that have been previously produced that it claims are responsive to the document requests in lieu of re-producing the documents." Defendant Township's duty under the Federal Rules of Civil Procedure cannot be met by referring to unidentified documents produced in a separate litigation. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |

| First Set of Document Requests to Defendant (Zoning Board of Adjustment) | | | | |
|---|---|---|---|---|
| Request # | Plaintiff's Request | Defendant's Response | Issue | Deficiency |
| 1 | All documents relating to the events, facts or allegations set forth in Plaintiffs' First Amended Complaint. | Defendants object as this interrogatory is vague, overbroad and not reasonably calculated to lead to the discovery of relevant admissible evidence. Furthermore, Plaintiffs complaint details a number of "events" that bear no relation to application that was denied. Subject to and without waiving any objection, Plaintiff is directed to the Defendants Document Production referring to the subject application, denial, and appeal documents in this matter which Plaintiffs have equal access to. | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificty requirements of FRCP 33(b)(4). | This Response is non-responsive. This Request seeks documents that are readily available to Defendant Township and are relevant to Plaintiffs' claims. |
| 2 | True and complete copies of all insurance policies under which a person carrying on an insurance business might be liable to pay all or part of the damages sought in this action. | A copy of the policy is located at the Office of Methfessel & Werbel at 2025 Lincoln Highway, Suite 200, Edison NJ 08818. However, the Policy declaration for this matter and the Companion matter in Khal Anshei was previously provided to Plaintiff's Counsel. | Plaintiff's response is disingenous and incredulous. Even if it is true that no such documents exist, it is not possible for Plaintiff's to make that determination because Plaintiffs have not produced a Privilege Log. | Plaintiff request that Defendant produce all documents related to insurance coverage for all relevant time periods. The information sought is relevant to this action. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), Plaintiff seeks the requested information. |
| 17 | Any and all appointment books, notebooks, journals, diaries, calendars, day-timers, e-mails or other such documents that contain, evidence, describe, or refer to any facts at issue in this lawsuit. | Subject to and without waiving any objection, there are no documents responsive to this request other than the notice of hearing in this matter which Plaintiffs have in their possession | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificty requirements of FRCP 33(b)(4). | The information sought is relevant to this action. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), Plaintiff seeks the requested information. Please also indicate whether documents are being withheld on any basis. If documents are being withheld, please state the basis. |

| First Set of Document Requests to Defendant (Zoning Board of Adjustment) | | | | |
|---|---|---|---|---|
| Request # | Plaintiff's Request | Defendant's Response | Issue | Deficiency |
| 30 | All Resolutions adopted by the Board regarding churches and places of worship within the Township. | See General Objections. Defendants object on the ground that this request fails to identify a relevant timeline and that the same is vague as to regarding churches and places of worship. As discovery remains ongoing, Defendants reserve the right to supplement or amend this response. | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4). | This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and is relevant to Plaintiffs' claims. As stated in paragraph 12 of the instructions of Plaintiffs' First Set of Requests for Production of Documents to Defendant Township of Toms River Zoning Board of Adjustment: "Unless otherwise specified, the relevant time period to which these requests refer is January 1, 2009 to the present day." Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |
| 31 | All documents regarding applications that have been filed with the Board, including applications for conditional uses, variances, site plan, subdivision, building permits, rezoning, appeals, interpretations or otherwise, for churches, mikvahs, and places of worship within the Township. | Defendants object on the ground that this request is overly broad, unduly burdensome and vague. However, in an effort to be responsive to this request and to the extent that such documentation has been provided previously to the Plaintiff. As such Plaintiff is directed to the Township's Document Production in this matter. As discovery remains ongoing, Defendants reserve the right to supplement or amend this response. | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4). | This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |

| First Set of Document Requests to Defendant (Zoning Board of Adjustment) | | | | |
|---|---|---|---|---|
| Request # | Plaintiff's Request | Defendant's Response | Issue | Deficiency |
| 32 | All resolutions of the Board regarding churches, mikvahs, and places of worship within the Township. | Defendants object on the ground that this request is overly broad, unduly burdensome and vague. However, in an effort to be responsive to this request and to the extent that such documentation has been provided previously to the Plaintiff. As such Plaintiff is directed to the Township's Document Production in this matter. As discovery remains ongoing, Defendants reserve the right to supplement or amend this response. | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4). | This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |
| 33 | Any documents provided to a state or federal agency related to an investigation of either Defendant. | Defendants object on the ground that this request is overly broad, unduly burdensome and vague. As discovery remains ongoing, Defendants reserve the right to supplement or amend this response. | Defendant's response has no relation to Plaintiff's request and relies upon boilerplate objections that do not meet the specificity requirements of FRCP 33(b)(4). | This Response is nonresponsive. This Request seeks documents that are readily available to the Defendant and are relevant to Plaintiffs' claims. Pursuant to the standard set forth in Federal Rule of Civil Procedure 26(b)(1), please provide the information sought. |