**STORZER & ASSOCIATES, P.C.**
Sieglinde K. Rath (#048131991)
Christopher K. Costa (#023251933)
Roman P. Storzer, *admitted pro hac vice*
Robin N. Pick, *admitted pro hac vice*
Melissa A. Bright, *admitted pro hac vice*
9433 Common Brook Rd., Ste. 208
Owings Mills, MD 21117
(410) 559-6325

*Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAIS BRUCHA INC. and RABBI MORDECHAI SEKULA,<br><br>    Plaintiffs,<br><br>    v.<br><br>TOWNSHIP OF TOMS RIVER, NEW JERSEY, and TOWNSHIP OF TOMS RIVER ZONING BOARD OF ADJUSTMENT,<br><br>    Defendants. | Case: 3:21-cv-03239-ZNQ-RLS<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY**<br><br>**(Returnable November 6, 2023)** |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY .......... 1

ARGUMENT ............................................................................................................ 1

   I.   DEFENDANTS HAVE FAILED TO ADEQUATELY RESPOND TO THE PLAINTIFFS' WRITTEN DISCOVERY REQUESTS ........................................ 1

      A.  Failure to provide any response to a discovery request. .............................. 3

      B.  Defendants' objections are baseless and do not excuse their failure to respond. ....................................................................................................... 4

      C.  Defendants' responses are irrelevant to Plaintiffs' Interrogatories and Requests. ..................................................................................................... 9

   II.  DEFENDANTS HAVE FAILED TO COMPLY WITH THE COURT'S ORDER OF JULY 31, 2023 (ECF NO. 92) ....................................................... 10

      A.  Defendants failed to provide a privilege log by the Court's deadline. ....... 10

      B.  Defendants' third party discovery provider Certification is incomplete. ... 10

      C.  Defendants have failed to produce true and correct copies of insurance policies. .................................................................................................... 12

      D.  Defendants have failed to substantially complete their document production. ................................................................................................ 13

          i.  Failed to produce documents. .............................................................. 13

         ii.  Plaintiffs have received limited documents regarding comparators. ........ 13

CONCLUSION ....................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Civ. Liberties for Urb. Believers v. City of Chicago*, 342 F.3d 752 (7th Cir. 2003) .4

*Denver First Church of Nazarene v. Cherry Hills Vill.*, Civ. No. 05-02463, 2006 WL 7354733 (D. Colo. 2006)..................................................................................4

*Fortune v. Bitner*, No. 3:CV-01-0111, 2005 WL 8165202 (M.D. Pa. Feb. 18, 2005) ..................................................................................................................6

*Islamic Soc'y of Basking Ridge v. Twp. of Bernards*, 226 F. Supp. 3d 320 (D.N.J. 2016)..............................................................................................................14

*Nat'l Union Fire Ins. Co. of Pittsburgh v. Becton, Dickinson & Co.*, No. CV 14-4318 (CCC), 2019 WL 1771996 (D.N.J. Apr. 23, 2019).....................................2

*Petroleum Mktg. Grp., Inc. v. Universal Prop. Servs., Inc.*, No. CV222410GCRLS, 2023 WL 5985291 (D.N.J. Mar. 3, 2023) ............................................................2

*Thai Meditation Ass'n v. City of Mobile*, 980 F.3d 821 (11th Cir. 2020) .................8

*United States v. Real Prop. Located At 8 Drift St., New Brunswick,* No. CV 14-3587 (MAS), 2015 WL 13861803 (D.N.J. Apr. 21, 2015) ....................................2

*Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252 (1977)...........8

**Rules**

Fed. R. Civ. P. 26 ................................................................................................4, 5

Fed. R. Civ. P. 33 ................................................................................................8, 9

Fed. R. Civ. P. 34 ...............................................................................................9, 10

Fed. R. Civ. P. 37 .....................................................................................................5

## STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiffs, Bais Brucha, Inc. and Rabbi Mordechai Sekula ("Plaintiffs"), have filed an action against Defendant Township of Toms River, New Jersey ("Township") and Defendant Township of Toms River Zoning Board of Adjustment ("ZBA") (jointly "Defendants"), to redress violations of their civil rights as protected by the Free Exercise Clause and the Equal Protection Clause of the United States Constitution. The Township intentionally violated the Plaintiffs' civil rights by enacting discriminatory and burdensome land use regulations in the Township (ECF No. 61). The Court recently conducted a settlement conference with the parties and is familiar with the facts and procedural history of this action. On September 27, 2023 (ECF No. 107) the Court granted Plaintiffs leave to file a Motion to Compel Discovery based upon the failure to provide adequate and complete responses to Plaintiffs' written discovery and adhere to their obligations pursuant to the Court's Amended Scheduling Order (ECF No. 92).

## ARGUMENT

### I.   DEFENDANTS HAVE FAILED TO ADEQUATELY RESPOND TO THE PLAINTIFFS' WRITTEN DISCOVERY REQUESTS

The Federal Rules of Civil Procedure state that a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  The information

1

"need not be admissible in evidence to be discoverable." *Id.* "It is 'well recognized that the federal rules allow broad and liberal discovery.'" *Nat'l Union Fire Ins. Co. of Pittsburgh v. Becton, Dickinson & Co.*, No. CV 14-4318 (CCC), 2019 WL 1771996, at *3 (D.N.J. Apr. 23, 2019) (quoting *Pacini v. Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999)). "Relevance is a broader inquiry at the discovery stage than at the trial stage, and relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* (internal quotations and citations omitted).

Under Rule 37, "[i]f a party ... fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Specifically, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . if . . . a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents." Fed. R. Civ. P. 37(a)(3)(B). "Pursuant to Rule 37, a party propounding discovery may seek an order compelling responses when an opposing party has failed to respond or has provided incomplete responses." *United States v. Real Prop. Located At 8 Drift St., New Brunswick,* No. CV 14-3587 (MAS), 2015 WL 13861803, at *1 (D.N.J. Apr. 21, 2015); *see also Petroleum Mktg. Grp., Inc. v. Universal Prop. Servs., Inc.*, No. CV222410GCRLS, 2023 WL 5985291, at *2 (D.N.J. Mar. 3, 2023) (holding

2

that where a party fails to comply with a discovery order the court may take further measures to ensure that its discovery orders are obeyed).

In this action, Defendants have either failed to answer or inadequately answered interrogatories, failed to respond to requests for documents altogether, objected to responding on baseless and boilerplate grounds in violation of Federal Rule 33, or provided responses irrelevant to the Interrogatory or Request at issue.

A. *Failure to provide any response to a discovery request.*

On numerous occasions, Defendants failed to answer Plaintiffs' written discovery request.[1] By way of example, the Township did not answer interrogatory number 10 in Plaintiffs' First Set of Interrogatories to the Township, relating to the governmental purpose of the parking requirements for churches and places of worship in the Township Code. Declaration of Melissa A. Bright dated October 10, 2023 ("BD") ¶¶ 4; 16 & **Exhs. B, M**. When Plaintiffs asked the Township to identify persons who participated in any way in the review of Plaintiffs' zoning permit application in interrogatory number 17 of Plaintiffs' First Set of Interrogatories to the Township, the Township directed Plaintiffs to "the denial and subsequent appeal" as indicating the individuals who participated, instead of answering the

---

[1] See BD ¶ 16 at First Set of Interrogatories to Defendant (Township) Nos. 10, 12, 17, 26 and 27; First Set of Document Requests to Defendant (Township) Nos. 12, 17 and 18; and Third Set of Document Requests to Defendant (Township) No. 5.

questions asked. *Id*. These interrogatories are relevant and the Township must be compelled to provide a complete answer.

