

**METHFESSEL & WERBEL**
A Professional Corporation

| | | |
|---|---|---|
| JOEL N. WERBEL> | Counsel | Associates, Cont'd |
| JOHN METHFESSEL, JR.> | ADAM M. CARMAN+^ | ALLISON M. KOENKE> |
| FREDRIC PAUL GALLIN*+^ | SHAJI M. EAPEN+ | ASHLEY E. MALANDRE^ |
| WILLIAM S. BLOOM>* | JOSEPH C. FALK> | JOHN M. MARTIN> |
| ERIC L. HARRISON*+ | ANGELA M. GURRERA> | ANTHONY J. MANCUSO> |
| MATTHEW A. WERBEL> | GERALD KAPLAN> | KAJAL J. PATEL+ |
| LORI BROWN STERNBACK*+ | JARED P. KINGSLEY*+ | ADAM M. SCHWARTZ+ |
| I. BLAKELEY JOHNSTONE, III+* | JOHN R. KNODEL*+ | VITTORIA A. SCULCO> |
| GINA M. STANZIALE> | LESLIE A. KOCH= | SARAH E. SHEPP= |
| PAUL J. ENDLER JR.> | CHARLES T. MCCOOK, JR.*> | ALYCIA M. SWIFT+ |
| JAMES P. CULLEN, JR.=^ | CHRISTINA MICHELSON+ | TIFFANY D. TAGARELLI> |
| THOMAS O. MULVIHILL> | RICHARD A. NELKE~ | |
| JAMES FOXEN^ | STEVEN K. PARNESS+ | * Certified by the Supreme Court of |
| SARAH K. DELAHANT+ | RAINA M. PITTS^ |    New Jersey as a Civil Trial Attorney |
| ATHINA L. CORNELL+ | AMANDA J. SAWYER^ | +Member of NY & NJ Bar |
| JEFFREY R. MERLINO+ | JARED S. SCHURE> | ^Member of PA & NJ Bar |
| JENNIFER A. OSBORNE+ | STEVEN A. UNTERBURGER+ | ^Member of NY Bar only |
| ANDREW J. GIBBS> | | >Member of NJ Bar only |
| | Associates | #Member of NJ & LA. Bar |
| Of Counsel | JILLIAN T. CLARK> | <Member of NJ & DC Bar |
| STEPHEN R. KATZMAN# | EDWARD D. DEMBLING> | <Member of NJ, NY & CA Bar |
| ED THORNTON> | KARISHMA DHRUVE> | >Member of NJ, PA & DC Bar |
| MICHAEL TRIFIOLIS | MICHAEL R. EATROFF> | ~Member of NY, NJ & DC Bar |
| BETH A. BOLGER+ | FRANK J. KEENAN+^ | =Member of NY, NJ & MA Bar |
| PAUL E. GRIGGS> | SCOTT KETTERER> | |
| | | **Please reply to New Jersey** |
| Retired | | |
| JOHN METHFESSEL, SR.> | | |
| (1935-2017) | | |
| DON CROWLEY*+ | | |
| (1942-2024) | | |
| MARC DEMBLING*+ | | |
| (1944-2022) | | |

November 14, 2024

**<u>VIA E-FILING</u>**
**<u>VIA LRex</u>**
Honorable Justin T. Quinn, U.S.M.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Fed. Bldg.
402 East State Street
Trenton, NJ 08608

RE:     **BAIS BRUCHA INC. VS. TOWNSHIP OF TOMS RIVER, ET AL.**
        **KHAL ANSHEI TALLYMAWR INC. VS. TOWNSHIP OF TOMS RIVER, ET AL.**
        Our File Nos.:     90349 ELH & 90497 ELH
        Docket Nos.:       3:21-CV-02716-RK-JTQ
                           3:21-CV-03239-ZNQ-JTQ

Dear Judge Quinn:

Our office represents Defendants Township of Toms River and Township of Toms River Zoning Board of Adjustment. Please accept this correspondence in response to Plaintiffs' letter e-filed on November 14, 2024 and in support for our request for a telephone conference with Your Honor to discuss the outstanding discovery issues.

On May 20, 2024, the Court granted Plaintiffs' motion to compel in full. On September 5, 2024, in response to a 120-day extension request, the Court set the deadline as November 15, 2024 for Defendants to produce, on a rolling basis, all outstanding discovery, including Plaintiffs' numerous post-deposition requests.