> Certainly, government officials do not ordinarily announce that their decision is based on an illegal consideration. *Dailey v. City of Lawton*, 425 F.2d 1037, 1039 (10th Cir. 1970). But the Court believes that the Plaintiff should be able to question the council members and other government officials to develop either its claim of intentional discrimination or to raise an inference of discrimination. *Sts. Constantine & Helen Greek Orthodox Church, Inc.*, 396 F.3d 8 at 900.
> . . . .
>
> This Court, therefore, finds that these allegations, coupled with RLUIPA's focus on the intent of the government officials, are sufficient to place the motives of the government officials at issue in this case.

*Denver First Church of Nazarene v. Cherry Hills Vill.*, Civ. No. 05-02463, 2006 WL 7354733, at *4, *6 (D. Colo. 2006); *Civ. Liberties for Urb. Believers v. City of Chicago*, 342 F.3d 752, 764 (7th Cir. 2003) (city could be held liable under RLUIPA if the decision makers on a rezoning issue had an illicit anti-religious motive).

Considering that Plaintiffs have already provided evidence of anti-Semitic sentiment coming from Defendants, further discovery is warranted on these issues to get a full picture of the motives behind Defendants' actions.[2]

### B. *Defendants' objections are baseless and do not excuse their failure to respond.*

---

[2]Plaintiffs have provided a chart with this Motion reflecting the specific deficiencies with responses to each written request made of the Defendants. BD ¶ 16 & **Exh. M**.

4

In other instances, Defendants rely on boilerplate objections in their refusal to answer Plaintiffs' request for documents or interrogatories. Pursuant to Federal Rule of Civil Procedure 33(b)(4), "[t]he grounds for objecting to an interrogatory must be stated with specificity." Defendants' objections rely on the familiar seeks a "legal conclusions," seeks privileged attorney-client communications, and "overbroad,"[3] which are the sort of tiresome and flimsy boilerplate that the rule specifically deems insufficient.

By way of example, in Plaintiffs' First Set of Interrogatories to the ZBA, interrogatory number 5 asks the ZBA to identify the governmental interests the Board contends were furthered by the denial of Plaintiffs' zoning permit application. *Id.* ¶¶ 7; 16 & **Exhs. E, M**. The ZBA answered by objecting on the ground that the "interrogatory [sought] a legal conclusion" - a confusing response given no legal analysis is needed to answer.[4] *Id.* Plaintiffs are not asking the ZBA to draw upon facts and conclude with an opinion of the law referenced in the Interrogatory - rather, the interrogatory asks for the ZBA to identify the factors considered and applied in a decision already made. Indeed, the Federal Rules of Civil Procedure provide that "an interrogatory is not objectionable merely because it calls for an opinion or

---

[3]This objection appears 22 times in Defendants' responses. BD ¶ 16 & **Exh. M**.
[4]Objection based upon a legal conclusion appears in Defendants' responses to First Set of Interrogatories to Defendant (Township) Nos. 11, 12 and 23 and First Set of Interrogatories to Defendant (Zoning Board of Adjustment) No. 6. *Id.* ¶ 16 & **Exh. M**.

5

contention that *relates* to fact or the application of law to fact." Fed. R. Civ. P. 33, Advisory Committee Notes, 1970 Amendments, Subdivision (b) (emphasis added) and Advisory Committee Notes, 2007 Amendment. "'On the other hand, ... issues of 'pure law,' i.e. legal issues unrelated to the facts of the case,' are objectionable." *Fortune v. Bitner*, No. 3:CV-01-0111, 2005 WL 8165202, at *2 (M.D. Pa. Feb. 18, 2005). As such, the interrogatories asking the Defendants to identify the factual support justifying their actions concerning Plaintiffs are discoverable and the objection should be overruled.

Defendants also object by claiming the information sought is protected by the attorney-client privilege. By way of example, request number 16 in Plaintiffs' First Set of Request for Documents to the Township requests all documents and correspondence between Toms River public bodies related to the Consent Order between the Township and Department of Justice.[5] BD ¶¶ 5; 16 & **Exhs. C, M**.