2025 Lincoln Highway • Suite 200 • P.O. Box 3012 • Edison, NJ 08818 • (732) 248-4200 • FAX (732) 248-2355
112 West 34th Street • 17th Floor • New York, NY 10120 • (212) 947-1999 • FAX (212) 947-3332
One Liberty Place • 1650 Market St., 36th Floor • Philadelphia, PA 19103 • (215) 665-5622 • FAX (215) 665-5623
101 Federal Street • Suite 1900 • Boston, MA 02110 • (617) 204-5630 • FAX (617) 977-9398
www.njinslaw.com

Methfessel & Werbel, Esqs.
Our File No. 90349 ELH & 90497 ELH
Page 2

Since May 20, 2024, Defendants have produced thousands of pages of documents and hundreds of files in response to their discovery requests, but despite Defendants' best efforts and diligence, a number of discovery requests remain outstanding.

In the Bais Brucha matter, there are approximately **71 discovery requests** that were subject to Plaintiffs' motion to compel, which we list below:

a. Plaintiffs' First Set of Interrogatories to Defendant Township of Toms River: Nos. 10, 11, 12, 13, 14, 15, 16, 17, 22, 23, 25, 26, 27, 28;

b. Plaintiffs' First Set of Interrogatories to Defendant Township of Toms River Zoning Board of Adjustment: Nos. 4, 5, 6, 9, 10, 11, 12, 13, 17, 18, 19, 20, 21;

c. Plaintiffs' First Set of Request to Produce Documents to Defendant Township of Toms River: Nos. 5, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, 23, 25, 26, 30, 34, 35, 36, 37, 52, 53, 54, 55, 59, 60;

d. Plaintiffs' Second Set of Requests to Produce Documents to Defendant Township of Toms River: Nos. 1, 2, 3, 4;

e. Plaintiffs' Third Set of Requests to Produce Documents to Defendant Township of Toms River: Nos. 1, 2, 3, 5;

f. Plaintiffs' First Set of Request to Produce Documents to Defendant Township of Toms River Zoning Board of Adjustment: Nos. 1, 2, 17, 30, 31, 32, 33.

g. Produce a Privilege Log;

h. Provide Plaintiffs with true and correct complete copies of their insurance policies;

i. Provide Plaintiffs with complete Certifications from their Electronic Discovery Provider;

j. Complete Document Production to the Plaintiffs including, but not limited to, production of documents relating to comparators.

Methfessel & Werbel, Esqs.
Our File No. 90349 ELH & 90497 ELH
Page 3

In the <u>Khal Anshei Tallymawr</u> matter, there are approximately **119 discovery requests** that were subject to Plaintiffs' motion to compel, which was granted in full, as listed below:

a. Plaintiffs' First Set of Interrogatories to Defendant Township of Toms River: Nos. 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19;

b. Plaintiff's Second Set of Interrogatories to Defendant Township of Toms River: Nos. 1, 2, 3, 4;

c. Plaintiff's First Set of Interrogatories to Defendant Township of Toms River Zoning Board of Adjustment: Nos. 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 17, 18, 19, 20;

d. Plaintiff's Second Set of Interrogatories to Defendant Township of Toms River Zoning Board of Adjustment: Nos. 4, 5, 6;

e. Plaintiff's First Set of Request to Produce Documents to Defendant Township of Toms River: Nos. 2, 3, 4, 5, 6, 14, 15, 16, 17, 18, 19, 20, 22, 24, 25, 27, 28, 31, 32, 33, 34, 37, 38, 39, 40, 42, 46, 49, 52, 53, 54, 55;

f. Plaintiff's Second Set of Requests to Produce Documents to Defendant Township of Toms River: Nos. 2, 3, 4, 5, 6, 7, 8, 11, 12, 13, 14, 15;

g. Plaintiff's First Set of Request to Produce Documents to Defendant Township of Toms River Zoning Board of Adjustment: Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 14, 15, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31;

h. Plaintiff's Second Set of Requests to Produce Documents to Defendant Township of Toms River Zoning Board of Adjustment: Nos. 1, 2, 5;

i. Produce a Privilege Log;

j. Provide Plaintiffs with true and correct complete copies of their insurance policies;

k. Provide Plaintiffs with complete Certifications from their Electronic Discovery Provider;

l. Complete Document Production to the Plaintiffs including, but not limited to, production of documents relating to comparators.