The Township objected on the ground that the "request seeks attorneyclient [sic] privileged communications" and directs the Plaintiffs to two entirely unresponsive documents. *Id*. The response failed to comport with FRCP 34(b)(2)(C) to state whether any purportedly privileged materials were being withheld on the basis of this objection. Obviously, communications with a third party governmental

---

[5]The United States filed an action captioned *United States v. Twp. of Toms River*, on March 10, 2021 in the District of New Jersey under Case No. 3:21-cv-04633. A Consent Order was entered in that action on March 11, 2021.

6

agency in an adversarial context are not going to be protected by the attorney-client privilege. In the unlikely event that this is true, Plaintiffs would not be able to verify these assertions of privilege because no privilege log has been shared as discussed below. In all of the instances in which Defendants have claimed the attorney-client privilege, Defendants must produce a privilege log so that Plaintiffs can verify whether the attorney-client privilege attaches at all or has been waived.

Defendants' final objection is claiming that interrogatories and requests are overly broad and burdensome. *See supra* note 3. Defendants repeatedly, and in violation of Rule 34(b)(2)(B) and Rule 34(b)(2)(C) do not specify why they make these objections or whether any information is being withheld on the basis of the objection. "Rule 34(b)(2)(B) [was] amended to require that objections to Rule 34 requests be stated with specificity." Fed. R. Civ. P. 34, Advisory Committee Notes, 2015 Amendment. For example, Plaintiffs' First Set of Request for Documents to the Township, request number 12 seeks, *inter alia*, documents and correspondence of Toms River public bodies related to the introduction, development, drafting, promulgation, passage and implementation of Ordinance No. 4558-17. BD ¶¶ 5; 16 & **Exhs. C, M**. The Township responded by first claiming that the request is "overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of

7

relevant admissible evidence."⁶ *Id.* The Township then states that the ordinance "was repealed and replaced" - indicating that because the ordinance was repealed, Defendants refuse to provide any information. *Id.* The fact that this Ordinance was repealed because the 10-acre lot size requirement for houses of worship was overly discriminatory and in violation of federal law is *precisely* why the information sought by request No. 12 is relevant to this action. The Township fails to provide any other basis for why it claims Plaintiffs' request is overly broad and burdensome.

Plaintiffs are entitled to these documents. Courts have held that discriminatory purpose may be inferred from the totality of relevant facts, including but not limited to the following circumstantial and direct evidence: (a) the series of events leading up to a land use decision; (b) the context in which the decision was made; (c) whether the decision or decisionmaking process departed from established norms, including the City's actions with respect to other proposed projects; (d) statements made by the decisionmaking body and community members; (e) reports issued by the decisionmaking body; (f) whether a discriminatory impact was foreseeable; and (g) whether less discriminatory avenues were available. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 267-68 (1977); *Thai Meditation Ass'n v. City of Mobile*, 980 F.3d 821, 835 (11th Cir. 2020) (applying the *Arlington Heights*

---

⁶This is not the standard under Fed. R. Civ. P. 26. This is the standard under New Jersey state law pursuant to R. 4:10-2(a).

8

analysis to a RLUIPA Nondiscrimination claim). These documents will give insight into the series of events leading up to the denial of Plaintiffs' application and the context in which the decision was made. Defendants must provide these documents. In light of Defendants' failure to explain their objections with specificity, the same should be deemed waived.

### C. *Defendants' responses are irrelevant to Plaintiffs' Interrogatories and Requests.*

Defendants' responses to several of Plaintiffs' requests for documents or interrogatories are completely irrelevant or nonsensical.[7] Interrogatory number 28 in Plaintiffs' First Set of Interrogatories to the Township requests the Township identify any Township official, council member, and others who initiated, took part-in, supervised, authorized, or ratified the visit by Township employee Tony Vazquez to the Plaintiffs' property on Friday, February 5, 2021. *Id.* ¶¶ 4; 16 & **Exhs. B, M**. The Township states only that one Tony Vazquez visited and attempts to justify the reason therefore. *Id.* This is one example of the Township answering a factual question relating to an event with a reason for why the event occurred.