Methfessel & Werbel, Esqs.
Our File No. 90349 ELH & 90497 ELH
Page 4

After certain depositions, through correspondence dated March 18, 2024, May 20, 2024, May 14, 2024, and July 11, 2024, Plaintiffs also served additional specific requests, a total of **45 items**. While Plaintiffs have indicated that these requests fall within their prior requests that were subject to their motion to compel, they have failed to point to which specific prior requests their additional requests relate. Moreover, these additional requests still require Defendants to conduct specific searches to properly address each separately identified request and comply with their discovery obligations. They were also served on our office while depositions of former elected officials and employees were ongoing when there was only one attorney tasked with the day-to-day handling of this matter.

Since the Court's June 27, 2024 text order, Defendants have provided, on a rolling basis, answers to the following 36 discovery requests that were subject to Plaintiffs' motion to compel in the Bais Brucha matter:

   a. Plaintiffs' First Set of Interrogatories to Defendant Township of Toms River: Nos. 10, 11, 12, 14, 15, 16, 17, 22, 23, 26, 27, 28;

   b. Plaintiffs' First Set of Interrogatories to Defendant Township of Toms River Zoning Board of Adjustment: Nos. 6, 9, 10, 11, 12, 17, 18, 19, 20, 21;

   c. Plaintiffs' First Set of Request to Produce Documents Defendant Township of Toms River: Nos. 21, 22, 23, 25, 26, 59;

   d. Plaintiffs' Third Set of Requests to Produce Documents Defendant Township of Toms River: Nos. 1, 2;

   e. Plaintiffs' First Set of Request to Produce Documents Defendant Township of Toms River Zoning Board of Adjustment: Nos. 2, 30, 31, 32;

   f. Production of documents relating to comparators;

   g. True and correct complete copies of their insurance policies;

Since the Court's June 27, 2024 text order, Defendants have provided answers to the following discovery requests that were subject to Plaintiffs' motion to compel in the Khal Anshei Tallymawr matter:

   a. Plaintiffs' First Set of Interrogatories to Defendant Township of Toms River: Nos. 1, 2, 3, and 4;

Methfessel & Werbel, Esqs.
Our File No. 90349 ELH & 90497 ELH
Page 5

With respect to the certified discovery responses that remain outstanding in the Khal Anshei Tallymawr matter, many of the documents and information already provided to Plaintiffs in connection with Bais Brucha matter satisfy several of the discovery requests subject to Plaintiffs' motion to compel in the Khal Anshei Tallymawr matter.  For example, based upon our preliminary review, they already possess the following:

- the production of documents related to comparators (request no. 31 from Plaintiff Khal Anshei Tallymawr's First Set of Requests to Produce Documents to the ZBA),

- true and correct complete copies insurance policies (request no. 2 from Plaintiff Khal Anshei Tallymawr's First Set of Requests to Produce Documents to the Township and the ZBA),

- all versions of any zone plan, master plan, comprehensive plan or similar document of the Township from January 1, 2000 to the present (request nos. 24 and 25 from Plaintiff Khal Anshei Tallymawr's First Set of Requests to Produce Documents to the Township),

- resolutions regarding churches and places of worship within the Township (request no. 52 from Plaintiff Khal Anshei Tallymawr's First Set of Requests to Produce Documents to the Township);

- all documents regarding applications that have been filed with the Board, including applications for conditional uses, variances, site plan, subdivision, building permits, rezoning, appeals, interpretations or otherwise, for churches and places of worship within the Township (request no. 31 from Plaintiff Khal Anshei Tallymawr's First Set of Requests to Produce Documents to the ZBA); and

- All documents regarding applications, including applications for conditional uses, variances, site plan, subdivision, building permits, rezoning, appeals, interpretations or otherwise, for churches and places of worship within the Township (request no. 53 from Plaintiff Khal Anshei Tallymawr's First Set of Requests to Produce Documents to the Township).

While we are working on obtaining formal certified responses, Plaintiff's claims of prejudice and willful noncompliance are greatly exaggerated.