---

[7]See First Set of Interrogatories to Defendant (Township) Nos. 16, 28; First Set of Interrogatories to Defendant (Zoning Board of Adjustment) 17, 18, 19, 20 and 21; First Set of Document Requests to Defendant (Township) Nos. 12, 13 and 14; and Second Set of Document Requests to Defendant (Township) Nos. 3 and 4. BD ¶ 16 & **Exh M**.

There are multiple examples of Defendants intentionally responding by providing a partial response, or at worst, answering with irrelevant information in order to side-step or altogether avoid answering Plaintiffs' interrogatories or document requests. Defendants must provide full and complete answers and responses.

## II. DEFENDANTS HAVE FAILED TO COMPLY WITH THE COURT'S ORDER OF JULY 31, 2023 (ECF NO. 92)

### A. *Defendants failed to provide a privilege log by the Court's deadline.*

Pursuant to the Amended Scheduling Order, (ECF No. 92 at ¶ 1d.), Defendants were to produce a privilege log no later than August 30, 2023. Defendants failed to comply with the Court's Order and must therefore be compelled to produce a privilege log to Plaintiffs. BD ¶ 22.

### B. *Defendants' third party discovery provider Certification is incomplete.*

On August 11, 2023, Defendants provided Plaintiffs with a Certification from their third-party discovery services provider, KLDiscovery pursuant to the Court's July 31, 2023 Order (ECF No. 92) ("KL Certification").[8]  *Id.* ¶ 15 & **Exh. L**. On

---

[8]The KL Certification provided for this action references the *Tallymawr* action in paragraph 1 as opposed to this action. BD ¶ 15 & **Exh. L**. During the September 5, 2023 meet and confer, Defendants' counsel represented that the KL Certification was for this action.

10

September 5, 2023, Plaintiffs conducted a meet and confer regarding deficiencies in the Certification. *Id.* ¶ 14. Counsel for the Plaintiffs raised the following issues:

- Plaintiffs sought clarification as to which servers and/or systems had been searched. The KL Certification indicated that a search had been conducted of the Township's Microsoft Office 365 system. *Id.* ¶ 15 & **Exh. L**. Plaintiffs seek confirmation that there are no separate servers in use for zoning and planning, code enforcement or the Township police department. Defendants should be compelled to produce this information.

- On May 1, 2023, Plaintiffs sent a list of email custodians to be searched to the Defendants. *Id.* ¶ 3 & **Exh. A**. The KL Certification does not specify whether the emails of the following individuals, all on the May 1, 2023 list, were searched: former Township Administrator, Donald Guardian, current Township Planner, Robert Hudak, current Township Administrator, Louis Amoruso or former Township Council Member, David Ciccozzi. *Id.* ¶ 15 & **Exh. L**. Defendants must be compelled to search these four email custodians.

- The KL Certification indicates that certain terms were not searched including "Isaac Lowy." *Id.* ¶ 15 & **Exh. L** at ¶ 3. Defendants need to conduct the searches indicated on Exhibits A and B of the KL Certification. In addition, it is unclear from the KL Certification whether the terms indicated in paragraph 9 were searched. *Id.* ¶ 15 & **Exh. L** at ¶ 9. Finally, Plaintiffs seek confirmation

11

that the conversion of dtSearch syntax to Lucene syntax as indicated in paragraph 10 to run in Nebula captured the documents sought by the Plaintiffs. *Id.* ¶ 15 & **Exh. L** at ¶¶ 3d; 10. At the present time, the search is incomplete.

### C. *Defendants have failed to produce true and correct copies of insurance policies.*

Defendants have also violated the Court's Amended Scheduling Order by failing to produce complete copies of all insurance policies. ECF No. 92 ¶ 1b. Request number 2 of Plaintiffs' First Set of Requests for Production of Documents to ZBA requests true and correct copies of all insurance policies under which a person carrying on an insurance business might be liable for damages related to this action. BD ¶¶ 5; 16 & **Exhs. C, M**. Defendants responded by directing Plaintiffs to the declaration page of the policy produced in *Tallymawr*,[9] *Id.* ¶ 17 & **Exh. N**, the companion case to this action, but the documents provided by Defendants are incomplete. The few pages produced by Defendants refer to Policy No. QJM01035-05 - which the Defendants have not produced. *Id*. Further, the insurance policy declarations that were produced by Defendants have an effective date January of 2021. *Id*. Plaintiffs seek confirmation that 2021 is the time period for coverage for

---

[9] *Khal Anshei Tallymawr, Inc. v. Twp. of Toms River,* No. CV 21-2716, 2021 (D.N.J. Dec. 3, 2021).