Additionally, Defendants have provided, on a rolling basis, answers to the following 19 discovery requests listed in Plaintiffs' correspondence dated March 18, 2024, May 20, 2024, and May 14, 2024:

Methfessel & Werbel, Esqs.
Our File No. 90349 ELH & 90497 ELH
Page 6

    a. The documents requested in Robert Chankalian's document subpoena;

    b. Any "concept" sketches relating to places of worship / assembly produced by FWH Associates, P.A. that were provided to the Township;

    c. The political campaign mailer sent to young school children in Toms River by the Maurice Hill for Mayor, Matt Lotano, Josh Kopp, and Kevin Geohegan for Toms River Council political campaign;

    d. All draft versions of Toms River Ordinance 4700-21;

    e. The Maurice Hill political campaign flier - referenced in Plaintiffs' Deposition Exhibit 86, Subpoena for document of the same;

    f. Maurice Hill political campaign press release dated May 3, 2023. Reference to this press release can be found in Plaintiffs' Exhibit 106;

    g. Maurice Hill's written response to Tova Herskovitz's letter, referenced in Plaintiffs' Exhibit 108;

    h. The Chankalian sketches/documents regarding places of worship, referenced during the deposition of witness Laura Huryk;

    i. All Land Use Committee meeting minutes from 2016 to 2022;

    j. The "feasibility concept sketches" referenced in Plaintiffs' Exhibit 8;

    k. Meeting minutes, documents, or any other materials regarding or in anticipation of the The Land Use Committee meeting held on June 16, 2020;

    l. Materials from Dan Rodrick's 2015 campaign possessed by Mitch Seim and/or ClearEdge Political Consulting LLC;

    m. All drafts of the ordinance that was ultimately adopted as Township of Toms River Ordinance No. 4700-21, as well as copies of all versions of the same with comments exchanged in anticipation of its adoption.

    n. All drafts of the ordinance that was ultimately adopted as Township of Toms River Ordinance No. 4752-22, as well as copies of all versions of the same with comments exchanged in anticipation of its adoption;

Methfessel & Werbel, Esqs.
Our File No. 90349 ELH & 90497 ELH
Page 7

- o. A copy of the "code enforcement file" referenced by Mr. David Roberts containing hand written notes and other documents in a paper manila folder;

- p. The "SDL Portal" referenced by Mr. Anthony Merlino which tracks complaints concerning houses of worship/shuls/synagogues, schools, and parking at such locations, tarps and or temporary privacy fencing around pools, sukkahs, eruvs, dormitories, events related to the Jewish faith, including the tracking of such complaints and accompanying photos and/or notes from all Township of Toms River department, agency, or employee;

- q. Complaints in the "Zoning Portal" referenced by Mr. Anthony Merlino concerning houses of worship/shuls/synagogues, schools, and parking at such locations, tarps and or temporary privacy fencing around pools, sukkahs, eruvs, dormitories, events related to the Jewish faith, including the tracking of such complaints and accompanying photos and/or notes from all Township of Toms River department or agency;

- r. Any original file held by any Township of Toms River department, agency, or employee for 1191 and/or 1181 Hickory Avenue, including both electronic and physical files;

- s. The attachment referenced under item 1(a) ("Small Site Place of Worship – Preliminary Draft Regs (attachment)") of the September 17, 2019 Council Land Use Committee Preliminary Agenda, Plaintiffs' deposition exhibit 169

- t. Documents regarding the Township's IT policy stating that Township employees should not conduct personal business on Township-administered or Township-issued devices.

- u. Records documenting the web-search access rights of each Township user.

- v. Copies of any compliance reports or attestations from the Township to the Department of Justice pursuant to the consent order that have not already been produced to Plaintiffs.

- w. Township Meeting Agendas that set out "land purchase" as an item to be discussed in executive session.

Methfessel & Werbel, Esqs.
Our File No. 90349 ELH & 90497 ELH
Page 8

Defendants recognize that there is a significant amount of discovery requests, either subject to Plaintiffs' motions to compel or sent to us following depositions, that remain outstanding. Given the sheer scope and breadth of information and documents requested by Plaintiffs (i.e., over 230 requests), Defendants have not yet been able to respond to all of the remaining discovery requests, including any requests that were sent in Plaintiffs' most recent July 11, 2024 correspondence.

We have had at least two meet and confers with Plaintiffs since the Court's September 5, 2024 Order in which we had to repeatedly point them to documents we had already produced and explained the logistical hurdles that are delaying the remainder of Defendants' production.