Plaintiffs' claims in this action and request that the documents related to insurance coverage for all relevant time periods be produced.

### D. *Defendants have failed to substantially complete their document production.*

#### i. Failed to produce documents.

Defendants have failed to comply with the Court's Amended Scheduling Order by failing to substantially complete their document production by the August 30, 2023 deadline. ECF No. 92 ¶ 1c. Despite being granted several extensions of time to respond to Plaintiffs' discovery requests, Defendants have produced 10,454 documents, a fraction of the total number of responsive documents that Defendants have identified. BD ¶¶ 18-19. Whether intentional or not, Defendants' failure to produce documents in compliance with their discovery obligations and the Court's Amended Scheduling Order severely prejudices Plaintiffs' ability to prepare their case.

#### ii. Plaintiffs have received limited documents regarding comparators.

Defendants were asked to provide comparator application information in six different interrogatories or requests. *Id.* ¶ 20. Plaintiffs requested that Defendants provide comparator application information from a total of 16 types of applications submitted to Township entities. *Id.* To date, Plaintiffs have only received 35

13

comparator applications responsive to 6 of the 16 categories and only submitted to the ZBA. *Id.* ¶ 21.

"[C]omparators are necessary to determine whether a facially neutral and generally applicable law is designed to permit disparate treatment based on religion." *Islamic Soc'y of Basking Ridge v. Twp. of Bernards*, 226 F. Supp. 3d 320, 345–46 (D.N.J. 2016) (citing *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 536-37, 124 L.Ed.2d 472 (1993)). "[T]he standard for determining whether comparators are similarly situated depends on whether they 'impact[ ] the city's declared goals in the same way' as the plaintiff, and not on whether the comparators 'propose[ ] the same combination of uses.'" *Id.* at 347. "Where a government expressly discriminates on the basis of religion, however, the Nondiscrimination Provision [of RLUIPA] does not require a showing of similarly situated comparators." *Id.* at 344. Here, the comparators requested were for similarly situated applications. BD ¶ 20.[10] Even if they were not, however, Defendants should identify and produce comparator applications and related documents because Plaintiffs have alleged a violation of the Nondiscrimination provision of RLUIPA. (ECF No. 61 ¶¶ 230-31).

---

[10]By way of example, Plaintiffs seek all applications, appeals, petition, or another request of any nature that have been filed with the Board, including applications and appeals for conditional uses, variances, site plan, subdivision, building permits, rezoning, appeals, interpretations or otherwise, for religious institutions, mikvahs, and/or houses of worship within the Township. *Id.* ¶¶ 7; 16 & **Exhs. E, M**.

14

## CONCLUSION

Based upon the foregoing, Plaintiffs respectfully request that the Court compel the Defendants to provide full and complete answers and responses to Plaintiffs' written discovery requests and comply with the Court's Amended Scheduling Order (ECF No. 92).

Dated: October 10, 2023

**STORZER & ASSOCIATES, P.C.**

*/s/ Sieglinde K. Rath*
Sieglinde K. Rath (#048131991)
Christopher K. Costa (#023251993)
Roman P. Storzer, admitted *pro hac vice*
Robin N. Pick, admitted *pro hac vice*
Melissa A. Bright, admitted *pro hac vice*
9433 Common Brook Road, Suite 208
Owings Mills, MD 21117
rath@storzerlaw.com
costa@storzerlaw.com
storzer@storzerlaw.com
pick@storzerlaw.com
bright@storzerlaw.com
Tel: 410.559.6325
Fax: 202.315.3996

*Counsel for Plaintiffs*