As far as ESI production, it remains an ongoing process. In the recent weeks, Plaintiffs' counsel identified 9 more individuals whose Township email accounts they wanted Defendants to search. Plaintiffs' counsel has asked us run approximately 310 search terms with respect to these 9 email accounts. Defendants did not object to doing so. On or about September 4, 2024, our e-discovery provider ran this search and collected 40,946 documents to be reviewed. Since the Court's September 5, 2024 Order, we have made the following ESI productions via their e-discovery provider:

| DATE | NUMBER OF DOCUMENTS | NUMBER OF PAGES |
|---|---|---|
| 11/11/2024 | 4,150 | 14,000 |
| 11/01/2024 | 1,114 | 7,054 |
| 10/25/2024 | 7,275 | 34,991 |
| 10/21/2024 | 7,454 | 41,799 |
| 10/04/2024 | 4,643 | 31,226 |

We have approximately 4,108 documents left to review and make any necessary redactions. Upon completion of this review of ESI, we have agreed to also search and review certain Township data drives upon receipt of specific search terms. We can only provide a complete certification from KL Discovery, our e-discovery provider, upon completing review and production of documents gathered from the search of Township data drives. Producing a KL certification before doing so will only put the parties back in the same position with a deficient certification.

Again, we do not object to running additional searches or providing a revised certification, but additional time is necessary to do so. We are working tirelessly on determining what has and has not been completed to minimize duplication, increase efficiency, and take targeted action to wrap up our ESI production while also working on responding their numerous outstanding discovery requests.

In our correspondence of September 4, 2024, we alerted the Court as to some apparent inconsistencies we noticed in how a large number of documents were

Methfessel & Werbel, Esqs.
Our File No. 90349 ELH & 90497 ELH
Page 9

coded back in 2022 and 2023, i.e. incorrectly marked as privileged or non-privileged and incorrectly marked as responsive or non-responsive. We remedied the coding for over 2,500 documents, which required us to review thousands of pages and update hundreds of entries in our deficient privilege log.

We are in the midst of updating our privilege log, which contains over 5,000 entries, with the documents that are now accurately coded and ensuring that all of the entries have appropriate descriptions. We anticipate that this will take a few more weeks to complete. Moreover, once that is complete, any documents marked responsive and privileged from the search run on September 4, 2024 and the upcoming search of Township data stores will have to be added once review of documents from those searches is completed.

While Defendants understand that Plaintiffs' motion to compel has been granted and they must provide the information or documents requested by Plaintiffs, Defendants simply need an adequate amount of time to fully comply as Plaintiffs have refused to compromise on any of their voluminous discovery requests.

We respectfully request that Plaintiffs' application for leave to file for sanctions be denied because Defendants have not refused to provide the information and/or documents that are subject to Plaintiffs' motion to compel, subject to any material that is privileged, or the Township no longer possesses. Rather, Defendants need an adequate amount of time to respond given the scope and breadth of their discovery requests and the fact that there are only two full-time attorneys who are tasked with reviewing thousands of pages of ESI, amending previously served discovery requests, responding to discovery requests served in the midst of depositions earlier this year, and updating the lengthy privilege log. Moreover, Defendants are a public entity with limited resources.

For the above reasons, we respectfully request that Plaintiffs' request to file a motion for sanctions be denied in light of Defendants' consistent and reasonable efforts to abide by the Court's prior discovery orders and request a telephone conference with Your Honor to discuss the outstanding discovery issues.

           Respectfully submitted,
           **METHFESSEL & WERBEL, ESQS.**

           *Kajal Patel*

           Kajal Patel
           patel@methwerb.com
           Ext. 190

ELH:KJP

Methfessel & Werbel, Esqs.
Our File No. 90349 ELH & 90497 ELH
Page 10

  cc:  **VIA ECOURTS FILING**
**VIA EMAIL: rath@storzerlaw.com**
**VIA EMAIL: wolasky@storzerlaw.com**
**VIA EMAIL: bright@storzerlaw.com**
**VIA EMAIL: storzer@storzerlaw.com**
**VIA EMAIL : silvia@storzerlaw.com**
Roman Storzer, Esq.
Sieglinde Rath, Esq.
Melissa Bright, Esq.
Avi Wolasky, Esq.
Storzer & Associates, P.C.
1025 Connecticut Avenue Suite One Thousand
Washington, DC 20036

**VIA EMAIL: ppascarella@tomsrivertownship.com**
Peter Pascarella
Township of Toms River
33 Washington Street
Toms River, NJ 08753